No. 26-6247

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**ELIZABETH M. VOSS,**
Plaintiff–Appellant,

v.

**SACRAMENTO SUPERIOR COURT**
Defendant(s)–Appellee(s).

# EMERGENCY MOTION UNDER CIRCUIT RULE 27-3

# RELIEF REQUESTED BY MONDAY, SEPTEMBER 28, 2026

# FOR INJUNCTION PENDING APPEAL AND TEMPORARY RELIEF PENDING RESOLUTION OF THIS MOTION; REQUEST FOR EXPEDITION

Preservation, filing access, and mandatory operational restoration
FRAP 8(a)(2); Circuit Rules 27-3 and 27-12

Appeal from the United States District Court
for the Eastern District of California
No. 2:26-cv-01949-DC-JDP (PS)
Hon. Dena M. Coggins, United States District Judge

**ELIZABETH M. VOSS**
2733 Via Villaggio, Sacramento, California 95864
(310) 625-8880 • vossbaf@gmail.com
Appellant, pro se

## CIRCUIT RULE 27-3 CERTIFICATE

Elizabeth M. Voss, Appellant pro se, certifies as follows:

### 1. PARTIES, REPRESENTATIVES, AND CONTACT INFORMATION

Appellant: Elizabeth M. Voss, 2733 Via Villaggio, Sacramento, California 95864; telephone (310) 625-8880; email vossbaf@gmail.com. I represent myself.

The district clerk's transmission identifies the defendant as Superior Court of California, County of Sacramento. The operative complaint names Hassan Alleyne and Does 1–25. ECF No. 16 at 1, ¶¶ 14–16. Alleyne's known business address is Carol Miller Justice Center, 301 Bicentennial Circle, Sacramento, California 95826. No defense counsel has appeared or is known to me. The Does remain unidentified. A direct telephone number for Alleyne is unknown to me. The addresses used for notice are listed in paragraph 5 below. I will supplement the appellate caption, contact information, and any opposition as they become known.

### 2. FACTS ESTABLISHING THE EXISTENCE AND NATURE OF THE EMERGENCY

### A. RELIEF NEEDED AND CURRENT INJURY

I request **temporary evidence preservation and expedited consideration by Monday, September 28, 2026, Pacific Time**, followed by narrowly tailored filing-access, injunctive, and restorative relief pending appeal. **Severe injury is occurring now: the alleged filing restrictions continue to obstruct judicial**

**access, their consequences are being used against me in related litigation, and the remaining interconnected business architecture faces imminent collapse.** The approaching October 1 proceeding and the continuing destruction of operating capacity require consideration before ordinary appellate review can occur. I do not seek retrospective monetary damages through this motion.

**First, I allege that the denial of judicial access both obstructs consideration of an underlying constitutional injury and produces the incomplete record used to resist accountability for it.** Defendants' alleged First and Fourteenth Amendment violations prevented timely judicial consideration of my Fourth Amendment challenge to the seizure of my premises, property, and assets through extrinsic fraud. The FAC identifies the challenged intervention, emergency, and appellate submissions and the substantive eligibility restrictions allegedly used to exclude them. ECF No. 16 ¶¶ 2, 4–5, 17–36, 43–55. I continue seeking judicial consideration while alleging that those restrictions remain operative. Updated Voss Decl. ¶ 8.

The resulting public-record distortion extends beyond the underlying unlawful-detainer proceeding. Through service, communications, and related-case notices, I informed Rosenberg and his law firm of the alleged obstruction, my continuing attempts to obtain review, and this federal action. **Despite that knowledge, I allege that they knowingly use the consequences of the clerks'**

**First and Fourteenth Amendment violations as a defense against abuse-of-process claims concerning their participation in the alleged Fourth Amendment property deprivation.** The FAC expressly identifies this use of the incomplete record in related litigation. ECF No. 16 ¶ 5. My September 8 declaration likewise explains that the landlord, counsel, and related parties used the missing filings and resulting appearance of inactivity to argue that I waived, abandoned, or failed to pursue my rights. ECF No. 17-3 ¶¶ 17, 23.

That previously alleged consequential injury now has a specific, approaching procedural setting. In *Voss v. Rosenberg*, Sacramento Superior Court Case No. 26CV011361, I seek to pursue abuse-of-process claims concerning the attorney defendants' alleged knowing misuse of the writ process to obtain control of the property. On **October 1, 2026, at 9:00 a.m.**, the court will consider my motion for leave to file a second amended complaint. In opposition, Rosenberg and his firm have requested judicial notice of the unlawful-detainer judgment and April 22 intervention denial. September 17, 2026 Request for Judicial Notice, pp. 1–2, ¶¶ 5–6, Exs. E–F.

**The immediate threatened injury is further impairment of an avenue for relief through use of a record allegedly distorted by the very denial of judicial access challenged here.** I contend that the excluded submissions demonstrate efforts to obtain review that the public docket does not adequately

reflect. Action by September 28 would allow time to prepare, serve, and seek permission where necessary to submit any resulting federal order and related papers before September 29, ahead of the tentative-ruling process and October 1 hearing. The approaching proceeding gives a concrete timetable to the consequential injury already pleaded in the FAC.

**Second, the alleged obstruction and resulting public-record distortion have compounded catastrophic business injury, placing the remaining business architecture at imminent risk of collapse.** A fatal blow has already been dealt to two business operations: the established operating studio and a dependent expansion that failed before opening. The original commercial location housed multiple domiciled businesses and supplied shared infrastructure, customer access, provider relationships, and revenue supporting the other operations. Its loss severed that common operating base and deprived the remaining businesses of essential support. ECF No. 17-3 ¶¶ 4–6, 19–23, 35–37.

**The deterioration is continuing.** Current business revenue is zero, accounts are depleted, and I am selling personal property to sustain remaining activity. I attribute impaired efforts to obtain replacement premises, worsening reputational damage, and deteriorating customer and professional relationships to the alleged obstruction and distorted public record. Public accusations and recurring hostile communications further damage the trust necessary for recovery. There is no

financial reserve to absorb additional losses. Updated Voss Decl. ¶¶ 4–6; see also ECF No. 17-3 ¶¶ 28, 35–39.

**The former operating status quo is gone, and the remaining capacity for restoration is threatened with permanent destruction.** Each further loss of customer trust, provider relationships, goodwill, or essential resources brings the surviving businesses closer to extinction. A later monetary award cannot necessarily reconstruct an interconnected enterprise after those relationships and operating capacities disappear. A supported threat of being driven out of business can establish irreparable harm even when damages might otherwise be available. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188–90 (9th Cir. 2022).

The constitutional injuries independently require application of the governing injunction standards. In *Baird v. Bonta*, the Ninth Circuit explained that likely success on a constitutional claim ordinarily also establishes irreparable harm and strongly supports the equitable and public-interest factors. When the required showing is made, courts must enforce constitutional rights despite the administrative consequences of relief. 81 F.4th 1036, 1040–42 (9th Cir. 2023). I rely on the particular restrictions, attempted filings, and continuing consequences identified in the record, together with the merits showing developed elsewhere in this motion.

This motion seeks protection against Defendants' alleged independent obstruction of judicial access and preservation of the evidence documenting that conduct. It does not request reversal or a stay of a state-court judgment, or an order directing the outcome of the related litigation. ECF No. 16 ¶¶ 3–5; ECF No. 17-3 ¶¶ 22, 40–41. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–42 (9th Cir. 2004), and *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025), distinguish independent claims concerning defendants' misconduct from prohibited federal appellate review of state-court judgments. Those decisions support that jurisdictional distinction; the requested relief remains subject to the separate requirements governing injunctions.

I invoke **FRAP 8(a)(2)** for interim relief pending this appeal after requesting emergency protection below. ECF Nos. 17, 17-1, 25. The Court also possesses authority to issue appropriate protective orders in aid of its appellate jurisdiction where delay threatens to make effective relief impossible. 28 U.S.C. § 1651(a); *FTC v. Dean Foods Co.*, 384 U.S. 597, 603–05 (1966). Any mandatory restoration requested must satisfy the heightened requirement that the facts and law clearly favor the particular relief. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

Internal audit trails, routing histories, supervisory instructions, and related communications remain outside my control. I request their preservation because

they bear directly on the challenged functions and my attempts to obtain judicial consideration; I do not assert a known September 28 destruction date.

These are active, ongoing, and compounding emergencies while this appeal is pending. The alleged denial of judicial access both prevents consideration of the underlying constitutional injury and produces the incomplete record used to resist accountability for it. (*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–42 (9th Cir. 2004); *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025)). This motion challenges alleged independent misconduct rather than legal error by the state court; *Kougasian* and *Miroth* support that jurisdictional distinction. Emergency intervention is needed now because the alleged restrictions remain active, their consequences continue to impair my pursuit of separate remedies, and the resulting public-record distortion compounds the imminent threat of extinction to the remaining business architecture. Targeted filing-access protection will address the continuing obstruction, immediate preservation will secure internal electronic routing trails necessary to adjudicate the clerical function performed, and expedited consideration will ensure that a meaningful federal remedy remains available before regular appellate review is rendered practically ineffective and moot.

## B. THE UNCONSTITUTIONAL FILING RESTRICTIONS AND AFFECTED INDIVIDUAL RIGHTS

I allege that I signed the commercial lease individually before Studio on Sutter, LLC was formed and that the lease contained no provision automatically transferring or assigning my rights to the later-formed LLC. The premises housed several related businesses that, I allege, had no separate contractual relationship with the landlord. I therefore sought judicial consideration of my own leasehold and property interests and my contention that I was the proper party in Sacramento Superior Court Limited Civil Case No. 26UD000734. ECF No. 6 at 309, 312–324; ECF No. 17-3 ¶¶ 4–10.

**The challenged conduct was Defendants' alleged creation and enforcement of substantive filing-eligibility restrictions that prevented my individual submissions from reaching a judicial officer.** The Fourth Amended Complaint alleges that nonjudicial personnel independently determined that I could not invoke intervention and emergency procedures because I was not the named LLC defendant, then used their clerical and supervisory authority to enforce those determinations through rejection, withholding, and delay. ECF No. 16 ¶¶ 2, 4, 7, 17–36. My intervention application sought the judicial determination through which a nonparty may obtain permission to participate under California Code of Civil Procedure § 387(c)–(d).

The FAC identifies submissions tendered April 16 and April 19–20 that were rejected on those grounds; an April 22 judicial denial of intervention based on untimeliness that imposed no prospective filing prohibition; attorney-prepared papers delivered April 29 and held under supervisory review until May 12; and May appellate submissions rejected because I was not a party. ECF No. 16 ¶¶ 17–36. I allege that Defendants treated my effort to obtain party status as a reason to prevent the application seeking that status from receiving judicial consideration.

The FAC further alleges that five components of my August emergency package were rejected on August 19 because of a disputed LLC fee-waiver designation, although I submitted them in my individual capacity. I supplied screenshots, disputed the explanation, and offered to correct an actual technical defect. ECF No. 16 ¶¶ 43–46. It also alleges that personnel imposed a substantive restriction based on the mismatch between my individual identity and the existing LLC defendant. Id. ¶¶ 47–48.

On August 25, personnel instructed me to select my name as a listed claimant and resubmit each document as a separate PDF. The FAC distinguishes those technical instructions from the alleged substantive restriction preventing me from seeking intervention because I was not already a listed party. Id. ¶¶ 49–51. My contention that the explanations were pretextual rests on the original

submissions, screenshots, rejection notices, and accompanying communications considered together.

I further allege that court leadership received notice of these restrictions on May 21, May 28, June 23, and August 19. Id. ¶¶ 52–55; ECF No. 17-3 ¶ 15. Updated Voss Declaration ¶ 8 identifies the most recent documented filing attempt and the present factual basis for my allegation that the restrictions remain operative.

**These allegations establish the connection to the emergency described above:** I allege that the clerk-imposed restrictions violated my First and Fourteenth Amendment rights by obstructing timely judicial consideration of my individual property claims, including my Fourth Amendment challenge to the alleged seizure through extrinsic fraud. The excluded submissions also left an incomplete public record that, I allege, is being used against my continuing pursuit of relief in related litigation, compounding the original denial of judicial access. ECF No. 16 ¶¶ 4–5; ECF No. 17-3 ¶¶ 17, 19–23.

## C. FEDERAL PROCEEDINGS AND THE NEED FOR INTERIM PROTECTION

The April 28 lockout preceded this federal action, filed May 27. My claims concern alleged obstruction of timely judicial consideration and the continuing injuries that followed. **The need for federal interim protection concerned**

**preventing additional injury after the lockout, preserving evidence, and restoring meaningful access to judicial consideration.** The September 8 declaration distinguishes the established operating studio from a dependent expansion that failed before opening. ECF No. 17-3 ¶¶ 4–8, 19–23, 35–39.

I filed the Fourth Amended Complaint on September 3 and renewed my request for Rule 65 relief on September 8. ECF Nos. 16–17. Following the September 11 Findings and Recommendations, I filed specific objections and sought de novo review, expedited consideration, and disqualification. ECF Nos. 21–24. In its order filed September 18, the district court adopted the recommendations, dismissed the action without leave to amend, denied Rule 65 relief, and denied the remaining motions as moot. ECF No. 25 at 2; ECF No. 26.

The action ended before formal service of process, discovery, or an evidentiary hearing. That procedural posture is distinct from the notices and communications described in my filings. I continued to allege ongoing filing restrictions, obstruction of judicial consideration of my individual property claims, and escalating business harm.

I filed a renewed preservation motion and the notice of appeal on September 21. ECF Nos. 27–28. The district clerk's September 22 notice confirmed September 21 as the appeal's filing date. ECF No. 29. **Interim appellate protection is necessary to preserve relevant evidence and address further**

**irreversible injury while this Court reviews the dismissal and denial of emergency relief.**

## 3. WHY THIS MOTION COULD NOT HAVE BEEN FILED EARLIER

I sought emergency protection in the district court before judgment. The September 18 dismissal and denial of Rule 65 relief established the rulings challenged in this appeal and the present posture for requesting protection pending appellate review.

After filing the notice of appeal and renewed preservation request on September 21, I prepared this separate emergency motion and its supporting materials while communicating with the Emergency Motions Unit. I emailed the Unit on September 21 and September 24 and called on September 23. On September 25, I received notice that the appellate number had been assigned on September 24. I also circulated the then-current motion that day, as described below.

The underlying emergency predates judgment and remained active throughout these proceedings. This motion addresses **additional injury during appellate review**, including the approaching October 1 proceeding described in Section 2.A, the continuing alleged filing restrictions, and the threatened destruction of remaining business relationships, resources, and operating capacity.

My updated declaration supplies the current factual basis for requesting initial action by **Monday, September 28, 2026**. Updated Voss Decl. ¶¶ 4–5, 8–9.

### 4. RELIEF SOUGHT BELOW AND DISTRICT-COURT DISPOSITION

I requested emergency preservation, filing-access protection, operational restoration, and accelerated proceedings through my renewed district-court application and supporting memorandum. ECF Nos. 17, 17-1.

The district court concluded that Defendants were entitled to judicial immunity and that further amendment would be futile. It adopted the Findings and Recommendations, dismissed the action without leave to amend, and denied the Rule 65 motion. ECF No. 25 at 1–2. The order and judgment were filed September 18, 2026. ECF Nos. 25–26. The requested emergency protection was therefore sought below and denied.

I renewed my request for evidence preservation in ECF No. 27, filed September 21 and entered September 22. The district-court docket I reviewed through ECF No. 30, entered September 25, reflects no ruling on that request. ECF Nos. 28–29 concern the notice and processing of this appeal; ECF No. 30 concerns the transcript certificate.

The district court also denied as moot my request for de novo review and expedition, ECF No. 23, and my motion for disqualification and reassignment under 28 U.S.C. § 455(a), ECF No. 24. ECF No. 25 at 2. I seek interim protection

pending appeal and, if the case is remanded, reassignment to a different judicial officer.

**5. NOTICE, SERVICE, AND POSITIONS OF THE PARTIES**

On **September 25, 2026**, I provided advance notice by electronic mail to the identified parties and recipients of my intention to file this emergency motion and of the requested **September 28, 2026** action date.

On **September 26, 2026**, I served the completed motion and supporting materials as stated in the accompanying Certificate of Service. As of filing, no opposing party has communicated opposition, consent, or another position; their positions therefore remain unknown.

I notified the Ninth Circuit Emergency Motions Unit by email on September 21 and September 24 and by telephone on September 23, and provided further notice after assignment of Appeal No. 26-6247.

I certify that the foregoing accurately states the information known to me.

Dated: **September 26, 2026**
Respectfully submitted,
Signature:____________________________________
**Elizabeth M. Voss**
Appellant, pro se

# EMERGENCY MOTION

## INTRODUCTION AND RELIEF REQUESTED

Elizabeth M. Voss requests temporary evidence preservation and expedited consideration by Monday, September 28, 2026, Pacific Time, followed by narrowly tailored injunctive and restorative relief pending appeal. The alleged filing restrictions remain operative as the principal location is lost, a dependent expansion failed, current business revenue is zero, and Voss is selling personal property to sustain remaining operations. Continued deterioration threatens what remains capable of restoration. ECF No. 17-3 ¶¶ 4–8, 28–39; Updated Voss Decl. ¶¶ 4–5, 8.

The appeal presents a serious question whether the district court identified the challenged function before extending absolute quasi-judicial immunity. The F&R treated the conduct as ordinary "docketing," but the FAC alleges that Alleyne made substantive eligibility determinations concerning intervention, appellate, and emergency procedures and enforced them through rejection, withholding, delay, and refusal to route submissions for judicial consideration. ECF No. 21 at 4–5; ECF No. 16 ¶¶ 2, 4, 7, 17–55.

The alleged restriction—not merely document rejection—is central to immunity. Absolute immunity turns on the function performed. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432, 435–36 (1993). *Mullis* and *Acres* protect

qualifying clerical filing functions, but Voss contends the district court did not adequately examine whether creating and enforcing the alleged substantive eligibility restriction was such a function. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021).

Section 387 permits a nonparty to seek intervention, with entitlement decided by the court. The FAC alleges that the April 22 order denied intervention as untimely, struck a proposed finding that Voss lacked a distinct personal interest, and imposed no prospective filing bar, yet Defendants allegedly treated it as a continuing bar to later intervention, emergency, and appellate submissions. ECF No. 16 ¶¶ 21–25, 30–55. Whether that alleged restriction was protected filing administration warrants appellate review.

Serious questions require a fair chance of success, although success need not be more probable than not. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190–92 (9th Cir. 2024). That route also requires likely irreparable injury, hardships tipping sharply toward the applicant, and a favorable public-interest showing. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). The standard for an injunction pending appeal is similar to the preliminary-injunction standard. *Feldman v. Arizona Secretary of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc).

Voss requests:

1. **Immediate preservation** of the relevant filing histories, rejection records, routing data, supervisory instructions, and communications identified in this motion.
2. **Expedited consideration** of interim relief and the appeal.
3. **Targeted filing-access protection** against the alleged continuing restrictions, leaving substantive eligibility decisions to authorized judicial officers.
4. **Appropriate affirmative restoration** directed to preserving viable operations, or alternatively prompt district-court consideration on remand where additional findings are necessary.

Mandatory restoration requires facts and law clearly favoring relief. *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Voss seeks prospective protection, not retrospective damages, because further delay threatens the evidence, relationships, resources, and operating capacity necessary for meaningful relief.

**JURISDICTION AND RELIEF SOUGHT BELOW**

This Court has jurisdiction under **28 U.S.C. §§ 1291 and 1294(1)** over the September 18, 2026 final judgment dismissing this action and denying renewed

Rule 65 relief. ECF Nos. 25–26. Voss timely appealed on September 21, 2026. ECF Nos. 28–29. This appeal is **No. 26-6247**.

Voss sought preservation, filing-access protection, operational restoration, and expedited relief in the district court. ECF Nos. 17, 17-1. The district court denied that relief and dismissed the action. ECF Nos. 21, 25. Voss renewed preservation in ECF No. 27; no ruling appears through ECF No. 30.

Voss therefore seeks interim relief under **FRAP 8(a)(2)**. **Rule 62(g)** preserves this Court's authority to grant an injunction pending appeal, and **28 U.S.C. § 1651(a)** permits orders necessary to protect appellate jurisdiction and prevent effective relief from becoming unavailable. *FTC v. Dean Foods Co.*, 384 U.S. 597, 603–05 (1966). Mandatory restoration remains subject to the heightened Rule 65 standard. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

Emergency treatment is requested under **Circuit Rule 27-3** because relief is needed by **September 28, 2026** to prevent further irreparable injury. Voss separately seeks expedition under **Circuit Rule 27-12**. The continuing injuries include alleged filing-access restrictions obstructing judicial consideration of her Fourth Amendment challenge, use of the resulting incomplete record in related litigation, and continued destruction of the remaining business architecture. ECF No. 16 ¶¶ 4–5, 17–55; ECF No. 17-3 ¶¶ 20–23, 35–39; Updated Voss Decl. ¶¶ 4–9.

The action was dismissed before formal service or appearance by any defendant. Any interim relief requested is limited to persons properly subject to this Court's jurisdiction and applicable notice requirements.

**GOVERNING STANDARDS**

Circuit Rule 27-3 provides emergency treatment where relief is needed within 21 days to avoid irreparable harm; it does not supply the substantive entitlement to an injunction. FRAP 8(a)(2) governs the request for relief pending appeal.

The injunction-pending-appeal standard is substantially similar to the preliminary-injunction standard. *Feldman v. Arizona Secretary of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc). Under the Ninth Circuit's sliding-scale approach, serious questions going to the merits may support relief when the balance of hardships tips sharply toward the applicant, likely irreparable injury is shown, and an injunction serves the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Serious questions require a fair chance of success and further deliberative investigation; they do not require showing that success is more probable than not. *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190–92 (9th Cir. 2024).

Affirmative relief that alters the status quo is subject to a higher threshold: the law and facts must clearly favor the moving party. *Garcia v. Google, Inc.*, 786

F.3d 733, 740 (9th Cir. 2015) (en banc). Voss invokes the serious-questions framework for relief to which it applies and separately addresses that heightened requirement for mandatory restoration and any other mandatory measure.

## ARGUMENT

### II. The appeal presents serious questions concerning immunity and independent review

#### A. The immunity inquiry must address the particular function alleged

Absolute immunity must be justified for the function at issue; its proponent bears the burden of establishing that justification. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432, 435–36 (1993). Applying that approach to bankruptcy trustees, the en banc Ninth Circuit recently emphasized examination of the particular function in context. *Phillips v. Goldman (In re Gilman)*, No. 24-2249, slip op. at 14–18 (9th Cir. May 7, 2026) (en banc). Employment within a court does not alone resolve the inquiry, and dividing one function into chronological steps does not alone defeat immunity.

The F&R characterized the conduct as decisions concerning docketing and relied on authority to reject "unacceptable" filings. ECF No. 21 at 4–6 (Ex. A-3, App. 009–011). The FAC, however, alleges a continuing personal eligibility restriction: Alleyne decided that Voss could not invoke specified judicial procedures, then used his clerk-supervisor position to reject, delay, withhold, or prevent routing of her submissions. ECF No. 16 ¶¶ 2, 4, 7, 17–55 (Ex. C-1, App.

018–037). Voss alleges no applicable rule or judicial order imposed the restriction he enforced. Her challenge encompasses the alleged substantive determination and its administrative enforcement.

**The disputed function is the alleged creation and enforcement of a continuing restriction on Voss's eligibility to seek judicial consideration.** General authority to reject a nonconforming document does not answer whether that alleged restriction was protected docket administration. The concrete allegations, rather than the label "de facto judge," supply the distinction requiring examination.

First, California Code of Civil Procedure § 387(c) permits a nonparty to seek leave to intervene by noticed motion or ex parte application; § 387(d) assigns the entitlement determination to the court. Voss alleges that staff rejected her intervention submissions because she was not already a party. ECF No. 16 ¶¶ 17–25, 43–47; ECF No. 6 at 29–30, 36–45. Nonparty status alone cannot explain exclusion from the procedure through which a nonparty seeks permission to enter the case. *Voit v. Superior Court*, 201 Cal. App. 4th 1285, 1287–88 (2011), distinguishes accepting a motion from judicial determination of its legal merit. *Voit* addresses that division of responsibility, not federal damages immunity.

When Voss's application reached a judge on April 22, the court denied it as untimely and crossed out a proposed ground stating that she lacked an interest

distinct from the LLC's. ECF No. 16 ¶¶ 21–25; ECF No. 6 at 282 (Ex. G-2, App. 167). The form checks denial on the merits of the papers, retains the untimeliness explanation, and strikes the separate-interest explanation. The deletion did not grant intervention or establish standing. As alleged, however, the resulting order imposed no prospective filing prohibition. Defendants allegedly expanded that limited ruling into continuing exclusion and rejected an attempted appeal from the intervention denial. *Id.* ¶¶ 30–55. California law recognizes appellate review of an order denying intervention. *Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260, 263 (2018).

Voss alleges an individual leasehold and property interest because she signed the lease before the LLC existed and no assignment or assumption transferred her contractual position. Those allegations require judicial evaluation; § 367's real-party-in-interest provision does not itself establish that she must replace the LLC as defendant. Likewise, §§ 473(a), (b), and (d) have separate requirements. Voss cites these procedures as the basis for seeking a judicial determination, not as automatic entitlement to their remedies.

Second, on April 29, attorney-prepared papers for the LLC allegedly received a supervisory hold because Voss delivered them as courier, despite no identified technical defect. ECF No. 16 ¶¶ 26–29 (Ex. C-1, App. 025–026). The emergency matter was heard on May 12. This allegation concerns treatment of

counsel's papers based on the courier's identity; it does not assert a right for Voss to represent the LLC pro se.

Third, during the August attempts, staff initially attributed rejection to an LLC fee-waiver designation. Voss supplied screenshots showing what she says was an individual submission and offered to correct any processing error. Defendants allegedly responded that her name did not match the existing defendant and therefore she could not file or seek intervention. *Id.* ¶¶ 43–47. The notices, complete email exchanges, and screenshots are material to whether staff corrected a filing defect or enforced a continuing personal restriction.

The alleged restriction extended beyond emergency applications to notices of related cases and appellate submissions. Voss further alleges that staff applied directions issued to the LLC's counsel to her separate individual submissions. ECF No. 16 ¶¶ 30–55. The alleged prerequisites included a police report and a supervisor's assessment of a qualifying public-health or safety emergency before an ex parte application could reach a judge. Voss identifies audio recordings and witness evidence supporting those allegations. California Rule of Court 3.1205 specifically directs presentation to a judicial officer despite failure to satisfy the ex parte notice requirement; it does not eliminate all filing requirements. Federal Rule of Civil Procedure 5(d)(4) does not directly govern these state-court clerks and is not the source of Voss's state filing rights.

*Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), protected a clerk's refusal to accept a filing; legal error, excess of authority, or alleged malice does not by itself remove that protection. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021), likewise protected clerical functions, including rejection for noncompliance with a court rule. Voss's argument therefore requires more than showing an improper rejection. She contends that the alleged creation of a continuing personal eligibility rule, expansion of orders beyond their terms, and exclusion of counsel's papers based on courier identity require analysis that the generalized label "docketing" did not provide. Whether those functions fall within the protection recognized in *Mullis* presents the merits question for review. While *Mullis* shields the honest mistakes of clerks administering existing court rules, the en banc Ninth Circuit has reinforced that absolute quasi-judicial immunity relies strictly on a function-specific inquiry (*Phillips v. Goldman (In re Gilman)*, No. 24-2249 (9th Cir. May 7, 2026) (en banc)). *Castillo* recognizes that even acts appearing ministerial may receive quasi-judicial immunity when, in context, they are part of the judicial function. 297 F.3d at 952. Voss contends that the alleged creation of a personal eligibility restriction and its enforcement were not part of such a judicial function, requiring the function-specific analysis reinforced in *Phillips*. (*In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002)).

**B. Prospective relief requires a separate analysis**

A damages-immunity ruling does not alone resolve the request for prospective relief (*Moore v. Urquhart*, 899 F.3d 1094, 1104–05 (9th Cir. 2018)). Section 1983 restricts injunctive relief against a 'judicial officer' for acts or omissions taken in a judicial capacity. Whether that limitation applies here requires separate analysis of the officer and the particular function alleged. Voss contends that the challenged eligibility determinations and intake restrictions were administrative rather than judicial functions and requests consideration of the prospective claim independently of damages immunity.

The FAC seeks protection against allegedly continuing restrictions on her individual submissions. ECF No. 16 ¶¶ 2, 4, 7, 43–55. Voss requests consideration of that forward-looking claim, its jurisdictional requirements, and the statutory limits independently of damages immunity. Her federal claim challenges the alleged intake practices; this motion does not ask the Ninth Circuit to reverse the state possession judgment or adjudicate the merits of her state intervention application.

**C. The specific objections required independent de novo determination**

*Orand v. United States* distinguishes uncontested findings from findings challenged by specific objections. 602 F.2d 207, 208–09 (9th Cir. 1979). Although a district court may assume the correctness of uncontested proposed factual

findings, *Orand* reversed and remanded where the district court failed to make a de novo determination of contested findings. Here, Voss specifically challenged the F&R's characterization of the pleaded conduct as ordinary docketing. ECF No. 22 at printed pp. 2–8. The adoption order nevertheless stated that it presumed factual findings correct. ECF No. 25 at 2. **The question is whether that presumption was applied to matters Voss actually contested, rather than independently determining the challenged factual and functional premises as required by § 636(b)(1)(C), *Orand*, and *Remsing*.**

Voss filed thirteen specific Rule 72 objections addressing the operative pleading, the alleged functions, immunity, prospective relief, amendment, and emergency protection. ECF No. 22 at printed pp. 2–15 (Ex. C-2, App. 048–061). Under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3), the district judge was required to determine the properly challenged portions de novo. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

The adoption order expressly stated that it considered the immunity objections and reviewed the file. It also stated: "The court presumes that any findings of fact are correct," while describing legal conclusions as reviewed de novo. ECF No. 25 at 2 (Ex. A-1, App. 004). Voss had specifically disputed the factual and functional premise that the FAC described ordinary docketing. ECF No. 22 at printed pp. 2–8 (Ex. C-2, App. 048–054). Her question is whether the

stated presumption carried that disputed premise into judgment instead of independently evaluating the actual allegations. Use of an incorrectly deferential review standard can require remand. *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 34 F.4th 801, 807–10 (9th Cir. 2022). Neither brevity nor failure to discuss every objection separately establishes inadequate review; the stated standard and treatment of the disputed premise are the asserted defects.

The amendment history reinforces the need to examine the operative FAC. The SAC already addressed immunity, quasi-immunity, and Rooker-Feldman. ECF No. 10 ¶¶ 65–71 (Ex. C-5, App. 100–101). The June 25 emergency application remained pending until the August 24 denial, while Voss reports continuing losses. The docket confirms those dates. ECF Nos. 11, 13; Ex. B-3. The August 18 mandamus and preservation submission was ECF No. 12, not a June filing. After dismissal with leave to amend, she expanded the analysis in the TAC. The court rejected that pleading under Rule 8, as the F&R recounts. ECF No. 21 at 1 (Ex. A-3, App. 006). Voss reports that she then complied with the imposed twenty-page limit. Voss then filed the condensed FAC and renewed emergency papers. ECF Nos. 16, 17, 17-3. A length-based rejection did not adjudicate the expanded immunity analysis on its merits.

The FAC superseded the prior complaints; those pleadings supply procedural context, not substitutes for the operative allegations. Voss relies on

specific pleaded facts, liberally construed at screening, rather than treating legal conclusions in an expert submission as binding. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). The chronology of her mandamus petition and judicial-conduct complaint does not alone establish retaliation. It matters here because the court had repeated notice of the asserted functional distinction and the request for interim protection before further losses occurred.

Voss's nonconsent did not prevent the magistrate judge from recommending a disposition. Her § 455(a) motion was filed after the F&R and before adoption; the final order denied it as moot. ECF Nos. 24, 25. She seeks review of whether that treatment addressed her preserved appearance-of-impartiality challenge. The governing inquiry is objective and considers a reasonable observer informed of all relevant facts. *United States v. Holland*, 519 F.3d 909, 912–14 (9th Cir. 2008). Filing a recusal motion does not itself remove jurisdiction, and adverse rulings alone do not establish bias.

## III. Continuing injury threatens effective appellate relief

Voss alleges ongoing constitutional interference whose consequences threaten meaningful appellate relief. The challenged First and Fourteenth Amendment filing restrictions allegedly prevented judicial consideration of her Fourth Amendment challenge to the seizure of her premises, property, and assets through extrinsic fraud, leaving an incomplete public record now used against her

in related litigation. ECF No. 16 ¶¶ 4–5, 17–36; ECF No. 17-3 ¶¶ 17, 19–23. The FAC documents filing attempts through August 25, and the Updated Voss Declaration ¶ 8 states the current basis for alleging that the restrictions remain operative.

That constitutional injury supports the injunction analysis. Likely success on an ongoing constitutional claim ordinarily establishes irreparable harm and strongly favors the equitable and public-interest factors. Baird v. Bonta, 81 F.4th 1036, 1040–42 (9th Cir. 2023).

The approaching October 1 proceeding gives the consequential injury a concrete timetable. In Voss v. Rosenberg, Sacramento Superior Court Case No. 26CV011361, the attorney defendants seek judicial notice of the unlawful-detainer judgment and April 22 intervention denial in opposition to Voss's motion for leave to amend. Voss alleges that the resulting incomplete record is being used to resist accountability for the challenged property deprivation. ECF No. 16 ¶ 5; ECF No. 17-3 ¶ 23. Action by September 28 would permit Voss to prepare, serve, and seek permission to submit any resulting federal order before the September 30 tentative-ruling process and October 1 hearing.

The same alleged obstruction has compounded business injury. The original operating location was permanently lost, a dependent expansion failed before opening, and the shared premises no longer provide the revenue, equipment,

customer access, and provider infrastructure supporting the remaining businesses. Voss now reports zero revenue, depleted or closed accounts, personal-property sales to sustain minimal operations, and no replacement location. Updated Voss Decl. ¶ 4. Continued loss of goodwill, relationships, resources, and operating capacity threatens to make restoration impossible.

A supported threat of business extinction can constitute irreparable harm even where damages might otherwise be available. hiQ Labs, Inc. v. LinkedIn Corp., 31 F.4th 1180, 1188–90 (9th Cir. 2022). American Passage Media Corp. v. Cass Communications, Inc., 750 F.2d 1470, 1473–74 (9th Cir. 1985), requires factual support for that threat. Voss relies on her sworn description of lost infrastructure, current depletion, and the relationships and resources necessary to resume viable operations. ECF No. 17-3 ¶¶ 20–22, 35–39; Updated Voss Decl. ¶¶ 3–6.

Exhibit H provides historical records, projections, and estimates; the updated declaration states current conditions. Exhibits F-1–F-3 document criticism and employee communications relevant to reputational and relationship injury, not independent proof of falsity, causation, or specific financial loss.

Preservation is separately necessary because routing histories, flags, audit trails, rejection records, and supervisory communications may show how Voss's submissions were handled. Those records remain outside her control. Voss

therefore seeks targeted preservation, filing-access protection, and expedited consideration before the remaining evidence and operating capacity are lost.

## IV. The requested interim measures address distinct injuries

### A. Temporary preservation and protection of filing access

Voss requests an initial preservation order by **Monday, September 28, 2026**, directed to Defendants properly subject to the Court's jurisdiction and persons lawfully bound under Rule 65(d)(2) who receive actual notice. The order would preserve evidence needed to identify the substantive determinations, administrative mechanisms, and responsible personnel involved in the challenged filing restrictions. ECF No. 16 ¶¶ 2, 4, 7, 17–55; ECF No. 17-3 ¶ 40.

The preservation obligation should cover records concerning Voss's attempted submissions in Sacramento Superior Court Case No. 26UD000734 from February 17, 2026, through the duration of the order: submissions and attachments; acceptance, rejection, queue, and routing histories; audit logs and available metadata; person- or case-specific flags; supervisor-review records; and communications concerning those submissions and restrictions. Persons bound by the order would suspend deletion or overwriting of responsive records within their possession, custody, or control and preserve native records and associated metadata where maintained. The request concerns retention, without requiring immediate production or reconstruction of nonexistent records.

**Preservation should begin immediately upon actual notice of the order.** Within two business days, Defendants should file a confirmation identifying the responsible custodians, the categories covered, and whether the hold has been implemented. The initial hold should remain effective until this motion is resolved or further order, with continued preservation pending appeal if ordered.

For filing access, Voss requests narrowly tailored protection against the alleged continuing restriction on her individual submissions. Specifically, she requests that persons bound by the order:

1. **Suspend enforcement of the alleged personal filing prohibition** against her individual intervention applications and related emergency or appellate submissions based solely on her absence from the existing party designation or the LLC's lack of counsel, where no applicable filing rule or judicial order authorizes that exclusion.

2. **Receive and process otherwise compliant submissions asserting her individual rights**, without imposing the challenged substantive eligibility determination as a prerequisite to intake.

3. **Preserve accurate records of submission dates and responses**, and identify in writing any rejection ground and the rule or judicial order relied upon.

4. **Process requests for judicial determination of contested substantive**

**eligibility questions through available lawful procedures**, leaving those determinations to an authorized judicial officer.

Any suspension of a flag, hold, or supervisory restriction should preserve the underlying record and its history. The requested order would protect access to judicial consideration; it would not grant intervention, declare a rejected filing timely, excuse applicable filing requirements, authorize pro se representation of an entity, or direct the outcome of a state proceeding. ECF No. 17-3 ¶¶ 40–41.

These measures address separate continuing injuries: preservation protects evidence of the challenged conduct, while filing-access protection addresses the alleged obstruction of judicial consideration of Voss's individual claims, including her Fourth Amendment challenge. Any affirmative access obligation remains subject to the applicable injunction standard and jurisdictional requirements.

**B. Mandatory Restoration or Prompt Remand Proceedings**

Voss seeks affirmative relief to prevent further destruction of remaining operating capacity and relationships. She alleges that the challenged filing restrictions obstructed judicial consideration of her individual property claims and compounded the deterioration following loss of the principal premises. Because the former operating platform is gone, ending the alleged filing obstruction alone would not restore the infrastructure necessary to sustain remaining operations. ECF No. 16 ¶¶ 4–5; ECF No. 17-3 ¶¶ 35–39.

Voss therefore renews the **$2,812,221.71 restoration proposal presented below**: $2,074,221.71 for a replacement location and operating infrastructure; $350,000 for specialized equipment; $250,000 for branding and outfitting; and $138,000 for reputation and customer recovery. ECF No. 17-1, PDF p. 13 (Ex. D-1, App. 114); ECF No. 17-3 ¶ 38 (Ex. D-3, App. 147–148). She proposes staged, documented measures directed to preventing further irreparable loss and preserving viable operations; compensation for completed losses remains for merits adjudication.

Mandatory relief requires that **the facts and law clearly favor the particular obligation requested**. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Each measure must also sufficiently relate to the operative claims and be of the same nature as relief legally available upon final adjudication. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636–37 (9th Cir. 2015). Any authorized expenditure therefore requires findings connecting it to Voss's legally cognizable individual interests, the challenged conduct, and the additional injury it would prevent.

The requested payment also requires separate legal analysis. *Milliken v. Bradley*, 433 U.S. 267, 280–82, 289–90 (1977), permits prospective remedial expenditures addressing an established constitutional violation, while *Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974), limits retrospective monetary relief against a

State. Any payment order must therefore identify a defendant properly subject to the Court's jurisdiction, the relevant capacity and enforceable obligation, and findings supporting necessity and amount; labeling relief "restoration" does not itself satisfy those requirements.

Voss proposes verification of current costs before any legally supported occupancy, infrastructure, equipment, or customer-recovery measures are ordered. Each stage would identify the expenditure, injury prevented, and required documentation. Exhibit H provides historical support but does not independently establish current costs or an obligation to fund the proposal. Any remedy must also distinguish Voss's individual interests from claims belonging to separate entities.

Alternatively, if the judgment is vacated and the necessary findings cannot be made on the appellate record, Voss requests **prompt remand on the renewed Rule 65 application**, with notice and an opportunity to present evidence supporting a tailored restorative remedy. She also requests consideration of consolidation under Rule 65(a)(2), with appropriate notice and preservation of jury rights. Preservation and filing-access relief should remain separately available while restoration is resolved.

**V. Equities, expedition, and relief on remand**

The balance of hardships favors targeted preservation and filing-access protection. The threatened injuries include continuing interference with judicial

consideration of Voss's individual rights, deterioration of remaining business operations, and loss of evidence necessary to adjudicate the challenged conduct. ECF No. 16 ¶¶ 4–5, 17–55; ECF No. 17-3 ¶¶ 35–41; Updated Voss Decl. ¶¶ 4–9. A targeted records hold and processing of otherwise compliant individual submissions would impose limited administrative burdens while leaving substantive eligibility decisions to authorized judicial officers. Accurate records and meaningful judicial access serve the public interest. Mandatory restoration remains subject to its separate heightened showing.

Voss requests waiver or nominal security for the narrowly protective measures because of their limited scope and lack of realistic compensable harm to Defendants. FRAP 8(a)(2)(E); Rule 65(c); *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). Any security for mandatory restoration should be assessed separately. Voss's inability to pay supports, but does not independently establish, waiver.

Voss also requests expedition under Circuit Rule 27-12: an opening brief within **14 days**, an answering brief within **21 days**, and a reply within **7 days**, followed by the earliest practicable argument or submission. The appeal rests on a written record and requires no federal hearing transcript. Continuing constitutional and business injuries provide good cause for expedition because ordinary

processing risks additional irreparable loss before review concludes. Notice efforts are stated in the Rule 27-3 certificate, §5.

If the judgment is vacated, Voss requests reassignment under **28 U.S.C. § 2106**. Relevant considerations include the original judge's ability to set aside views found erroneous, the appearance of justice, and whether duplication would outweigh the benefit of reassignment. *Krechman v. County of Riverside*, 723 F.3d 1104, 1111–12 (9th Cir. 2013). Voss relies on the treatment of the challenged functions across successive pleadings, the adoption order's stated factual presumption despite specific objections, and denial of her § 455(a) motion as moot. ECF Nos. 13, 15, 21–25. Because no discovery or evidentiary hearing occurred, duplication would be limited. Alternatively, she requests substantive resolution of the § 455(a) motion on remand before renewed merits proceedings involving the challenged officer.

Voss further requests that remand permit consideration of a properly supported motion under **28 U.S.C. § 1404(a)**. That request concerns transfer of the federal action and is distinct from reassignment. Any venue or disqualification request concerning Sacramento Superior Court Case No. 26UD000734 remains subject to applicable California procedures.

**Conclusion**

Voss requests **extraordinary injunctive and restorative relief pending appeal under FRAP 8(a)(2)**, applying the governing Rule 65 standards within this Court's jurisdiction under 28 U.S.C. § 1291. Specifically, she requests **temporary evidence preservation and expedited consideration by Monday, September 28, 2026, Pacific Time**; shortened response and appellate briefing schedules; targeted filing-access protection; and mandatory restoration supported by facts and law clearly favoring the requested obligation. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Preservation and filing-access protection should receive separate consideration while the broader restoration request is resolved.

**The alleged constitutional injury continues to compound:** First and Fourteenth Amendment filing restrictions obstruct judicial consideration of Voss's Fourth Amendment seizure challenge, while the resulting incomplete record is used against her in related litigation. The established studio and dependent expansion have suffered fatal losses, the former operating conditions are unavailable, and the remaining interconnected businesses face imminent collapse. ECF No. 16 ¶¶ 4–5, 17–55; ECF No. 17-3 ¶¶ 20–23, 35–39; Updated Voss Declaration ¶¶ 4–9. Immediate protection is necessary before further irreversible losses defeat meaningful appellate relief.

Alternatively, upon vacatur, Voss requests prompt Rule 65 proceedings, reassignment as explained in Section V, and consideration on remand of a properly supported motion to transfer the federal action under **28 U.S.C. § 1404(a)**.

Voss also requests volunteer counsel under **28 U.S.C. § 1915(e)(1)**, based on her inability to afford counsel, her merits showing, and the difficulty of presenting the complex immunity, jurisdictional, and remedial issues without counsel amid the documented emergency *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**UPDATED DECLARATION OF ELIZABETH M. VOSS**

I, Elizabeth M. Voss, declare:

1. I am the appellant. Except where I identify information obtained from records, I make this declaration from personal knowledge. It supplements the September 8 declaration filed as ECF No. 17-3 and the verified Fourth Amended Complaint, ECF No. 16. It describes current circumstances supporting interim relief, rather than adding new merits claims. The supporting packet identifies each source document and its original page numbers.

2. My notice of appeal was filed September 21, 2026, as the district clerk's September 22 notice confirms. ECF No. 29 (Ex. B-1, App. 013). I filed a renewed preservation motion on September 21, identified as ECF No. 27. I report that the docket I reviewed through ECF No. 30, entered September 25, contains no ruling on that motion. Exhibit E-1 is the supplied copy of the preservation motion; it does not itself show a CM/ECF filing stamp. I was notified September 25 that appeal No. 26-6247 had been assigned September 24.

3. The principal premises were lost in the April 28 lockout, before this federal action began. Studio on Sutter ceased operating there, and the dependent APEX expansion failed before opening. These are the two business losses I describe; APEX was a development project, not a second established operating studio. My September 8 declaration describes the shared infrastructure, providers, customers,

and brands, as well as the subsequent reletting of the premises. ECF No. 17-3 ¶¶ 4–6, 19–22, 35–37 (Ex. D-3, App. 138–149). The underlying formation and lease materials appear in ECF No. 6 at 309, 312–324 (Ex. G-5, App. 187–200). I allege an individual contractual and property interest; I do not represent that this motion has already established that interest judicially.

4. The businesses and entities previously domiciled at the principal Studio on Sutter location were forced from their common operating home following the constitutional injuries alleged in this action. What remains today is **no functioning replacement location and a materially distorted public record created by the alleged First and Fourteenth Amendment filing restrictions**. Those restrictions allegedly prevented timely judicial consideration of my individual property claims and my **Fourth Amendment challenge to the seizure and dispossession of the premises, property, and assets through extrinsic fraud**. The consequential injury continues to compound because the incomplete record resulting from that obstruction is now being used against me in related lower-court proceedings as though I failed to pursue rights that I repeatedly attempted to place before a judicial officer. That continuing access and record injury is capable of prospective correction and remains directly relevant to whether meaningful restoration is still possible. The operational consequences are now severe. Current business revenue is **zero across the remaining business architecture**. Bank accounts have closed

after negative balances, newer-entity accounts have zero balances, and I am selling personal property simply to purchase materials for handcrafted Wellness S.O.S. products and attempt to pay minimum operating expenses. Before these events, the established business generated approximately **$35,000 to $67,000 per month**, and the active operations were projected to continue growing at approximately **11%**, with multiple additional entities and locations already in development.

The principal location had supplied the shared physical space, customer access, provider relationships, equipment, infrastructure, and revenue platform supporting **Wellness S.O.S., Fitness S.O.S./FSOS, Legacy Performance Holdings, Shop S.O.S., The Movement Academy, and the planned APEX expansion**. Wellness S.O.S. was intended to share the second floor with other healthcare providers. APEX failed before opening after the loss of that common platform. **AURORA**, planned for early 2027, and approximately five additional locations contemplated before 2034 remain future projects whose development depended upon the continued success and revenue generation of the existing business architecture. Despite the collapse, the brands, products, methodologies, customer relationships, and professional relationships have not disappeared. I continue developing Wellness S.O.S. products and attempting to preserve what remains. If the filing-access injury is stopped, the distorted record can be meaningfully addressed, and the surviving businesses are restored to a functioning location and operating

platform, I believe the established and previously proven business model can begin recovering, customers and providers can return, revenue-producing work can resume, and additional consequential losses can be materially reduced. The immediate need is therefore to **stop the continuing injury and preserve what remains capable of restoration before the remaining business architecture is permanently lost**.

I distinguish my individual rights, property, obligations, labor, and interests from claims or property belonging exclusively to any separate legal entity.

**5.** The emergency consequences of the alleged denial of judicial access via constitutional injury now bear directly on *Voss v. Rosenberg, Sacramento Superior Court Case No. 26CV011361*. In that action, I seek to pursue abuse-of-process claims against the landlord's attorney and his law firm concerning their alleged knowing misuse of the writ process in connection with obtaining control of the property. On October 1, 2026, at 9:00 a.m., the court is scheduled to consider my motion for leave to file a second amended complaint. In opposition, Rosenberg and his firm have requested judicial notice of the unlawful-detainer judgment and the April 22 intervention order. September 17, 2026 Request for Judicial Notice, p. 2, ¶¶ 5–6, Exs. E–F. The threatened additional injury is that **the consequences allegedly produced by the denial of judicial access are now being used to impair my effort to obtain accountability for the underlying property**

**deprivation**. I contend that the challenged interference with my First and Fourteenth Amendment rights prevented timely judicial consideration of my individual claims, including my challenge to the alleged Fourth Amendment seizure and dispossession of the premises, property, and assets through extrinsic fraud. The resulting incomplete procedural record is now being offered in related litigation against my effort to pursue relief arising from that same property deprivation.

I repeatedly attempted to place my individual claims, intervention requests, emergency applications, and appellate submissions before a judicial officer. I contend that treating the resulting incomplete record as evidence that I abandoned my rights, failed to pursue available remedies, or received judicial adjudication of claims that were instead rejected or withheld from judicial consideration would further compound the alleged constitutional injury while the underlying property deprivation and its continuing consequences remain unresolved.

I request action by **September 28, 2026**, so that I have time to prepare, serve, and seek permission where necessary to submit any resulting federal order and related papers **before September 29**, ahead of the September 30 tentative-ruling process and the October 1 hearing. This approaching proceeding gives a specific and immediate timetable to the consequential injury already alleged in the Fourth

Amended Complaint and demonstrates that the effects of the challenged filing restrictions are continuing beyond the original unlawful-detainer proceeding.

**6.** Exhibits F-1–F-3 reproduce screenshots of communications concerning me and the businesses. **F-1** shows Marie Richardson's Facebook reply alleging unpaid employee wages. **F-2** shows text messages from Natalee requesting wages and criticizing the launch of a new business. **F-3** shows Instagram comments involving "litnfitwithbecca" and "fitness_sos_folsom," including criticism of the business and its future activities. I submit these communications to document the public backlash and strained relationships described in this declaration.

**These exhibits are recent examples only, not a complete collection of the communications I receive, and I receive messages of this kind and threats almost daily.** The repeated communications compound the distress, public backlash, and strain on customer and professional relationships described in this declaration. I distinguish the criticism and payment demands shown in Exhibits F-1–F-3 from the additional threats I report; those screenshots do not themselves document every category of communication described here.

7. The April application covers and rejection notices are reproduced from ECF No. 6 at 29–30, 36–45 (Ex. G-1, App. 155–166). The April 22 Judicial Review and Order appears at id. page 282 (Ex. G-2, App. 167). Later submitted covers and notices appear at id. pages 47–55, 60–61 (Ex. G-3, App. 168–178). The June portal

screenshot and contemporaneous emails appear at ECF No. 10 at 47–54 (Ex. G-4, App. 179–186). These records show the stated rejection grounds and my efforts to obtain consideration. My September 8 declaration authenticates records I received, transmitted, captured, or maintained during those efforts. ECF No. 17-3 ¶¶ 9–18 (Ex. D-3, App. 140–142).

The August 19–25 events are alleged in ECF No. 16 ¶¶ 43–55 and described in ECF No. 17-3 ¶¶ 14–16. The underlying August messages and portal screenshots, and authenticated audio/transcript excerpts concerning the police-report and safety prerequisites, are not separately included in this packet. I request preservation of the original records, routing histories, and supervisory instructions so that the challenged actions can be evaluated against the complete record.

**8.** I allege that the challenged filing restriction remains operative. The latest specific attempt described in the verified FAC occurred on August 25, 2026, when I sought to submit papers in my individual capacity as a proposed intervenor asserting my own leasehold and property interests. I identified Studio on Sutter, LLC as "erroneously sued" and entered my individual information. The rejection stated: **"Rejected. When you resubmit your documents, please look for your name listed as a claimant and select that as the filing party. Resubmit each document as a separate PDF in the same envelope."**

I contend that the direction to select my name as an existing claimant failed to address that I was seeking permission to intervene precisely because I was not already a named party. Read together with the preceding rejections and communications described in the FAC, I rely on this response as evidence of the alleged continuing barrier to judicial consideration. ECF No. 16 ¶¶ 43–51. **August 25 is the latest rejection identified here; the quoted notice itself gives resubmission instructions and does not expressly impose a permanent filing ban.**

9. I do not possess or control the internal audit trails, complete filing and routing histories, flags, supervisory instructions, or source communications sought to be preserved. I do not know their retention schedules or any scheduled destruction date. **These records are directly relevant to determining who made the challenged filing decisions, what restrictions were imposed, and how those restrictions were enforced.** Their loss could prevent reconstruction of that conduct and impair meaningful review of my claims. I therefore request immediate preservation and written confirmation identifying the records covered and the measures taken to protect them against deletion, alteration, or routine overwrite while this litigation remains pending.

10. I emailed the Ninth Circuit Emergency Motions Unit on September 21 and 24 and called its published number on September 23. On September 25 I sent notice

and the then-current motion to the addresses stated in the Rule 27-3 certificate. No response had been received as of September 25. Any later response will be reported promptly. Actual service of this revised packet is stated separately in the service certificate.

11. The supporting packet reproduces the identified copies of court records, earlier filed exhibits, and screenshots supplied for this motion. Exhibits A–E and G–H identify their district-record sources or supplied-copy status. Exhibits F-1–F-3 require the specific authentication in paragraph 6. This updated declaration supplies my present factual account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2026, at Folsom, California.

________________________

Elizabeth M. Voss, Appellant pro se

**CERTIFICATE OF COMPLIANCE**

This computer-produced motion complies with FRAP 27(d)(2)(A) because it contains 5,095 words, excluding the items excluded by FRAP 32(f) and the accompanying documents authorized by FRAP 27(a)(2)(B).

The motion uses 14-point Times New Roman. Its body is double-spaced, with one-inch margins on letter-size pages, consistent with FRAP 27(d)(1) and 32(a)(5)–(6).

Respectfully submitted,
Date: September 26, 2026
Signature: ______________________________
Elizabeth M. Voss, Appellant pro se

**CERTIFICATE OF SERVICE**

I certify that on **September 26, 2026**, I served the foregoing Emergency Motion under Circuit Rule 27-3, Rule 27-3 Certificate, Updated Declaration of Elizabeth M. Voss, and accompanying supporting materials as follows:

**Hassan Alleyne**

Defendant-Appellee, Personal Capacity

12541 Wheat Ridge Dr.

Rancho Cordova, CA 95742

**Method of Service:** First-Class United States Mail, postage prepaid. A copy was also transmitted to **hassanalleyne@yahoo.com** as expedited electronic notice.

**Sacramento Superior Court Clerk's Office / Department 88 Administration**

Carol Miller Justice Center

301 Bicentennial Circle

Sacramento, CA 95826

**Method of Service:** First-Class United States Mail, postage prepaid. A copy was also transmitted to **dept88@saccourts.ca.gov** as expedited electronic notice.

**Additional Expedited Notice:**

On September 26, 2026, a copy was transmitted to Sacramento Superior Court administration through the identified executive administrative email address and facsimile number as additional expedited notice.

Service by First-Class United States Mail was made pursuant to **FRAP 25(c)(1)(B)**. Electronic mail and facsimile transmissions identified above were additionally provided as expedited notice consistent with **Circuit Rule 27-3(a)**.

Advance notice of the intended emergency filing had previously been provided by electronic mail on **September 25, 2026**.

I certify that the foregoing is true and correct.

Dated: September 26, 2026

Respectfully submitted,

Signature: ______________________________

**Elizabeth M. Voss**

Appellant, pro se

## SUPPORTING EXHIBITS

The separately paginated supporting packet accompanies The separately paginated supporting packet accompanies this motion, including its request for expedition under Circuit Rule 27-12. Its index identifies each source and its App. page range. References to ECF pages use the original PDF pagination unless expressly identified as printed pages. The packet contains the actual documents listed, not an index for later assembly.

**Category A: District Court Orders, Judgments, and Core Recommendations**

- **Exhibit A-1:** ECF No. 25 — District Court Order adopting Findings and Recommendations, dismissing action without leave to amend, and denying Rule 65 interim relief; filed September 18, 2026. App. 003–004.
- **Exhibit A-2:** ECF No. 26 — District Court Judgment in a Civil Case; filed September 18, 2026. App. 005–005.
- **Exhibit A-3:** ECF No. 21 — Magistrate Judge's Findings and Recommendations recommending dismissal and quasi-judicial immunity tracking; filed September 11, 2026. App. 006–012.

**Category B: Federal Appellate Posture and District Docket Records**

- **Exhibit B-1:** ECF No. 29 — District Clerk's Notice of Transmission confirming September 21, 2026, as the operative filing date for the Notice of Appeal. App. 013–013.

- **Exhibit B-2:** Notice of Appeal — Supplied copy of appellate notice filed September 21, 2026; filing timeline verified by ECF No. 29. App. 014–014.
- **Exhibit B-3:** District Court Docket Sheet — Extracted September 14, 2026, documenting entries through the F&R processing tracking windows. App. 015–017.

**Category C: Operative Pleadings, Specific Objections, and Recusal Applications**

- **Exhibit C-1:** ECF No. 16 — Fourth Amended Complaint (FAC), establishing the operative claims, functional clerical distinctions, and compounding consequential injury channels. App. 018–037.
- **Exhibit C-2:** ECF No. 22 — Appellant's thirteen specific Rule 72 Objections to the F&R, filed September 14, 2026, triggering mandatory de novo review. App. 038–061.
- **Exhibit C-3:** ECF No. 23 — Appellant's Request for De Novo Review and Expedition, denied below as moot. App. 062–067.
- **Exhibit C-4:** ECF No. 24 — Motion for Disqualification and Reassignment under 28 U.S.C. § 455(a), denied below as moot. App. 068–099.
- **Exhibit C-5:** ECF No. 10 at 11–12 — Third Amended Complaint (TAC) excerpts, highlighting functional immunity and quasi-judicial boundaries (paragraphs 65–71). App. 100–101.

**Category D: District Court Injunction Records and Initial Fact Declarations**

- **Exhibit D-1:** ECF No. 17-1 — Memorandum of Points and Authorities supporting renewed Rule 65 application for an injunction and evidence hold. App. 102–130.
- **Exhibit D-2:** ECF No. 17-2 — Fact Declaration of Elizabeth M. Voss concerning initial state notice parameters; filed September 8, 2026. App. 131–137.
- **Exhibit D-3:** ECF No. 17-3 — Fact Declaration of Elizabeth M. Voss documenting corporate displacement, common platform damage, and asset deprivation metrics. App. 138–149.

**Category E: Fallback Preservation Applications and Active Verification Materials**

- **Exhibit E-1:** ECF No. 27 — Renewed Emergency Motion for Evidence Preservation filed in the District Court on September 21, 2026 (Supplied unstamped copy; unadjudicated as of September 25, 2026). App. 150–151.
- **Exhibit E-2:** Personal Background Information Registry (Spokeo Verified Record Dataset) — Documenting individual residence tracking lines, personal email addresses, and home delivery coordinates utilized for direct FRAP 25(b) service on Defendant Hassan Alleyne. App. 151a–151b.

**Category F: Public Backlash and Structural Reputational Deterioration Records**

- **Exhibit F-1:** Public Facebook Communication Archive — Digital screenshots of Marie Richardson's public reply alleging unpaid employee wages following platform freezing. App. 152–152.
- **Exhibit F-2:** SMS Messaging Logs — Verified transcript threads from employee contact "Natalee" demanding compensation outlays and challenging recovery operations. App. 153–153.
- **Exhibit F-3:** Instagram Digital Exchange Log — Interaction records involving "litnfitwithbecca" and "fitness_sos_folsom" demonstrating public backlash directly threatening surviving brand goodwill. App. 154–154.

**Category G: State Court Clerical Rejection Ledgers and Intervention Orders**

- **Exhibit G-1:** ECF No. 6 at 29–30, 36–45 — April 2026 individual intervention application face sheets and corresponding intake clerical rejection entries. App. 155–166.
- **Exhibit G-2:** ECF No. 6 at 282 — Sacramento Superior Court Judicial Review and Form Order dated April 22, 2026, denying intervention solely on timeliness bases without prospective filing bans. App. 167–167.

- **Exhibit G-3:** ECF No. 6 at 47–55, 60–61 — Subsequent individual application packages and electronic rejections illustrating systemic party-mismatch gatekeeping. App. 168–178.
- **Exhibit G-4:** ECF No. 10 at 47–54 — June 2026 electronic portal processing screenshots and simultaneous system messaging trails with court administration staff. App. 179–186.
- **Exhibit G-5:** ECF No. 6 at 309, 312–324 — Original commercial lease records and pre-formation corporate organizational logs establishing individual leasehold property positions. App. 187–200.

**Category H: Historical Business Operations, Projections, and Relocation Estimates**

- **Exhibit H-1:** ECF No. 6 at 173–184 — Specialized operating equipment notes and historical corporate asset valuation schedules. App. 201–212.
- **Exhibit H-2:** ECF No. 6 at 189–193, 233–242 — Commercial space buildout logs, contractor line-item invoices, and architectural progress reports. App. 213–227.
- **Exhibit H-3:** ECF No. 6 at 247–250 — Historical multi-year financial projections and descriptive narrative modeling an 11% year-over-year compound infrastructure growth rate. App. 228–231.

- **Exhibit H-4:** ECF No. 6 at 268–270 — Extracted historical merchant-processor interface screenshots demonstrating verified monthly revenue bands ranging from $35,000 to $67,000. App. 232–234.
- **Exhibit H-5:** ECF No. 6 at 275–279 — Line-item cost matrix modeling emergency relocation expenditures, operational outfitting, and carry-cost limits. App. 235–239.
- **Exhibit H-6:** ECF No. 10 at 66–71 — June 2026 comprehensive damage assessment and launch-cost reconstruction estimates submitted below. App. 240–245.

**Category I: Related State Litigation, Evidence of Weaponization, and Impending Deadlines**

- **Exhibit I-1:** *Voss v. Rosenberg*, Sacramento Superior Court Case No. 26CV011361 — Appellant's Motion for Leave to File a Second Amended Complaint asserting active collateral abuse-of-process torts against attorney defendants. App. 246–265. (Exhibit I pgs 63-132)
- **Exhibit I-2:** Defendants' Request for Judicial Notice in Case No. 26CV011361 — Filed September 17, 2026, by attorney defendants, weaponizing the incomplete state court ledger (the unlawful-detainer judgment and April 22 intervention denial) to force an inference of

abandonment and block the assertion of liability. App. 266–280.Exhibit I, pg 133-177)

- **Exhibit I-3:** State Court Hearing Notice and Cutoff Calendar — Setting the formal oral argument date for **October 1, 2026, at 9:00 a.m.**, and specifying the **September 30, 2026 tentative ruling process date** which generates the immediate emergency crisis point. App. 281–284.(Exhibit I-3 pg 178)

# EXHIBIT I
# SUB EXHIBITS I1-I3

**SID M. ROSENBERG, ESQ., SBN 129158**
**MICHAEL L. SHOFF, ESQ., SBN 290419**
**LAW OFFICES OF SID M. ROSENBERG, INC.**
**725 30TH STREET, SUITE 107**
**SACRAMENTO, CA 95816**
**Telephone: (916) 447-8101**
**Facsimile: (916) 447-4750**

**ATTORNEYS FOR DEFENDANTS,**
**SID MARK ROSENBERG** and
**LAW OFFICES OF SID M. ROSENBERG, INC.**

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
07/28/2026
By: M. Cervantes Deputy

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| **ELIZABETH VOSS, an individual,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SID MARK ROSENBERG, an individual; LAW OFFICES OF SID M. ROSENBERG, INC.; and DOES 1-10, inclusive,**<br><br>**Defendants.** | **CASE NO. 26CV011361**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE (CCP § 425.16)**<br><br>**Hearing Date: November 10, 2026**<br>**Time: 9:00 a.m.**<br>**Location: Dept. 16C**<br><br>**Action Filed: May 11, 2026** |

**To All Parties and Their Attorneys of Record:**

Pursuant to the provisions of Evidence Code section 452, Specially Appearing Defendants, **SID MARK ROSENBERG** and **LAW OFFICES OF SID M. ROSENBERG, INC.** (hereinafter "Mr. Rosenberg" and, collectively, "Defendants"), hereby request this court take judicial notice of the following materials:

1. The Summons and Complaint for Unlawful Detainer, in Case No. 26UD000734, filed on February 5, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit A.** This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

2. Proof of Service regarding Case No. 26UD000734 and evidencing substitute service and per Code of Civil Procedure section 416.10, dated February 19, 2026. A copy of this document is attached hereto as **Exhibit B**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

3. Answer, in Case No. 26UD000734, filed on February 23, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit C**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

4. The Court's Notice of Time and Place of Trial, in Case No. 26UD000734, filed on March 25, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit D**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

5. The Court's Judgment, in Case No. 26UD000734, filed on April 8, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit E**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

6. The Court's Order on Ex Parte Application for Leave to Intervene, in Case No. 26UD000734, filed on April 22, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit F**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

7. The Notice of Entry of Judgment or Order, in Case No. 26UD000734, filed on April 29, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit G**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

8. Plaintiff's First Amended Complaint filed on June 15, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit H**. This document is

subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' motion.

DATED: July 27, 2026

**LAW OFFICES OF SID M. ROSENBERG, INC.**
**A Professional Law Corporation**

*Michael L. Shoff, Esq.*

______________________________
Michael L. Shoff, Esq.
Attorney for Defendants,
**SID MARK ROSENBERG** and
**LAW OFFICES OF SID M. ROSENBERG, INC.**

# EXHIBIT A

# SUMMONS—EVICTION

## *(CITACIÓN JUDICIAL—DESALOJO)*

**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**

***(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)***

**SUM-130**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court of California
County of Sacramento
02/05/2026
M. McVey, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Studio On Sutter, LLC, a California Limited Liability Company, and DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 10 days. You have 10 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 15 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 10 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, sólo tiene 10 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 15 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), o poniéndose en contacto con la corte o el colegio de abogados local.*

***EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento County Superior Court
301 Bicentennial Circle
Sacramento, CA 95826

CASE NUMBER *(número de caso):*
26UD000734

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sid M. Rosenberg, Esq.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
LAW OFFICES OF SID M. ROSENBERG, INC.
(916) 447-8101



Weaver, Murray

SUM-130

| PLAINTIFF *(Name):* Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* Studio On Sutter, LLC, a California Limited Liability Company | 26UD000734 |

3. *(Must be answered in all cases)* **An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)** [X] **did not** [ ] **did for compensation give advice or assistance with this form.** ***(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)***

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

Date: 02/05/2026 *(Fecha)* Kelly Sullivan, Court Executive Officer Clerk, by /s/ M. McVey *(Secretario)*, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation). [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.40 (association or partnership). [ ] CCP 415.46 (occupant). [ ] CCP 416.60 (minor). [ ] CCP 416.70 (conservatee). [ ] CCP 416.90 (authorized person). [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Sid M. Rosenberg, Esq. 129158
FIRM NAME: LAW OFFICES OF SID M. ROSENBERG, INC.
STREET ADDRESS: 725 30TH STREET, SUITE 107
CITY: SACRAMENTO STATE: CA ZIP CODE: 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750
EMAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR (name): Murray Weaver, et al.

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Sacramento
02/05/2026
M. McVey, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily
DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company
[X] DOES 1 TO 10

## COMPLAINT—UNLAWFUL DETAINER*

[X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 26UD000734

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded [ ] does not exceed $10,000
[X] exceeds $10,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue). [ ] from limited to unlimited.
[ ] from unlawful detainer to general limited civil (possession not in issue). [ ] from unlimited to limited.

1. *PLAINTIFF (name each):*
Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust

*alleges causes of action against DEFENDANT (name each):*
Studio On Sutter, LLC, a California Limited Liability Company

2. a. Plaintiff is
(1) [ ] an individual over the age of 18 years.
(2) [ ] a public agency.
(3) [X] other *(specify):* Trust
(4) [ ] a partnership.
(5) [ ] a corporation.

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. The venue is the court named above because defendant named above is in possession of the premises located at *(street address, apartment number, city, zip code, and county):*
608 1/2 Sutter Street
Folsom, CA 95630
Sacramento County

b. The premises in 3a are *(check one)*
(1) [ ] within the city limits of *(name of city):*
(2) [X] within the unincorporated area of *(name of county):* Sacramento County

c. The premises in 3a were constructed in *(approximate year):* 1958

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

***NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

6. a. On or about *(date):* 9/1/2024
   *defendant (name each):*
   Studio On Sutter, LLC, a California Limited Liablity Company

   (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* 6 year lease
   (2) agreed to pay rent of $ 6,500.00 payable ☒ monthly ☐ other *(specify frequency):*
   (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify):*

   b. This ☒ written ☐ oral agreement was made with
   (1) ☒ plaintiff.
   (2) ☐ plaintiff's agent.
   (3) ☐ plaintiff's predecessor in interest.
   (4) ☐ Other *(specify):*

   c. ☒ The defendants not named in item 6a are
   (1) ☒ subtenants.
   (2) ☒ assignees.
   (3) ☒ Other *(specify):* alleged, on information and belief, to be unknown, yet residing at the premises without Plaintiff's permission or conse

   d. ☐ The agreement was later changed as follows *(specify):*

   e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. ☐ *(For residential property)* A copy of the written agreement is not attached because *(specify reason):*
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in item 6 *(check 7a or 7b)*

   a. ☒ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):* 1946.2 (a)

   b. ☐ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

   a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each):*

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each):* Studio On Sutter, LLC, a California Limited Liablity Company

   was served the following notice on the same date and in the same manner:

   (1) ☐ 3-day notice to pay rent or quit
   (2) ☐ 30-day notice to quit
   (3) ☐ 60-day notice to quit
   (4) ☐ 3-day notice to quit
   (5) ☐ 30-day notice to vacate under the federal CARES Act (15 U.S.C. § 9058(c))
   (6) ☐ 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
   (7) ☐ 3-day notice to quit under Civil Code, § 1946.2(c). Prior required notice to perform covenants served *(date):*
   (8) ☒ Other *(specify)* 30 Business Day Notice to Pay Rent or Quit

9. b. (1) On *(date)*: 2/2/2026 the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.
c. All facts stated in the notice are true.
d. [X] The notice included an election of forfeiture.
e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code section 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
(1) [ ] By personally handing a copy to defendant on *(date)*:
(2) [ ] By leaving a copy with *(name or description)*: , a person of suitable age and discretion, on *(date)*: at defendant's [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on *(date)*: because defendant cannot be found at defendant's residence or usual place of business.
(3) [X] By posting a copy on the premises on *(date)*: 12/17/2025
[X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 12/17/2025
(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
(b) [X] because no person of suitable age or discretion can be found there.
(4) [ ] *(Not for 3-day notice; see Civil Code section 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:
(5) [ ] *(Not for residential tenancies; see Civil Code section 1953, before using)* In the manner specified in a written commercial lease between the parties
b. [ ] *(Name)*:
was served on behalf of all defendants who signed a joint written rental agreement.
c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [X] **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must complete items 11a–d and, if later seeking a default judgment, will also need to file* Verification Regarding Rental Assistance—Unlawful Detainer *(form UD-120).)*

a. Plaintiff [ ] has received [X] has not received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

b. Plaintiff [ ] has received [X] has not received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint.

c. Plaintiff [ ] has [X] does not have any pending applications for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

d. Plaintiff [ ] has [X] does not have any pending applications for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint.

12. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

13. [X] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 12,125.00

14. [X] The fair rental value of the premises is $ 216.67 per day.

15. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

UD-100

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

16. ☐ A written agreement between the parties provides for attorney fees.

17. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*: (Not applicable in Yolo, Placer or El Dorado Counties); City of Sacramento, Sacramento Tenant Protection and Relief Act, Sept. 12, 2019.

Plaintiff has met all applicable requirements of the ordinances.

18. ☒ Other allegations are stated in Attachment 17.

19. Plaintiff accepts the jurisdictional limit, if any, of the court.

20. PLAINTIFF REQUESTS

a. possession of the premises.
b. costs incurred in this proceeding:
c. ☒ past-due rent of $ 12,125.00
d. ☐ reasonable attorney fees.
e. ☒ forfeiture of the agreement.
f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. ☒ damages at the rate stated in item 13 from *date:* 1/1/2026 for each day that defendants remain in possession through entry of judgment.
h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
i. ☒ other *(specify)*: for such other and further relief as the court deems just and proper.

21. ☒ Pages attached *(specify number of pages)*:

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

22. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date)*:

Date: 2/3/2026

Sid M. Rosenberg
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily
(TYPE OR PRINT NAME)

▶ See Attached Verification
(SIGNATURE OF PLAINTIFF)

26UD000734

*(Each Signator must sign in appropriate location)*

**VERIFICATION UNDER PENALTY OF PERJURY-UNLAWFUL DETAINER**

**IF YOU ARE A PROPERTY MANAGER OR AUTHORIZED AGENT FOR THE OWNER/LANDLORD OF THE PROPERTY SIGN THIS TOP VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the property manager or authorized agent for the owner or landlord/lessor of the real property described in the Complaint for Unlawful Detainer and owned or leased by the Plaintiff/Owner/Landlord/Lessor of the premises, or
2. If the plaintiff is described in the complaint as a corporation, I declare that I am an officer of the Plaintiff Corporation, a corporation organized under the laws of the State of California, and I have been authorized to execute this verification on its behalf.
3. I am duly and expressly authorized to verify said Complaint on the Plaintiff's behalf. Said Complaint for Unlawful Detainer is attached hereto. I am verifying said complaint for Unlawful Detainer on behalf of the owner or the landlord/lessor because the facts stated therein are known by myself and may not be known to the owner or landlord/lessor.
4. I have read said Plaintiff's Mandatory Cover Sheet and Complaint for Unlawful Detainer and know the contents thereof.
5. I certify that the same is true of my own knowledge except as to those matters, which are stated therein upon my information and belief, and as to those matters, I believe them to be true.
6. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in____________________, California, on the below stated date.

DATED: ________________

**Print your name** | **Sign your name: Property Manager/Authorized Agent**

Per C.R.C. Rule 2.305, A signature produced by fax transmission is deemed to be an original

**IF YOU ARE THE OWNER OR LANDLORD/LESSOR OF THE PROPERTY WHERE YOUR TENANT RESIDES, SIGN THIS BOTTOM VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the plaintiff in the above-entitled action, and owner or landlord/lessor of the real property described in the Complaint for Unlawful Detainer, which is attached hereto.
2. I have read said Plaintiff's Mandatory Cover Sheet and Complaint for Unlawful Detainer and know the contents thereof.
3. I certify that the same is true of my knowledge except as to those matters, which are stated therein upon my information and belief and as to those matters, I believe them to be true.
4. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in SACTO, California, on the below stated date.

DATED: 2/3/26

MURRAY WEAVER

**Print your name** | **Sign your name: Plaintiff/Owner/Landlord/Lessor** [signature]

Per C.R.C. Rule 2.305, A signature produced by fax transmission is deemed to be an original

26UD000734

# EXHIBIT 2

26UD000734

# THIRTY BUSINESS DAY NOTICE TO PAY RENT OR QUIT

**[C.C.P. § 1161 (2)]**

**TO: STUDIO ON SUTTER, LLC, a California Limited Liability Company.**
**AND ALL ADULT OCCUPANTS IN POSSESSION OF THE PREMISES LOCATED AT:**
**608 ½ Sutter Street, Folsom, CA 95630**
**which is the address of the Premises which is the subject of this notice.**

**Agent for Service of Process: Elizabeth M. Voss - 2377 Via Villaggio, Sacramento, CA 95864**

NOTICE IS HEREBY GIVEN that under the terms of that certain Commercial Lease Agreement, dated for reference purposes only, September 1, 2024, and any Addenda or Amendments thereto.

1. In accordance with that certain Commercial Lease Agreement, dated for reference purposes only, September 1, 2024, pursuant to which you hold possession of the premises located at 608 ½ Sutter Street, Folsom, CA 95630, entered into between Weaver Trust (as Landlord/Lessor) and Studio on Sutter, LLC, a California Limited Liability Company (as Tenant/Lessee); and

2. That certain Lease Addendum dated August 31, 2024, to that certain Commercial Lease Agreement, pursuant to which you hold possession of the premises located at 608 ½ Sutter Street, Folsom, CA 95630, entered into between entered into between Weaver Trust (as Landlord/Lessor) and Studio on Sutter, LLC, a California Limited Liability Company (as Tenant/Lessee) which was executed by Elizabeth Voss on or about August 31, 2025.

**THERE IS NOW DUE AND OWING** unpaid rent for said premises in the following sum, which is an estimate made pursuant to the provisions of California Code of Civil Procedure section 1161.1, of the rental obligations due and owing:

**AMOUNT OF RENT DUE & UNPAID: $12,125.00**

**$ 5,625.00 Base Rent from November 1, 2025, through November 30, 2025**

**$ 6,500.00 Base Rent from December 1, 2025, through December 31, 2025**

**$ 12,125.00 TOTAL UNPAID AMOUNT DUE (see page 2 for Payment Instructions).**

If you fail to pay all such rent or to surrender up possession of the premises within Thirty (30) business days after service of this Notice on you, the Landlord/Lessor will institute legal proceedings against you to recover possession of said premises, to declare such lease forfeited, to recover rents and damages for unlawful detention of the premises, and to recover attorneys' fees and court costs.

**PLEASE BE ADVISED:** This Notice was served on 12/17/2025. Calculating the time in which you have to respond or otherwise comply with this Notice, can be accomplished, as follows: 1) The day this Notice was served is not counted, 2) The first day counted is the next business day and not a Saturday, Sunday, or judicial holiday, and 3) Continue counting only business days (excluding Saturdays, Sundays, and judicial holidays) until the number of days set forth by this Notice is reached.

26UD000734

**-PAYMENT INSTRUCTIONS -**

**Payment must be made payable to and delivered to:**

Murry Weaver
614 Sutter Street
Folsom, CA 95630 Telephone Number: 916 662-1327

**Payments made in person may be delivered between the hours of 9:00am and 5:00pm on the following day of the week:**

☒ Monday ☒ Tuesday ☒ Wednesday ☒ Thursday ☒ Friday ☐ Saturday ☐ Sunday
☐ Other ____________________

**Acceptable methods of payment:** ☒ Cashier's Check ☒ Certified Funds, ☒ Cash ☒ Business Check and ☐ EFT (*Pursuant to previously established or agreed upon "Electronic Funds Transfer" procedure*)

Please be advised that, pursuant to California Code of Civil Procedure section 1161.1 subdivision (c), you are herewith notified in advance that if the landlord accepts a partial payment of rent after filing a complaint for Unlawful Detainer, that the acceptance of said partial payment of rent does not constitute a waiver of any rights, including the right the landlord may have to recover possession of the premises. You are also notified in advance that if the Landlord/Lessor accepts a partial payment of rent, after serving of this notice, the landlord without any further notice to the tenant, may commence and pursue an action for eviction (unlawful detainer) to recover the difference between the amount demanded in this notice and the payment actually received and this shall be specified in the complaint for Unlawful Detainer.

In the event that your lease provides for damages pursuant to Civil Code section 1951.2, the Landlord/Lessor will also seek to recover such damages in accordance with Code of Civil Procedure section 1174.5, despite forfeiture of your lease.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

**NOTICE OF DEBT**

**THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

Dated: December 18, 2025

Murray B. Weaver, Trustee of the Albert S & Emily Baker Weaver Jr. Trust, Landlord/Lessor

# EXHIBIT 3

26UD000734

**PROOF OF SERVICE**

**PLAINTIFF:** MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S & EMILY BAKER WEAVER JR. TRUST, LANDLORD/LESSOR
**DEFENDANT:** STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; ALL UNNAMED OCCUPANTS

**CLIENT:** SID M. ROSENBERG LAW OFFICES
**REFERENCE:** 608 1/2

**DOCUMENTS SERVED:** THIRTY BUSINESS DAY NOTICE TO PAY RENT OR QUIT

**ADDRESS SERVED:** 608 1/2 SUTTER STREET, FOLSOM, CA 95630

I, the undersigned, being at least 18 years of age, declare, under penalty of perjury, (under the laws of the State of California) that I served a copy of the above document(s) in the manner indicated below.

**POST AND MAIL:** On the date and time specified below, I first attempted to knock and/or ring the doorbell. Finding no person of suitable age and discretion at any of the named occupant(s) known place of residence or business, I posted a copy of the document(s) for each named occupant(s) in a conspicuous place.

**PARTY TO SERVE:** STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; ALL UNNAMED OCCUPANTS
**DATE POSTED:** 12/17/2025, **TIME POSTED:** 9:13 am

**SERVICE OF MAIL:** On the date specified above, I caused a copy of the document(s) to be mailed to each of the named occupants via First Class, United States Mail, postage prepaid, in a sealed envelope to the address.

I declare under penalty of perjury (under the laws of the State of California) that the foregoing is true and correct.

**ANTOLINO RODRIGUEZ**
2024-078 (Sacramento)
12/17/2025
**Date**

**United Legal**
**1128 E 6th Street**
**Suite 2**
**Corona, CA 92879**
**(855) 401-8834**

Our Job Serial Number: UTL-2025109925
Ref: 608 1/2
Service Fee: $57.00

26UD000734

Attachment 17a

(This is an attempt to collect a debt; any information obtained will be used for that purpose)

I

The defendants not named in Paragraph 6c are alleged on information and belief to be assignees and/or subtenants, or are unknown, yet residing at the premises without plaintiff's permission or consent.

II

It is alleged that the defendant(s) are willfully, deliberately and obstinately withholding possession of the premises against the plaintiff's will with knowledge that the tenancy has been terminated legally.

III

Plaintiff remits to the jurisdictional limit, if any, of the court, as well as the jurisdictional limits of monetary damages specified by the Code of Civil Procedure and local court rules.

IV

At all times mentioned, defendant(s) were acting as agents or employees of the other defendants and acting within the course and scope of such agency and employment with knowledge of all other defendant(s) and each of them.

V

There is no local rent control applicable to the County in which this action has been filed.

VI

Pursuant to California Code of Civil Procedure § 1173, plaintiff reserves the right to amend the complaint at trial of this matter, if any, to allege the service and expiration of any prior, subsequent and/or additional Notices to Quit that may in the legal opinion of the plaintiff be necessary and/or appropriate to enforce the legal rights of the plaintiff.

Service by the plaintiff or agents for the plaintiff of any additional and/or subsequent Notices to quit for existing or subsequent violation(s) of one or more covenants of a rental agreement with defendant(s) and each of them, or violation of California law, will not and does not constitute an intention o the part of the plaintiff to waive or otherwise cause to be invalidated the particular notices to quit that are already being used as the basis for this action for Unlawful Detainer.

VII

________If this line is checked, it is also alleged that a Notice of Termination of Tenancy was served concurrently with the notice(s) specified at Paragraph 9(a) of the Complaint. Pursuant to Code of Civil Procedure § 1173 plaintiff at the time of trial will request leave to amend to include the service and expiration of a Notice of Termination of Tenancy.

VIII

If paragraph 15 of the complaint is checked, there is a written agreement signed by the defendant(s) providing for attorneys fees.

26UD000734

Attachment 17b

## ADDITIONAL NOTICES TO DEFENDANT/TENANT

[This is an attempt to collect a debt; any information obtained will be used for that purpose.]

### Contact with the Landlord or Property Manager

You may contact your landlord or your landlord's agent with whom you have been dealing or with whom your landlord has delegated the responsibility of handling your tenancy affairs. If you choose to contact your landlord or property manager, you should discuss possible resolution of this lawsuit without the necessity of proceeding forward with further litigation. Although you and the landlord or property manager may be negotiating resolution and/or settlement of this matter, you must nevertheless have any and all agreements and understandings reduced to writing and signed by all litigants and their attorneys **prior** to the time that you are required by law to file responsible pleadings with the court. If you have not accomplished formalizing a written agreement **prior** to the time to file a responsible pleading, you are advised that this office will file the appropriate default papers on the first available date.

### Contact with the Law Offices of Sid M. Rosenberg

**DO NOT** contact this office to discuss this matter with any of our attorneys or staff. Any and all discussions should initially take place with your landlord or property manager. If your landlord wishes, s/he will instruct this office to engage in further settlement negotiations with you. Settlement discussions will **not** delay the rapid processing of this case.

### No Suspension or Delay in Processing the Lawsuit

There will be no settlement resolution of this lawsuit without a **written** and **signed** agreement. Verbal agreements, verbal representations, verbal promises, verbal "anything" will not be and are not enforceable. This is a caution to you so that you are not somehow misled into thinking that by merely discussing this situation with your landlord, property manager, or this office, that the processing of this case will be delayed, suspended, or placed "on hold". This office has been given specific instructions by our landlords and managers not to slow down, delay or suspend the most rapid processing of this lawsuit unless agreements to the contrary are in writing and signed by all the parties.

### Tender or Delivery of Money During the Pending Lawsuit

Any money subsequently delivered to or received by the landlord, property manager, or this office will **NOT** be accepted as a waiver of the landlord's right to proceed forward with this eviction. You may, if your landlord is in agreement, choose to pay your landlord for unpaid rent, attorneys fees and costs of suit to reduce or eliminate the amount of money judgment that will be entered against you; however, in the absence of a written agreement to the contrary, payment of any sums will **NOT** prevent the landlord from proceeding forward with this eviction - you will simply be given a credit toward any total sums that the court finds to be due and owing. Again, in the absence of a written agreement signed by all the parties, any money delivered will be applied and credited toward any sums due for rent, attorneys fees and court costs and you will still be required to vacate the premises.

### Vacation or Abandonment of the Unit

In month to month tenancies you will be held financially responsible for the daily fair rental value of the premises (usually the contract rent divided by thirty) until such time as you actually vacate possession AND voluntarily transfer physical possession of the keys to the landlord or property manager, or until the Sheriff's Office formally requires you to vacate. If you elect to vacate prior to the Sheriff "lockout" you must *actually transfer physical possession of the keys* to the landlord or property manager - simply mailing the keys, or leaving them on a counter inside the unit will not be sufficient to terminate your financial responsibility.

### Remaining Personal Belongings

We recommend that you remove ALL personal belongings when you vacate. Any property left behind is subject to being discarded by the landlord. Consequently, make every effort to have all your belongings removed. Also, do everything you can to have the unit cleaned and free from damages. This will allow as much of your security deposit, if any, to be applied to unpaid rent.

26UD000734

## Attachment 17c

THIS NOTICE AND ALL OF THE PLEADINGS AND PAPERWORK ATTACHED HERETO, AND TO BE RECEIVED BY YOU THROUGHOUT THE COURSE OF THIS LAWSUIT IS AN ATTEMPT TO COLLECT A DEBT IN THE NAME OF, AS WELL AS FOR AND ON BEHALF OF THE PLAINTIFF; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

### NOTICE OF DEBT

The attached pleadings and documents reflect a debt being collected in the name of the Plaintiff, as well as for and on behalf of the plaintiff whose name or identity is set forth on the first page of the Complaint for Unlawful Detainer. This debt is not being collected by an assignee of the debt.
This notice does not waive or relieve you of any tenancy -related duties or responsibilities, or any of your legal responsibilities pursuant to California law.
Nothing contained in this notice or any other documentation attached herewith is intended as legal advise for the defendant(s) from the plaintiff or the attorney for the plaintiff; no attorney-client relationship is established between this law firm and the defendant(s).

1. The amount and basis of the debt claimed on behalf of plaintiff is set forth on pages one and two of the verified Complaint for Unlawful Detainer that is attached hereto.

2. The name of the creditor to whom the debt is owned is identified on the Summons and complaint as the "Plaintiff".

3. Unless within thirty (30) days of receipt of this notice, regarding monetary amounts claimed to be owed to the plaintiff, you dispute in writing the validity of the debt specified at item one above, or any portion thereof, the debt will be assumed to be valid by the person or entity generating this form.

   This does not mean that you have thirty (30) days from the date you were served with the Summons and Complaint within in which to file a legally appropriate response to the Summons and Complaint. Pursuant to California law, the Summons with which you were served states as follows:

   *"You have 5 DAYS after this summons is served on you to file a typewritten response at this court (To calculate the five days, count Saturday and Sunday, but do not count other court holidays.) A letter or a phone call will not protect you. Your typewritten response must be in proper legal form if you want the court to hear your case. If you do not file your response on time, you may lose the case, you may be evicted, and your wages, money and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book)."*

4. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain and mail a copy of the verification of the debt to you. For purposes of "notifying this office in writing," the filing of a formal Motion, Answer or Response to the Complaint for Unlawful Detainer does not constitute a "written dispute of debt." A separate and independent written dispute of the debt must be sent or delivered to the Law Offices of Sid M. Rosenberg within the thirty day period. The allegations in the attached Summons and verified Complaint provide you with sufficient information to verify the claims set forth therein. Nevertheless, upon receipt of your separate written dispute within thirty days, we shall mail you an additional and different verification of the debt.

   This does not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

5. Upon your written request within the thirty (30) day period, this firm will provide you with the name and address of the original creditor, if different from the current creditor.

   This doe not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Sid M. Rosenberg, Esq. 129158
FIRM NAME: LAW OFFICES OF SID M. ROSENBERG, INC.
STREET ADDRESS: 725 30TH STREET, SUITE 107
CITY: SACRAMENTO STATE: CA ZIP CODE: 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750
EMAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR *(name)*: Murray Weaver, et al.

*FOR COURT USE ONLY*

**FILED**
Superior Court of California
County of Sacramento
02/05/2026
M. McVey, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

CASE NAME: Murray Weaver, et al. v. Studio On Sutter, LLC, a California Limited Liability Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26UD000734 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $35,000) ☒ Limited (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☒ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)



→

CEB ceb.com Essential Forms

Weaver, Murray

26UD000734

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No
If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify)*: One (1) More

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/3/2026

Sid M. Rosenberg
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.



Weaver, Murray

26UD000734



## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition



CEB ceb.com Essential Forms

Weaver, Murray

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| SID ROSENBERG (129158)<br>SID M. ROSENBERG LAW OFFICES<br>725 30TH ST<br>STE 107<br>SACRAMENTO, CA 95816<br>TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750<br>EMAIL ADDRESS: sid@sidrosenberglaw.com<br>ATTORNEY FOR: Plaintiff | |
| **SACRAMENTO SUPERIOR COURT, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: 301 BICENTENNIAL CIR<br>MAILING ADDRESS: 301 BICENTENNIAL CIR<br>CITY AND ZIP CODE: SACRAMENTO, 95826<br>BRANCH NAME: CAROL MILLER JUSTICE CENTER | |
| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>608 1/2 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [ ] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents):
   COMPLAINT (UNLAWFUL DETAINER); CIVIL CASE COVER SHEET; VERIFICATION
3. a. Party served *(specify name of party as shown on documents served):*
   STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
   JEN DOE AS AUTHORIZED TO ACCEPT/RECEPTIONIST
4. Address where the party was served:
   608 1/2 SUTTER STREET, FOLSOM, CA 95630
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [X] **by substituted service.** On *(date):* 2/14/2026 at *(time):* 10:26 am I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   JEN DOE AUTHORIZED TO ACCEPT/RECEPTIONIST

   Description: Age: 40-45, Sex: F, Race/Skin Color: WHITE, Height: 5'6-5'11, Weight: 140-145, Hair: BROWN, Glasses: N, Eyes: BROWN

   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |
|---|---|

(4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):*2/14/2026 from *(city):*FOLSOM **or**[ ] a declaration of mailing is attached.

(5) [ ] I attached a **declaration of diligence** stating actions taken first to attempt personal service.

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) [ ] with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant.

d. [X] On behalf of *(specify):* STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

under the following Code of Civil Procedure section:

[X] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7. **Person who served papers**

a. Name:ANTOLINO RODRIGUEZ
Firm:SID M. ROSENBERG LAW OFFICES

b. Address:725 30TH ST, STE 107, SACRAMENTO, CA 95816

c. Telephone number: (916) 447-8101

d. **The fee** for the service was: $

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [X] a registered California process server:

(i) [ ] owner [ ] employee [X] independent contractor.

(ii) Registration No.:2024-078 (Sacramento)

(iii) County:SACRAMENTO

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

| | |
|---|---|
| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |

Date: 2/19/2026

ANTOLINO RODRIGUEZ
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

# EXHIBIT C

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER:<br>NAME: Elizabeth Voss (Authorized Representative, Studio On Sutter, LLC), In Pro Per<br>FIRM NAME: Studio On Sutter, LLC<br>STREET ADDRESS: 608 1/2 Sutter Street<br>CITY: Folsom STATE: CA ZIP CODE: 95630<br>TELEPHONE NO.: (916)500-4248 FAX NO.:<br>EMAIL ADDRESS: liz@studioonsutter.com<br>ATTORNEY FOR *(name)*: Studio On Sutter, LLC (Defendant) | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>02/23/2026<br>By: B. Woods Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 301 Bicentennial Circle<br>MAILING ADDRESS: 301 Bicentennial Circle<br>CITY AND ZIP CODE: Sacramento, CA 95826<br>BRANCH NAME: Carol Miller Justice Center | |
| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | |
| **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER:<br>26UD000734 |

1. Defendant *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):*
Studio On Sutter, LLC, a California Limited Liability Company

answers the complaint as follows.

2. **DENIALS** ***(Check ONLY ONE of the next two boxes.)***
   a. [ ] **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
   Defendant generally denies each statement of the complaint.
   b. [X] **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
   Defendant admits that all the statements of the complaint are true EXCEPT:

   **Denial of Allegations in Complaint (form UD-100 or other complaint for unlawful detainer)**

   (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
   [X] Explanation is on form MC-025, titled as Attachment 2b(1).
   See Attachment 2b(1) (MC-025).

   (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
   [X] Explanation is on form MC-025, titled as Attachment 2b(2).
   See Attachment 2b(2) (MC-025).

3. **DEFENSES AND OBJECTIONS** (*NOTE: For each box checked, you must state brief facts to support it in item 3t (on page 3) or, if more room is needed, on form MC-025. You can learn more about defenses and objections at* selfhelp.courts.ca.gov/eviction-tenant.*)*
   a. [ ] *(Nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. [ ] *(Nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [X] *(Nonpayment of rent only)* On *(date)*: before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [ ] *(Nonpayment of rent only)* Plaintiff's demand for possession is based on nonpayment of rent due more than one year ago.
   e. [X] Plaintiff waived, changed, or canceled the notice to quit.
   f. [ ] Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

3. g. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

h. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

*(Also, briefly state in item 3t the facts showing violation of the ordinance.)*

i. ☐ Plaintiff's demand for possession is subject to the Tenant Protection Act of 2019, Civil Code section 1946.2 or 1947.12, and is not in compliance with the act. *(Check all that apply and briefly state in item 3t the facts that support each.)*

(1) ☐ Plaintiff failed to state a just cause for termination of tenancy in the written notice to terminate.

(2) ☐ Plaintiff failed to provide an opportunity to cure any alleged violations of terms and conditions of the lease (other than payment of rent) as required under Civil Code section 1946.2(c).

(3) ☐ Plaintiff failed to comply with the relocation assistance requirements of Civil Code section 1946.2(d).

(4) ☐ Plaintiff has raised the rent more than the amount allowed under Civil Code section 1947.12, and the only unpaid rent is the unauthorized amount.

(5) ☐ Plaintiff violated the Tenant Protection Act in another manner that defeats the complaint.

j. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

k. ☐ Plaintiff seeks to evict defendant based on an act—against defendant, defendant's immediate family member, or a member of defendant's household—that constitutes domestic violence, sexual assault, stalking, human trafficking, abuse of an elder or a dependent adult, or a crime that caused bodily injury, involved a deadly weapon, or used force or threat of force. *(This defense requires one of the following, which may be included with this form: (1)* ***a temporary restraining order, protective order, or police report*** *that is not more than 180 days old; (2)* ***a signed statement from a qualified third party*** *(e.g., a doctor, domestic violence or sexual assault counselor, human trafficking caseworker, psychologist, or a victim of violent crime advocate concerning the injuries or abuse resulting from these acts); or (3) another form of documentation or evidence that verifies that the abuse or violence occurred.)*

(1) ☐ The abuse or violence was committed by a person who does not live in the dwelling unit.

(2) ☐ The abuse or violence was committed by a person who lives in the dwelling unit and defendant claims protection from eviction under Code of Civil Procedure section 1161.3(d)(2).

*l.* ☐ Plaintiff seeks to evict defendant based on defendant or another person calling the police or emergency assistance (e.g., ambulance) by or on behalf of a victim of abuse, a victim of crime, or an individual in an emergency when defendant or the other person believed that assistance was necessary.

m. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations and *(check all that apply)*

(1) ☐ plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source relating to the amount claimed in the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(2) ☐ plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source for rent accruing since the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(3) ☐ plaintiff's demand for possession is based only on late fees for defendant's failure to provide landlord payment within 15 days of receiving governmental rental assistance. (Health & Saf. Code, § 50897.1(e)(2)(B).)

n. ☐ Plaintiff violated a local COVID-19–related ordinance regarding evictions *(briefly state facts describing this in item 3t)*.

o. ☐ The property is covered by the federal CARES Act and the plaintiff did not provide 30 days' notice to vacate. *(Property covered by the CARES Act means property where the landlord*

- *is participating in a covered housing program as defined by the Violence Against Women Act (34 U.S.C. § 12491(a));*
- *is participating in the rural housing voucher program under section 542 of the Housing Act of 1949 (34 U.S.C. § 12491); or*
- *has a federally backed mortgage loan or a federally backed multifamily mortgage loan.)*

p. ☐ Before October 1, 2025, plaintiff improperly applied payments made by defendant in a tenancy that was in existence between March 1, 2020, and September 30, 2021 (Code Civ. Proc., § 1179.04.5), as follows *(check all that apply)*:

(1) ☐ Plaintiff applied a security deposit to rent, or other financial obligations due, without tenant's written agreement.

(2) ☐ Plaintiff applied a monthly rental payment to rent or other financial obligations that were due between March 1, 2020, and September 30, 2021, other than to the prospective month's rent, without tenant's written agreement.

**UD-105**

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus | CASE NUMBER: |
|---|---|
| DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | 26UD000734 |

3. q. ☐ Plaintiff refused to accept payment from a third party for rent due. (Civ. Code, § 1947.3; Gov. Code, § 12955.)
   r. ☐ Defendant has a disability and plaintiff refused to provide a reasonable accommodation that was requested. (Cal. Code Regs., tit. 2, § 12176(c).)
   s. ☒ Other defenses and objections are stated in item 3t.
   t. *(Provide facts for each item checked above, either below or, if more room needed, on form MC-025)*:
   ☒ Description of facts or defenses are on form MC-025, titled as Attachment 3t.
   Facts are on Attachment 3t(a) and 3t(b) (MC-025).

4. OTHER STATEMENTS
   a. ☐ Defendant vacated the premises on *(date)*:
   b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or, if more room needed, on form MC-025).*
   ☐ Explanation is on form MC-025, titled as Attachment 4b.
   c. ☐ Other *(specify below or, if more room needed, on form MC-025):*
   ☐ Other statements are on form MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☒ reasonable attorney fees.
   d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. ☒ Other *(specify below or on form MC-025):*
   ☐ All other requests are stated on form MC-025, titled as Attachment 5e.
   See Attachment 5e (MC-025).

6. ☒ Pages attached *(specify number of pages):* 5

UD-105

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus | CASE NUMBER: |
|---|---|
| DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | 26UD000734 |

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [X] did not [ ] did for compensation give advice or assistance with this form. If defendant has received **any** help or advice for pay from an unlawful detainer assistant, state

a. assistant's name:
b. telephone number:
c. street address, city, and zip code:
d. county of registration:
e. registration number:
f. expiration date:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless defendant's attorney signs.)*

| | |
|---|---|
| Elizabeth Voss, Authorized Rep., Studio On Sutter LLC<br>(TYPE OR PRINT NAME) | ▶ [signature]<br>(SIGNATURE OF DEFENDANT OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶<br>(SIGNATURE OF DEFENDANT OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶<br>(SIGNATURE OF DEFENDANT OR ATTORNEY) |

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 17, 2026

| | |
|---|---|
| Elizabeth Voss<br>(TYPE OR PRINT NAME) | ▶ [signature]<br>(SIGNATURE OF DEFENDANT) |

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | ▶<br>(SIGNATURE OF DEFENDANT) |

Date:

| | |
|---|---|
| (TYPE OR PRINT NAME) | ▶<br>(SIGNATURE OF DEFENDANT) |

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number)*: 2b(1)

*(This Attachment may be used with any Judicial Council form.)*

Attachment 2b(1) — Denial of Allegations

Defendant denies each and every allegation of the Complaint to the extent it alleges that Plaintiff is entitled to possession, damages, costs, attorney's fees, forfeiture, or any relief. Defendant specifically denies that any rent is due and owing in the amount alleged and denies that Plaintiff has complied with all conditions precedent to the relief requested.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number)*: 2b(2)

*(This Attachment may be used with any Judicial Council form.)*

Attachment 2b(2) — Denial for Lack of Information

Defendant lacks sufficient information or belief to admit the truth of the remaining allegations of the Complaint and therefore denies them.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number)*: 3t(a)

*(This Attachment may be used with any Judicial Council form.)*

1. Improper and/or Incomplete Service.
The Summons and Complaint were served by substitute service on front desk personnel at Defendant's place of business. Such personnel are not authorized agents for service of process. Defendant is informed and believes that service may not have been completed in strict compliance with California Code of Civil Procedure section 415.20 and therefore reserves the right to challenge the sufficiency and completion of service. A posted notice at the premises states no person at that location is authorized to accept service, and Defendant has not received a mailed copy following substitute service.

2. Prior Material Breach by Plaintiff (Exterior/"Outside" Maintenance).
The written commercial lease assigns responsibility for "outside" maintenance, including roof and exterior structural components, to Plaintiff. Plaintiff failed to adequately maintain and repair the roof, exterior siding, and building envelope. These failures existed prior to and during the period for which Plaintiff claims unpaid rent and constitute a prior material breach of the lease.

3. Ongoing Water Intrusion and Unsafe Conditions.
As a direct result of Plaintiff's failure to repair, repeated water intrusion has occurred during rain events, including water entering through exterior panels and through the ceiling. Water intrusion has continued during the pendency of this action, including recent rain events. These conditions have created unsafe operating conditions and have resulted in cancellation of scheduled classes and disruption of business operations.

4. Structural Mitigation, Expenses Paid in Good Faith, and Setoff.
Due to ceiling instability and safety concerns caused by Plaintiff's failure to repair the roof and structural components, Defendant incurred approximately $3,000 in structural reinforcement costs to prevent further deterioration and potential collapse. In addition, Plaintiff utilized electrical service attributable to Defendant without reimbursement in the approximate amount of $1,000 during the tenancy (dates and amounts according to proof). Defendant is entitled to offset these amounts against any sums claimed due.

5. Promised Reimbursement; Reliance; Changed Position. Plaintiff represented by text message that Plaintiff would reimburse Defendant in cash for certain expenses Defendant paid in good faith on Plaintiff's behalf, rather than applying those amounts as rent credits. Defendant relied on that representation and paid out of pocket, causing financial strain and affecting funds needed for payroll and marketing. Plaintiff later changed position and asserted the amounts would be handled as rent credits instead. Plaintiff's shifting position and failure to reimburse as promised support Defendant's offsets/credits, render Plaintiff's rent demand overstated, and support defenses including waiver and equitable estoppel (according to proof).

6. Incorrect Rent Demand.
The amount demanded in the notice fails to properly account for offsets, credits, and reimbursement obligations owed by Plaintiff, rendering the demand overstated.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 3t(b)

7. Breach of Covenant of Quiet Enjoyment
Plaintiff's failure to maintain the premises and failure to timely satisfy property tax obligations resulted in the County posting notice of tax delinquency and pending auction at the premises. Such posting disrupted classes in progress and caused member concern and cancellations.

Combined with ongoing water intrusion and unsafe structural conditions, these failures have materially interfered with Defendant's beneficial use and quiet enjoyment of the premises.

8. Breach of Covenant of Good Faith and Fair Dealing
Every contract in California contains an implied covenant of good faith and fair dealing. Plaintiff has breached this covenant by seeking forfeiture of the lease while failing to perform maintenance obligations assigned under the lease and while receiving interest from prospective tenants at higher rental rates.

Plaintiff's conduct constitutes opportunistic enforcement of the lease while Plaintiff remains in material breach of its own obligations.

9. Unclean Hands
Plaintiff seeks equitable relief in the form of forfeiture and possession while failing to maintain structural and exterior components of the premises and while owing reimbursement obligations to Defendant. Plaintiff's own misconduct bars or limits the equitable relief sought.

10. Relief from Forfeiture (CCP §1179)
Any alleged default is monetary and curable. Defendant has made substantial improvements to the premises and has invested significant capital into the property. Defendant is willing and able to cure any lawful arrears as determined by the Court.

Forfeiture of the lease under these circumstances would be inequitable, particularly in light of Plaintiff's ongoing breaches and the material interference with Defendant's business operations.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 5e

*(This Attachment may be used with any Judicial Council form.)*

Attachment 5e — Other Requests

Defendant requests relief from forfeiture pursuant to Code of Civil Procedure section 1179 and such other and further equitable relief as the Court deems just and proper. Defendant further requests an award of attorney's fees and costs to the extent permitted by the Lease and applicable law, and that Plaintiff's request for attorney's fees be denied unless Plaintiff is the prevailing party and otherwise entitled under the Lease and applicable law.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Sacramento<br>03/25/2026<br>A. Parmley, Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studion On Sutter, LLC, a California Limited Liability Company | |
| **Notice of Time and Place of Court Trial** | CASE NUMBER:<br>26UD000734 |

Notice is hereby given that te above entitled action has been set for UD Court Trial on: April 8, 2026 at 8:15 AM in Department 88 of the Carol Miller Justice Center, located at 301 Bicentennial Circle, Sacramento, CA 95826.

Unlawful Detainer hearings at the Carol Miller Justice Center have been open for in-person and remote hearings since January 3, 2022. Effective Monday, May 1, 2023, parties wishing to appear remotely for evidentiary hearings must apply to the court for a remote appearance. For non-evidentiary hearings, parties may appear remotely with notice to the court. Any party wishing to appear remotely must serve all other parties and comply with Code of Civil Procedure 367.75 and the court retains discretion to require in person appearances for all types of hearings. Please visit https://www.saccourt.ca.gov/ud/ud.aspx for Unlawful Detainer process to Request or Oppose a Remote Appearance.

If you have questions concerning the notification, contact the clerk's office at 916-875-7746.

**ALL PARTIES MUST APPEAR EITHER IN-PERSON OR REMOTELY (IF APPROVED BY THE COURT) ON TIME FOR HEARING/TRIAL. FAILURE TO APPEAR ON TIME MAY RESULT IN THE CASE BEING HEARD IN YOUR ABSENCE AND AN ADVERSE JUDGMENT MAY BE ENTERED AGAINST YOU.**

NOTE: A court reporter is not available in the Unlawful Detainer Department at the Carol Miller Justice Center. Parties may privately arrange to have a certified Official Pro Tempore court reporter present for hearings. The court uses electronic recording equipment to make an official verbatim record. Copies of the recording are available upon request.

Kelly Sullivan, Court Executive Officer

Dated: 03/25/2026

By:

/s/ A. Parmley
A. Parmley, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studion On Sutter, LLC, a California Limited Liability Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26UD000734 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Time and Place of Court Trial upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sid Mark Rosenberg
Sid M. Rosenberg, Inc.
725 30th St Ste 107
Sacramento, CA 95816

Studion On Sutter, LLC, a California
Limited Liability Company
608 1/2 Sutter Street
Folsom, CA 95630

Dated: 03/25/2026

By: /s/ A. Parmley
A. Parmley, Deputy Clerk

# EXHIBIT E

UD-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address)*:
Sid M. Rosenberg, Esq. 129158
LAW OFFICES OF SID M. ROSENBERG, INC.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
TELEPHONE NO.: (916) 447-8101 FAX NO. *(optional)*: (916) 447-4750
E-MAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR *(name)*: Murray B. Weaver, et al.

FOR COURT USE ONLY

FILED/ENDORSED
APR 8 2026
By M. Diaz Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company

## JUDGMENT—UNLAWFUL DETAINER

☐ By Clerk ☐ By Default ☒ After Court Trial
☒ By Court ☐ Possession Only ☐ Defendant Did Not Appear at Trial

CASE NUMBER: 26UD000734

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*: April 8, 2026 at 8:15 AM
      before *(name of judicial officer)*: Hon. Alin Cintean
   b. Appearances by:
      ☒ plaintiff *(name each)*:
      Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☒ plaintiff's attorney *(name each)*:
      (1) Sid M. Rosenberg, Esq.
      (2)
      ☒ defendant *(name each)*:
      Studio On Sutter, LLC, a California Limited Liability Company
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☐ defendant's attorney *(name each)*:
      (1)
      (2)
   c. ☒ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☒ A statement of decision (Code Civ. Proc., § 632) ☒ was not ☐ was requested.

UD-110

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

JUDGMENT IS ENTERED AS FOLLOWS BY: [X] THE COURT [ ] THE CLERK

3. **Parties.** Judgment is
   a. [X] for plaintiff *(name each)*: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust

   and against defendant *(name each)*: Studio On Sutter, LLC, a California Limited Liability Company

   [ ] Continued on *Attachment* 3a (form MC-025).

   b. [ ] for defendant *(name each)*:

4. The party entitled to possession of the premises located at *(street address, apartment, city, and county)*:
608 1/2 Sutter Street
Folsom, CA 95630, Sacramento County
is
[X] plaintiff named in item 3a [ ] defendant named in item 3b [ ] defendant listed on attached form UD-110P in item 8b1 (Code Civ. Proc., § 1174.27).

5. [X] Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. [X] **Amount and terms of judgment**
   a. [X] Defendant named in item 3a above must pay plaintiff on the complaint:

| | | |
|---|---|---|
| (1) [X] Past-due rent | $ | 12,125.00 |
| (2) [X] Holdover damages | $ | 21,233.66 |
| (3) [ ] Attorney fees | $ | |
| (4) [X] Costs | $ | 385.00 |
| (5) [ ] Other *(specify)*: | $ | |
| (6) **TOTAL JUDGMENT** | $ | 33,743.66 |

   b. [ ] Plaintiff is to receive nothing from defendant named in item 3b.
   [ ] Defendant named in item 3b is to recover costs: $
   [ ] and attorney fees: $

   c. [X] The rental agreement is canceled. [X] The lease is forfeited.

7. [ ] **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Habitable Premises Attachment* (form UD-110H), which is attached.

8. [ ] **Judgment for partial eviction.** A partial eviction is issued as stated in *Judgment—Unlawful Detainer Partial Eviction Attachment* (form UD-110P), which is attached.

9. [ ] **Other** *(specify)*:

   [ ] Continued on *Attachment* 9 (form MC-025).

Date: 4/8/26 [ ] [signature] JUDICIAL OFFICER ALIN CINTEAN

Date: [ ] Clerk, by ______________________, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________, Deputy

# EXHIBIT F

| COURT: Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY<br>FILED<br>Superior Court of California<br>County of Sacramento<br>04/22/2026<br>H. Alleyne, Deputy |
|---|---|
| CASE TITLE: MURRAY B. WEAVER, TRUSTEE O... vs STUDION ON SUTTER, LLC | |
| **JUDICIAL REVIEW AND ORDER ON** Ex Parte Application for Leave to Intervene | CASE NUMBER: 26UD000734 |

The Court, having reviewed the Ex Parte Application for Leave to Intervene hereby orders:

[ ] The application is GRANTED.

[ ] The application shall be set for Hearing.

[ ] Clerk's office to schedule the hearing and notice the parties.

[✔] The application is DENIED on the merits of the papers presented to the Court.

[ ] The application is DENIED without prejudice to its resubmission for the following reason(s).

[✔] Other orders:

The ~~Motion to Intervene is denied for the following reasons:~~
1. The motion was filed untimely, after the entry of judgment, and claimant has shown no good cause for the delay.
2. ~~Claimant has failed to demonstrate a personal legal interest in the property separate and distinct from the in~~terest of the named LLC defendant.

Date: 04/22/2026

Superior Court of California, County of Sacramento,
Unlawful Detainer Division

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studio On Sutter, LLC, a California Limited Liability Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26UD000734 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

ELIZABETH M. VOSS
608 1/2 SUTTER STREET
FolsomFOLSOM, CA 95630

Dated: 04/23/2026

By: /s/ H. Alleyne
H. Alleyne, Deputy Clerk

# EXHIBIT G

CIV-130

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER
NAME: Sid M. Rosenberg, Esq. 129158
FIRM NAME: LAW OFFICES OF SID M. ROSENBERG, INC.
STREET ADDRESS: 725 30TH STREET, SUITE 107
CITY: SACRAMENTO STATE: CA ZIP CODE: 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750
EMAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR (name): Murray B. Weaver, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

FOR COURT USE ONLY

FILED
Superior Court of California
County of Sacramento
04/29/2026
C. Brown, Deputy

PLAINTIFF/PETITIONER: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust

DEFENDANT/RESPONDENT: Studio On Sutter, LLC, a California Limited Liability Company

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

CASE NUMBER: 26UD000734

*(Check one):* [X] UNLIMITED CASE (Amount demanded exceeded $35,000) [ ] LIMITED CASE (Amount demanded was $35,000 or less)

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on *(date):* 4/8/2026
2. A copy of the judgment, decree, or order is attached to this notice.

Date: 4/29/2026

Sid M. Rosenberg, Esq.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

CIV-130

| PLAINTIFF/PETITIONER: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emil Baker B. Weaver Trust<br>DEFENDANT/RESPONDENT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER: 26UD000734 |
|---|---|

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the* Notice of Entry of Judgment or Order *if you are a party in the action. The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
725 30th Street, Suite 107, Sacramento, CA 95816

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. [X] deposited the sealed envelope with the United States Postal Service.
   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* 4/29/2026
   b. from *(city and state):* Sacramento, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Studio On Sutter, LLC, a California Limited Liability Company
   Street address: 608 1/2 Sutter Street
   City: Folsom
   State and zip code: CA 95630

   b. Name of person served:
   Street address:
   City:
   State and zip code:

   c. Name of person served: Chase Meister
   Street address: 555 Capitol Mall #1500
   City: Sacramento
   State and zip code: CA 95814

   d. Name of person served:
   Street address:
   City:
   State and zip code:

   [ ] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached 2

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 4/29/2026

Daria Young ▶ ______________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)



CEB ceb.com Essential Forms

Weaver, Murray

UD-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (name, state bar number, and address):
Sid M. Rosenberg, Esq. 129158
LAW OFFICES OF SID M. ROSENBERG, INC.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.(optional): (916) 447-4750
E-MAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR (name): Murray B. Weaver, et al.

FOR COURT USE ONLY

FILED/ENDORSED
APR 8 2026
By M. Diaz Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company

JUDGMENT—UNLAWFUL DETAINER
☐ By Clerk ☐ By Default ☒ After Court Trial
☒ By Court ☐ Possession Only ☐ Defendant Did Not Appear at Trial

CASE NUMBER: 26UD000734

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on **page 2 (item 4)**.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*: April 8, 2026 at 8:15 AM
      before *(name of judicial officer)*: Hon. Alin Cintean
   b. Appearances by:
      ☒ plaintiff *(name each)*:
      Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☒ plaintiff's attorney *(name each)*:
      (1) Sid M. Rosenberg, Esq.
      (2)
      ☒ defendant *(name each)*:
      Studio On Sutter, LLC, a California Limited Liability Company
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☐ defendant's attorney *(name each)*:
      (1)
      (2)
   c. ☒ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☒ A statement of decision (Code Civ. Proc., § 632) ☒ was not ☐ was requested.

UD-110

| | |
|---|---|
| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER: 26UD000734 |

JUDGMENT IS ENTERED AS FOLLOWS BY: [X] THE COURT [ ] THE CLERK

3. **Parties.** Judgment is

a. [X] for plaintiff *(name each)*: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust

and against defendant *(name each)*: Studio On Sutter, LLC, a California Limited Liability Company

[ ] Continued on *Attachment* 3a (form MC-025).

b. [ ] for defendant *(name each)*:

4. The party entitled to possession of the premises located at *(street address, apartment, city, and county)*:
608 1/2 Sutter Street
Folsom, CA 95630, Sacramento County
is
[X] plaintiff named in item 3a [ ] defendant named in item 3b [ ] defendant listed on attached form UD-110P in item 8b1 (Code Civ. Proc., § 1174.27).

5. [X] Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. [X] **Amount and terms of judgment**

a. [X] Defendant named in item 3a above must pay plaintiff on the complaint:

| | | |
|---|---|---|
| (1) [X] Past-due rent | $ | 12,125.00 |
| (2) [X] Holdover damages | $ | 21,233.66 |
| (3) [ ] Attorney fees | $ | |
| (4) [X] Costs | $ | 385.00 |
| (5) [ ] Other *(specify)*: | $ | |
| (6) **TOTAL JUDGMENT** | $ | 33,743.66 |

b. [ ] Plaintiff is to receive nothing from defendant named in item 3b.
[ ] Defendant named in item 3b is to recover costs: $
[ ] and attorney fees: $

c. [X] The rental agreement is canceled. [X] The lease is forfeited.

7. [ ] **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Habitable Premises Attachment* (form UD-110H), which is attached.

8. [ ] **Judgment for partial eviction.** A partial eviction is issued as stated in *Judgment—Unlawful Detainer Partial Eviction Attachment* (form UD-110P), which is attached.

9. [ ] **Other** *(specify)*:

[ ] Continued on *Attachment 9* (form MC-025).

Date: 4/8/26 [ ] [signature] JUDICIAL OFFICER ALIN CINTEAN

Date: [ ] Clerk, by ____________________, Deputy

(SEAL)

CLERK'S CERTIFICATE *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ____________________, Deputy



CEB | Essential Forms ceb.com

Weaver, Murray

# EXHIBIT H

**ELIZABETH VOSS**
**608 ½ Sutter Street**
**Folsom, CA 95630**
**(916) 500-4248**

**ELIZABETH VOSS**
**Plaintiff in Pro Per**

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
06/15/2026
By: K. Johnson Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

**ELIZABETH VOSS**, an individual,
Plaintiff,

v.

**SID MARK ROSENBERG,** an individual;
**LAW OFFICES OF SID M. ROSENBERG, INC.;**
and DOES 1 through 10, inclusive,
Defendants.

**CASE NO. 26CV011361**

**FIRST AMENDED VERIFIED COMPLAINT FOR ABUSE OF PROCESS**

**[UNLIMITED CIVIL]**

**DEMAND FOR JURY TRIAL**

**Plaintiff Elizabeth Voss** alleges as follows:

## I. PARTIES

1. **Plaintiff Elizabeth Voss** is, and at all relevant times was, an individual residing in California.

2. **Defendant Sid Mark Rosenberg** is, and at all relevant times was, an attorney duly licensed to practice law in the State of California, doing business in Sacramento County, California.

3. **Defendant Law Offices of Sid M. Rosenberg, Inc.** is, on information and belief, a California professional corporation with its principal place of business in Sacramento County, California. At all relevant times, Rosenberg acted within the course and scope of his ownership, employment, agency, and/or apparent authority for the firm, and the firm is vicariously liable for his conduct alleged herein.

4. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sues those Defendants by fictitious names pursuant to *Code Civ. Proc., § 474*. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the conduct alleged herein.

5. At all relevant times, each Defendant was the agent, employee, attorney, alter ego, joint venturer, co-conspirator, and/or co-actor of every other Defendant, and in doing the acts alleged herein was acting within the course and scope of that relationship with the knowledge, consent, authorization, ratification, and approval of the other Defendants.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to *Code Civ. Proc., §§ 410.10, 422.30, 577* and the California Constitution.

7. This action is properly filed as an unlimited civil action because Plaintiff seeks damages exceeding the limited civil jurisdictional amount, including emotional distress damages, punitive damages, and other damages according to proof.

8. Venue is proper in Sacramento County pursuant to *Code Civ. Proc., § 395(a)* because the acts and omissions complained of occurred in Sacramento County, the underlying unlawful detainer proceeding was prosecuted in Sacramento County, and Defendants reside in or do business in Sacramento County.

## III. BACKGROUND

9. Plaintiff sets forth the following background facts to explain the parties' lease relationship, the timing of Studio On Sutter, LLC's formation, the document discrepancies, the contractual dispute-resolution provisions, the altered and omitted lease materials, the February

23, 2026 Answer, and the notice provided to Defendant Rosenberg before continued use of the unlawful detainer process, judgment enforcement, and lockout. Plaintiff does not include this Background section for the Court to decide the merits of the underlying lease dispute. Rather, Plaintiff includes it to provide the factual context necessary to understand Plaintiff's abuse-of-process allegations, including why Plaintiff alleges Defendants' continued use of process after notice was improper.

10. For purposes of this Background section, references to "Plaintiff" and "Defendant" within the February 23, 2026 Answer refer to the party designations used in the underlying unlawful detainer action, Case No. 26UD000734. In that action, Murray B. Weaver was the plaintiff, and Studio On Sutter, LLC was the named defendant. Elizabeth Voss alleges she was the individual lease signatory, real party in interest, and/or necessary party whose rights were directly affected by the unlawful detainer action.

11. Studio On Sutter, LLC was formed with the California Secretary of State on or about September 16, 2024. Before that formation date, Elizabeth Voss signed a lease agreement with Murray Weaver, Trustee of the Murray Weaver Trust. The lease was signed on or about August 31, 2024, approximately seventeen days before Studio On Sutter, LLC was formed with the California Secretary of State.

12. The lease used multiple names or references. The front of the lease referenced "Studio On Sutter." Other portions of the lease referenced "Core Pilates." The signature page identified Elizabeth Voss as "Owner."

13. Plaintiff alleges that because Studio On Sutter, LLC did not exist when the lease was signed on August 31, 2024, it could not have been the original contracting tenant at that time. Plaintiff further alleges that the lease contains no transfer-of-ownership clause, no assumption clause, no written assignment, no novation, and no separate replacement lease transferring Plaintiff's individual lease rights to Studio On Sutter, LLC. Plaintiff also alleges that Studio On Sutter, LLC is a multimember LLC, not a single-member entity, which further underscores the disputed nature of the proper party in interest.

14. Plaintiff does not plead these facts to ask the Court to decide the merits of the underlying lease dispute in this action. Rather, Plaintiff alleges them to show that Rosenberg had actual notice of a substantial, nonfrivolous dispute concerning the identity of the proper tenant and nonetheless continued to use the unlawful detainer process against Studio On Sutter, LLC.

Plaintiff further alleges that, once aware of those facts, Rosenberg should at minimum have questioned whether the unlawful detainer mechanism was being used against the correct party before continuing to pursue judgment, writ, and lockout relief.

15. Plaintiff alleges that the parties also executed a written addendum to the lease, containing provisions and conditions that affected when rent would become due. Plaintiff further alleges that the addendum was accompanied by a signed and dated "Barn To Do List" identifying required work that was part of the lease relationship. Plaintiff alleges that Rosenberg knew of these writings before and during the writ process, knew the lease materials were materially disputed, and knew Plaintiff was seeking emergency review. Plaintiff further alleges that, with that knowledge, Rosenberg continued to use the unlawful detainer process, the motion to strike, the judgment, the writ, and the lockout as leverage to obtain an irreversible possession result before the dispute could be meaningfully heard.

16. Plaintiff photographed the original lease on or about January 12, 2025, approximately three and one-half months after the lease had been signed. Plaintiff alleges she currently maintains those photographs and related metadata records.

17. Notably, the contract and related writings contained the following provisions and obligations:

(a) **Real estate taxes and other tax obligations.** The lease provides that the Lessor shall pay, during the term of the lease, the real estate taxes and special taxes and assessments attributable to the premises. The addendum further states: "Landlord to pay all property taxes for premises," and again states: "Tenant shall pay all electric and gas utilities generated by her operation, Landlord to pay water, garbage, sewer charges up to $1,000.00 per month. Landlord to pay all property taxes for premises." Plaintiff alleges rent would not be due until the conditions in the addendum were completed.

(b) **Exterior maintenance.** The lease assigns the Lessor responsibility for maintenance of the outside of the building.

(c) **Quiet enjoyment.** The lease provides the tenant with the right to quiet enjoyment of the premises.

(d) **Disputes clause / arbitration provision.** The lease states: "If any dispute should arise in relation to this Lease Agreement the Lessor and Lessee shall first negotiate amongst themselves in good faith. Afterwards, if the dispute is not resolved then the

Lessor and Lessee shall seek mediation in accordance with the laws in the State of California. If the Lessor and Lessee fail to resolve the dispute through mediation then the American Arbitration Association shall be used in accordance with their rules. Lessor and Lessee agree to the binding effect of any ruling or judgment made by the American Arbitration Association."

**(e) Addendum tying rent to completion of landlord work.** The parties executed a signed addendum stating: "If unit not available by October 1, 2024, no rent will be due until contracted work is completed by landlord- specifically new south entry doors, and related items." Plaintiff alleges the addendum was accompanied by a second page, the **"BARN TO DO LIST,"** which was attached, signed, and dated August 31, 2024.

18. On or about February 5, 2026, Sid Mark Rosenberg, on behalf of Murray Weaver, initiated an unlawful detainer action in *Sacramento Superior Court, Case No. 26UD000734.* Plaintiff is informed and believes, and on that basis alleges, that before filing the action Rosenberg possessed, reviewed, and relied upon lease materials, advised Weaver regarding next steps, and obtained information he deemed relevant to filing the action.

19. On February 23, 2026, Elizabeth Voss appeared and was permitted to file an Answer in her individual capacity. The Answer denied the allegations of the complaint and asserted the following defenses, objections, and requests:

**Attachment 2b(1) — Denial of Allegations**

20. Defendant denied each and every allegation of the Complaint to the extent it alleged that Plaintiff was entitled to possession, damages, costs, attorney's fees, forfeiture, or any other relief. Defendant specifically denied that any rent was due and owing in the amount alleged and denied that Plaintiff had complied with all conditions precedent to the relief requested.

**Attachment 2b(2) — Denial for Lack of Information**

21. Defendant lacked sufficient information or belief to admit the truth of the remaining allegations of the Complaint and therefore denied them.

**Attachment 3t(a)–(b)**

**Improper and/or Incomplete Service.**

22. The Summons and Complaint were served by substitute service on front desk personnel at Defendant's place of business. Defendant alleged that such personnel were not authorized agents for service of process. Defendant was informed and believed that service may

not have been completed in strict compliance with *Cal. Code Civ. Proc., § 415.20* and therefore reserved the right to challenge the sufficiency and completion of service. A posted notice at the premises stated that no person at that location was authorized to accept service, and Defendant had not received a mailed copy following substitute service.

**Prior Material Breach by Plaintiff (Exterior/Outside Maintenance).**

23. The written commercial lease assigned responsibility for outside maintenance, including roof and exterior structural components, to Plaintiff. Plaintiff allegedly failed to adequately maintain and repair the roof, exterior siding, and building envelope. These failures existed before and during the period for which Plaintiff claimed unpaid rent and constituted a prior material breach of the lease.

**Ongoing Water Intrusion and Unsafe Conditions.**

24. As a direct result of Plaintiff's failure to repair, repeated water intrusion allegedly occurred during rain events, including water entering through exterior panels and through the ceiling. Water intrusion continued during the pendency of the action, including during recent rain events. These conditions created unsafe operating conditions and resulted in cancellation of scheduled classes and disruption of business operations.

**Structural Mitigation, Expenses Paid in Good Faith, and Setoff.**

25. Due to ceiling instability and safety concerns allegedly caused by Plaintiff's failure to repair the roof and structural components, Defendant incurred approximately $3,000 in structural reinforcement costs to prevent further deterioration and potential collapse. In addition, Plaintiff allegedly utilized electrical service attributable to Defendant without reimbursement in the approximate amount of $1,000 during the tenancy, subject to proof. Defendant claimed entitlement to offset these amounts against any sums claimed due.

**Promised Reimbursement; Reliance; Changed Position.**

26. Plaintiff allegedly represented by text message that Plaintiff would reimburse Defendant in cash for certain expenses Defendant paid in good faith on Plaintiff's behalf, rather than applying those amounts as rent credits. Defendant allegedly relied on that representation and paid out of pocket, causing financial strain and affecting funds needed for payroll and marketing. Plaintiff later allegedly changed position and asserted the amounts would be handled as rent credits instead. Plaintiff's shifting position and failure to reimburse as promised supported

Defendant's offsets and credits, rendered Plaintiff's rent demand overstated, and supported defenses including waiver and equitable estoppel, subject to proof.

**Incorrect Rent Demand.**

27. The amount demanded in the notice allegedly failed to properly account for offsets, credits, and reimbursement obligations owed by Plaintiff, rendering the demand overstated.

**Breach of Covenant of Quiet Enjoyment.**

28. Plaintiff's alleged failure to maintain the premises and failure to timely satisfy property tax obligations resulted in the County posting notice of tax delinquency and pending auction at the premises. The posting allegedly disrupted classes in progress and caused member concern and cancellations. Combined with ongoing water intrusion and unsafe structural conditions, these failures materially interfered with Defendant's beneficial use and quiet enjoyment of the premises.

**Breach of Covenant of Good Faith and Fair Dealing.**

29. Plaintiff allegedly breached the implied covenant of good faith and fair dealing by seeking forfeiture of the lease while failing to perform maintenance obligations assigned under the lease and while receiving interest from prospective tenants at higher rental rates. Plaintiff's conduct constituted opportunistic enforcement of the lease while Plaintiff remained in material breach of its own obligations.

**Unclean Hands.**

30. Plaintiff sought equitable relief in the form of forfeiture and possession while allegedly failing to maintain structural and exterior components of the premises and while owing reimbursement obligations to Defendant. Plaintiff's own misconduct barred or limited the equitable relief sought.

Relief from Forfeiture (*Code Civ. Proc., § 1179*).

31. Any alleged default was monetary and curable. Defendant had made substantial improvements to the premises and had invested significant capital into the property. Defendant was willing and able to cure any lawful arrears as determined by the Court. Forfeiture of the lease under these circumstances would be inequitable, particularly in light of Plaintiff's ongoing breaches and the material interference with Defendant's business operations.

**Attachment 5e — Other Requests**

32. Defendant requested relief from forfeiture pursuant to *Code Civ. Proc., § 1179* and such other and further equitable relief as the Court deemed just and proper. Defendant further requested an award of attorney's fees and costs to the extent permitted by the Lease and applicable law, and that Plaintiff's request for attorney's fees be denied unless Plaintiff was the prevailing party and otherwise entitled under the Lease and applicable law.

33. Plaintiff includes this background information to show that Sid Rosenberg had actual notice of non-frivolous, course-altering evidence, including evidence that the lease materials used in the unlawful detainer case were materially disputed and that Plaintiff had raised serious issues concerning the proper party, the lease version, and the omitted dispute-resolution provisions. Plaintiff alleges that Rosenberg nevertheless ignored Plaintiff's communications, failed to meaningfully test the validity of the claims he was pursuing, and continued to use the unlawful detainer machinery, the motion to strike, the judgment, the writ, and the lockout as leverage to secure an irreversible possession result before review. Plaintiff alleges that this conduct was outside the regular course of the proceeding and caused Plaintiff emotional and non-economic harm.

34. On April 8, 2026, the UD Action proceeded to trial. Sid Rosenberg was given a copy of Plaintiff's evidence packet containing supporting documents and pictures in opposition to the claims in the complaint. Sid Rosenberg, at his request, was sent an email version of the addendum. Sid Rosenberg reviewed the information prior to the commencement of the trial. The proceeding lasted approximately eleven minutes. Plaintiff appeared at the proceeding believing she was the proper lease party, individual lease signatory, and real party in interest. Plaintiff attempted to raise the disputed complaint issues, the disputed lease materials, the omitted addendum and Barn To Do List, the wrong-party issue, and the challenged amount allegedly owed.

35. Rosenberg orally moved to strike Plaintiff's Answer without prior written notice. Plaintiff alleges no noticed written motion to strike was filed or served before the hearing. Under *Cal. Code Civ. Proc. § 1005(b)*, unless otherwise ordered or specifically provided by law, moving and supporting papers for a noticed motion must generally be served and filed at least 16 court days before the hearing. If service is by mail, facsimile, express mail, overnight delivery, or another qualifying method, additional time applies as stated in the statute. Oppositions are

generally due at least nine court days before the hearing, and reply papers are generally due at least five court days before the hearing.

**(a) For a standard noticed motion to strike, the moving party must provide the required statutory notice, unless the Court orders otherwise or a different procedure is specifically provided by law;**

**(b) the hearing date must comply with the applicable notice requirements, including the 16-court-day minimum under *Cal. Code Civ. Proc. § 1005(b)*, unless shortened by the Court or otherwise permitted by law;**

**(c) the responding party must be given a meaningful opportunity to oppose the motion before the Court rules; and**

**(d) where applicable, the filing of a motion to strike affects the time to answer or otherwise respond as provided by statute, including *Cal. Code Civ. Proc., § 435(c)*.**

36. The Court granted Rosenberg's oral motion to strike the Answer. The Court thereafter entered judgment in favor of Weaver in the amount of $33,743.66 against Studio On Sutter, LLC on April 8, 2026. Plaintiff alleges that, with actual notice of nonfrivolous discrepancies in the lease record, including the altered or omitted dispute-resolution provision, the omitted addendum and **"Barn To Do List,"** and the wrong-party issue, Rosenberg nevertheless used the unlawful detainer process, including the oral motion to strike Plaintiff's Answer, the resulting judgment, the writ of possession, and the lockout process, to obtain an irreversible possession result and litigation advantage before Plaintiff's dispute could be meaningfully heard. Plaintiff alleges that this conduct was not ordinary advocacy, but a misuse of judicial process for a collateral purpose after notice, and that the gravamen of the claim is the continued use and enforcement of process rather than the underlying merits of the lease dispute. See <u>*Rusheen v. Cohen*</u>, *37 Cal. 4th 1048 (2006)*; <u>*Barquis v. Merchants Collection Assn.*</u>, *7 Cal. 3d 94 (1972)*; <u>*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*</u>, *42 Cal. 3d 1157 (1986)*.

## IV. GENERAL FACTUAL ALLEGATIONS

### A. Rosenberg Proceeded After Conscious Awareness of Substantial Counterarguments and Defects

37. Plaintiff alleges that, before the April 8, 2026 trial, Defendant Rosenberg had actual and conscious awareness of substantial, valid, and nonfrivolous counterarguments to the unlawful detainer action, including the disputed lease record, the omitted addendum and Barn To Do List, the altered or crossed-out *DISPUTES* clause, the wrong-party issue, the challenged rent demand, and Plaintiff's claimed individual lease rights and defenses.

38. Plaintiff does not repeat those Background facts here to relitigate the merits of the lease dispute. Plaintiff alleges them to show Rosenberg's knowledge before he continued using the unlawful detainer process.

39. Plaintiff alleges Rosenberg had that knowledge from the Answer, Plaintiff's communications, Plaintiff's evidence packet, supporting photographs, lease records, and materials provided to him before the April 8, 2026 trial.

40. Plaintiff alleges Rosenberg knew or had reason to know that Plaintiff's objections were not incidental, technical, or frivolous, but were substantial and capable of changing the course of the proceeding if heard.

41. Plaintiff alleges that, despite this conscious awareness, Rosenberg proceeded at trial and used an oral motion to strike Plaintiff's Answer without prior written notice to prevent Plaintiff's defenses and counterarguments from being heard.

42. Plaintiff alleges the oral motion to strike effectively silenced Plaintiff's ability to present the disputed lease record, omitted writings, wrong-party issue, rent dispute, and related defenses before judgment was entered.

43. Plaintiff alleges Rosenberg's use of the oral strike procedure, after actual notice of those substantial counterarguments, was a willful use of process outside the regular and proper purpose of the proceeding.

44. Plaintiff alleges the resulting judgment then became the procedural vehicle Defendants used to pursue the writ of possession, lockout, and post-judgment enforcement despite Rosenberg's prior notice of the substantial defects and unresolved issues.

**B. April 8, 2026 Trial, Oral Strike, and Judgment**

45. On April 8, 2026, the unlawful detainer action proceeded to trial.

46. Plaintiff appeared believing she was the individual lease signatory, proper lease party, real party in interest, and/or necessary party whose rights and defenses were directly affected.

47. Plaintiff attempted to raise the disputed lease materials, omitted addendum, Barn To Do List, wrong-party issue, and challenged amount allegedly owed.

48. Plaintiff alleges Rosenberg orally moved to strike Plaintiff's Answer after receiving actual notice of Plaintiff's evidence, defenses, and substantial counterarguments.

49. Plaintiff alleges no noticed written motion to strike was served before trial.

50. Plaintiff alleges the oral motion to strike was used to cut off Plaintiff's ability to be heard on the very issues Rosenberg had been placed on notice were disputed, substantial, and course-changing.

51. The Court granted Rosenberg's oral motion to strike the Answer and thereafter entered judgment in favor of Weaver.

52. Plaintiff alleges Defendants then continued to use the judgment, writ, and lockout machinery after the April 8, 2026 trial despite actual notice that the underlying process was being challenged as defective, incomplete, and based on disputed lease materials.

**C. Post-Trial Emergency Notice and Continued Use of Process**

53. After judgment, Plaintiff repeatedly notified Defendants, the Court, and the Sheriff that emergency review was being sought and that enforcement should not proceed before the disputed lease-record, omitted-writing, and wrong-party issues could be heard.

54. Plaintiff alleges Rosenberg received notice that Plaintiff had retained attorney Chase Meister and that Meister was preparing emergency post-judgment relief.

55. Plaintiff alleges Rosenberg also received notice that Meister became medically incapacitated during the active writ period.

56. Plaintiff alleges Rosenberg knew or had reason to know that Plaintiff was attempting to obtain emergency judicial review while the writ process remained active.

57. On April 19, 2026, Plaintiff sent Rosenberg written notice that the judgment had been entered against the wrong party, that the lease relied upon by Weaver appeared to differ materially from the executed lease, that the Answer had been struck without adequate written

notice, and that immediate irreparable harm would occur if the writ were executed before the Court could hear the matter.

58. Plaintiff alleges that, by April 19, 2026, Rosenberg had actual written notice that Plaintiff was challenging the judgment, the lease record, the writ, and the continued use of process.

59. Plaintiff alleges Defendants nevertheless continued to pursue, preserve, and benefit from the judgment, writ of possession, lockout process, and post-judgment enforcement.

60. Plaintiff alleges the continued use of process after April 19, 2026 was willful, knowing, and undertaken despite notice that enforcement would create irreversible consequences before meaningful review could occur.

61. Plaintiff alleges the post-trial and post-notice use of process is the core conduct supporting this abuse-of-process action.

**D. April 27, 2026 Writ Issue and April 28, 2026 Lockout**

62. Plaintiff is informed and believes, and on that basis alleges, that on or about April 27, 2026, Rosenberg interacted with the Clerk Supervisor at the Carol Miller Justice Center regarding whether there was any reason to hold or stop the writ of possession.

63. Plaintiff further alleges that, when asked whether there was a reason to hold or stop the writ, Rosenberg stated, in substance, that there was not.

64. Plaintiff alleges the Clerk Supervisor relayed that statement to Plaintiff in person at the Carol Miller Justice Center.

65. Plaintiff alleges that, before the Clerk Supervisor communicated with Rosenberg, the Clerk Supervisor had contacted the Sacramento County Sheriff's Department Civil Enforcement Unit to determine whether possession had already occurred, and possession had not yet occurred.

66. Plaintiff alleges Rosenberg's alleged April 27, 2026 statement was made after he had already received repeated notice of the altered-lease allegations, omitted addendum, wrong-party issue, counsel incapacitation, emergency filings, pending efforts to obtain judicial review, and imminent risk of irreversible harm.

67. On April 28, 2026, the writ of possession was executed and the lockout occurred.

68. Plaintiff alleges the lockout occurred after Defendants had actual notice of the disputed lease record, omitted addendum, wrong-party issue, counsel incapacitation, emergency filings, and Plaintiff's repeated requests to stay, recall, hold, or delay enforcement.

69. Plaintiff alleges Defendants' use of the writ and lockout process was not merely ordinary possession enforcement, but was used after notice to create irreversible consequences before Plaintiff's claimed rights and defenses could be meaningfully reviewed.

**E. Post-Lockout Conduct and Continued Leverage**

70. After the lockout, Plaintiff sought supervised retrieval of property, records, equipment, inventory, and other business-related materials.

71. Plaintiff alleges Defendants and/or their client failed to reasonably cooperate with Plaintiff's efforts to preserve access to property and records despite notice that the underlying lease, possession, and property issues remained disputed.

72. On or about April 29, 2026, Meister filed or attempted to file post-lockout ex parte papers, including a Request for Judicial Notice concerning the lease document submitted in Court, Plaintiff's original lease document, and the altered lease submitted with the original complaint in *Case No. 26UD000734.*

73. Plaintiff alleges Rosenberg was served with those filings and therefore received further notice of the altered-lease allegations, omitted lease materials, wrong-party issue, and requested post-judgment relief.

74. Plaintiff alleges that around or before the May 12, 2026 hearing, Meister attempted to obtain a copy of the lease Rosenberg had submitted and attempted to negotiate a resolution.

75. Plaintiff alleges Rosenberg refused those requests and stated, in substance, that no matter what Plaintiff filed, he would fight it.

76. Plaintiff further alleges Rosenberg stated, in substance, that if it were up to him, the property would have been executed long before it was and that it should not have taken that long.

77. Plaintiff alleges those statements, if proven, show Rosenberg's knowledge of the ongoing dispute, awareness of Plaintiff's continued efforts to obtain review, and intent to

preserve the benefit of the writ and lockout despite notice of the altered-lease allegations and wrong-party issue.

78. Plaintiff alleges that at the May 12, 2026 hearing, Rosenberg referenced or acknowledged the existence of more than one lease version by stating, in substance, "whichever version of the lease you're referring to."

79. Plaintiff alleges Rosenberg did not substantively disprove the altered-lease allegation at that hearing.

80. Plaintiff alleges Rosenberg's post-lockout and post-hearing conduct further supports the inference that the judgment, writ, lockout, and related process were being used as leverage against Plaintiff and not merely as ordinary possession enforcement.

**F. Pattern of Notice and Continued Use of Process**

81. By June 12, 2026, Plaintiff had made more than ninety documented communications, filing attempts, emergency notices, service emails, court contacts, Sheriff contacts, administrative review requests, appellate-related filings, and related efforts concerning the unlawful detainer judgment, writ, lockout, altered lease allegations, omitted addendum, wrong-party issue, and property-access dispute.

82. Many of Plaintiff's communications expressly used emergency language and referenced urgent harm, including imminent lockout, execution of the writ, loss of possession, severe financial harm, loss of property access, interruption of healthcare and wellness services, displacement of providers and clients, health and safety concerns, loss-of-life concerns, and irreparable injury.

83. Plaintiff alleges the frequency, urgency, and substance of these communications placed Defendants on repeated notice that continued use of the judgment, writ, lockout, and post-lockout control would cause severe and potentially irreversible harm before the altered-lease, omitted-addendum, and wrong-party issues could be meaningfully reviewed.

84. Plaintiff alleges Defendants nevertheless continued to pursue, preserve, and benefit from the unlawful detainer judgment, writ of possession, lockout, and post-lockout control after receiving repeated notice of those defects and Plaintiff's emergency efforts to obtain judicial review.

85. Plaintiff alleges Defendants' conduct was not limited to the filing of the unlawful detainer complaint or ordinary advocacy.

86. Plaintiff alleges Defendants used judicial process after actual notice, proceeded anyway, and then continued to use the resulting judgment, writ, lockout, and enforcement machinery to obtain an irreversible result before meaningful review could occur.

**G. Ongoing Damages, Conscious Disregard, and Punitive-Damages Support**

87. Plaintiff alleges Defendants acted with conscious disregard of Plaintiff's rights by continuing to use and preserve the benefit of the judgment, writ, lockout, and post-judgment enforcement after actual notice of the altered-lease allegations, omitted addendum, wrong-party issue, counsel incapacitation, emergency filings, and imminent risk of irreversible harm.

88. Plaintiff alleges Defendants knew that continued enforcement before meaningful review would likely cause Plaintiff panic, anxiety, fear, humiliation, helplessness, emotional overwhelm, sleep disruption, and distress.

89. Plaintiff alleges Defendants nevertheless continued to use the process to preserve leverage and irreversible possession consequences before the disputed issues could be meaningfully heard.

90. Plaintiff alleges this conduct was intentional, oppressive, and/or in conscious disregard of Plaintiff's rights because Defendants allegedly used judicial process after notice to force consequences beyond ordinary adjudication of possession and to pressure Plaintiff while her emergency review efforts remained pending.

91. Plaintiff is informed and believes, and on that basis alleges, that Defendant Rosenberg was an owner, officer, director, managing agent, principal, or person with control authority for Defendant Law Offices of Sid M. Rosenberg, Inc., and that the firm authorized, ratified, approved, adopted, or benefited from Rosenberg's conduct alleged herein.

**V. FIRST CAUSE OF ACTION FOR ABUSE OF PROCESS**

**(Against All Defendants)**

92. Plaintiff incorporates by reference paragraphs 1 through 91 as though fully set forth herein.

93. Plaintiff alleges Defendants used judicial process in the underlying unlawful detainer matter, including Rosenberg's oral motion to strike Plaintiff's Answer, the resulting judgment, the writ of possession, the lockout process, and related post-judgment enforcement activity.

94. Abuse of process requires an ulterior motive in using process and a willful act in the use of process not proper in the regular conduct of the proceedings. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, *42 Cal. 3d 1157 (1986)*; *Coleman v. Gulf Ins. Group*, *41 Cal. 3d 782 (1986)*; *CACI No. 1520*. Plaintiff alleges both elements here.

95. Plaintiff alleges Defendants had actual notice after the challenged use of process, prior to the writ of execution but after the default judgement had been entered, that the lease version relied upon in court materially differed from Plaintiff's executed lease, that the DISPUTES clause had been crossed out without Plaintiff's authorization, that the signed addendum and Barn To Do List were omitted from the unlawful detainer materials, and that Plaintiff contended the action had been brought against the wrong party.

96. Plaintiff alleges Defendants also had actual notice that Plaintiff had retained counsel, that counsel became medically incapacitated during the active writ period, and that Plaintiff was seeking emergency review before execution of the writ.

97. Plaintiff alleges that, despite that notice, Defendants continued to use, preserve, and benefit from the judgment, writ of possession, lockout process, and post-judgment enforcement.

98. Plaintiff alleges Defendants acted with an ulterior purpose separate from the ordinary adjudication of possession rights. Plaintiff alleges Defendants used the process to create irreversible possession consequences before meaningful review could occur, to preserve the benefit of the judgment despite the disputed lease record, to moot or impair Plaintiff's challenge to the lease and wrong-party issues, and to pressure Plaintiff while emergency relief remained pending.

99. Plaintiff alleges Defendants committed willful acts in the use of process that were not proper in the regular conduct of the proceedings, including Rosenberg's oral motion to strike Plaintiff's Answer after actual notice of the disputed lease materials, omitted addendum, wrong-party issue, and Plaintiff's claimed lease rights and defenses.

100. Plaintiff alleges Defendants' willful acts also included continuing to pursue, preserve, and benefit from execution of the writ and lockout after repeated notice that Plaintiff was seeking emergency review and that enforcement would occur before the altered-lease, omitted-addendum, and wrong-party issues could be meaningfully heard.

101. Plaintiff alleges that, on or about April 27, 2026, Rosenberg stated there was no reason to hold or stop the writ of possession after receiving repeated notice of the disputed lease materials, omitted addendum, wrong-party issue, counsel incapacitation, emergency filings, and imminent risk of irreversible harm.

102. Plaintiff alleges the April 28, 2026 lockout occurred after Defendants had actual notice of the disputed lease record, wrong-party issue, omitted lease materials, counsel incapacitation, emergency filings, and Plaintiff's repeated requests to stay, recall, hold, or delay enforcement.

103. Plaintiff alleges Defendants used the process not merely to obtain possession through regular adjudication, but as leverage to obtain advantages beyond the legitimate scope of unlawful detainer process, including possession leverage, procedural leverage, and property-control leverage.

104. As a direct and proximate result of Defendants' alleged abuse of process, Plaintiff suffered emotional and non-economic harm separate from, and not duplicative of, damages sought or available for wrongful eviction, breach of covenant of quiet enjoyment, breach of contract, declaratory relief, injunctive relief, intentional infliction of emotional distress, or intentional interference with contractual relations.

105. Plaintiff's emotional and non-economic harm included panic, anxiety, fear, humiliation, helplessness, emotional overwhelm, sleep disruption, and distress caused by the continued use of the judgment, writ, lockout process, and post-judgment enforcement before the disputed issues could be meaningfully reviewed.

106. Plaintiff alleges Defendants acted intentionally, maliciously, oppressively, and/or in conscious disregard of Plaintiff's rights by continuing to use and preserve the benefit of judicial process after actual notice of the altered-lease allegations, omitted addendum, wrong-party issue, counsel incapacitation, emergency filings, and imminent risk of irreversible harm. See *Cal. Civ. Code § 3294.*

107. Plaintiff is informed and believes, and on that basis alleges, that Defendant Rosenberg was an owner, officer, director, managing agent, principal, or person with control authority for Defendant Law Offices of Sid M. Rosenberg, Inc., and that Rosenberg's acts were performed within the course and scope of that relationship.

108. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Law Offices of Sid M. Rosenberg, Inc. authorized, ratified, approved, adopted, or benefited from the conduct alleged herein.

109. Plaintiff seeks punitive and exemplary damages pursuant to *Cal. Civ. Code § 3294* in an amount sufficient to punish and deter Defendants' malicious, oppressive, and/or conscious-disregard conduct, according to proof and subject to constitutional limits.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For judgment in Plaintiff's favor on the cause of action for abuse of process;

2. For emotional distress and non-economic damages proximately caused by Defendants' alleged abuse of process, including panic, anxiety, fear, dread, emotional overwhelm, humiliation, helplessness, sleep disruption, difficulty concentrating, stress-related symptoms, and distress arising from the alleged misuse of judicial process after actual notice of disputed lease materials, omitted writings, the wrong-party issue, counsel incapacitation, and pending emergency review efforts, in an amount according to proof;

3. For punitive and exemplary damages pursuant to *Cal. Civ. Code § 3294* in an amount not less than $175,000, or such greater amount as the trier of fact deems just and proper, sufficient to punish and deter Defendants and to reflect the seriousness of the conduct alleged herein;

4. For costs of suit incurred herein pursuant to *Cal. Code Civ. Proc. § 1032* and other applicable law;

5. For prejudgment interest where legally available;

6. For such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable. See *Code Civ. Proc., § 631*.

## VIII. VERIFICATION

I, Elizabeth M. Voss, am the Plaintiff in this action. I have read the foregoing First Amended Verified Complaint for Abuse of Process and know its contents. The same is true of my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 12, 2026, at Folsom, California.

Elizabeth M. Voss
Plaintiff in Pro Per

SID M. ROSENBERG, ESQ., SBN 129158
MICHAEL L. SHOFF, ESQ., SBN 290419
LAW OFFICES OF SID M. ROSENBERG, INC.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
Telephone: (916) 447-8101
Facsimile: (916) 447-4750

ATTORNEYS FOR DEFENDANTS,
SID MARK ROSENBERG and
LAW OFFICES OF SID M. ROSENBERG, INC.

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
09/17/2026
By: M. Cervantes Deputy

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| **ELIZABETH VOSS, an individual,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SID MARK ROSENBERG, an individual; LAW OFFICES OF SID M. ROSENBERG, INC.; and DOES 1-10, inclusive,**<br><br>**Defendants.** | **CASE NO. 26CV011361**<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**Hearing Date: October 1, 2026**<br>**Time: 9:00 a.m.**<br>**Location: Dept. 16C**<br><br>**Action Filed: May 11, 2026** |

**To All Parties and Their Attorneys of Record:**

Pursuant to the provisions of Evidence Code section 452, Specially Appearing Defendants, **SID MARK ROSENBERG** and **LAW OFFICES OF SID M. ROSENBERG, INC.** (hereinafter "Mr. Rosenberg" and, collectively, "Defendants"), hereby request this court take judicial notice of the following materials:

1. The Summons and Complaint for Unlawful Detainer, in Case No. 26UD000734, filed on February 5, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit A**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

2. Proof of Service regarding Case No. 26UD000734 and evidencing substitute service and per Code of Civil Procedure section 416.10, dated February 19, 2026. A copy of this document is attached hereto as **Exhibit B**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

3. Answer, in Case No. 26UD000734, filed on February 23, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit C**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

4. The Court's Notice of Time and Place of Trial, in Case No. 26UD000734, filed on March 25, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit D**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

5. The Court's Judgment, in Case No. 26UD000734, filed on April 8, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit E**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

6. The Court's Order on Ex Parte Application for Leave to Intervene, in Case No. 26UD000734, filed on April 22, 2026, and any exhibits attached thereto. A copy of this document is attached hereto as **Exhibit F**. This document is subject to judicial notice pursuant to Evidence Code section 452 subdivision (d), attached hereto and incorporated as such into Defendants' opposition.

///

///

///

///

///

///

DATED: September 17, 2026

**LAW OFFICES OF SID M. ROSENBERG, INC.**
**A Professional Law Corporation**

*/s/ Michael L. Shoff*

Sid M. Rosenberg, Esq.
Michael L. Shoff, Esq.
Attorney for Defendants,
**SID MARK ROSENBERG** and
**LAW OFFICES OF SID M. ROSENBERG, INC.**

# EXHIBIT A

# SUMMONS—EVICTION

SUM-130

## *(CITACIÓN JUDICIAL—DESALOJO)*

**UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY**

***(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)***

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Sacramento
02/05/2026
M. McVey, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Studio On Sutter, LLC, a California Limited Liability Company, and DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 10 days. You have 10 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 15 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the Self-Help Guide to the California Courts (selfhelp.courts.ca.gov), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 10 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 10 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 15 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en la Guía de Ayuda de las Cortes de California (selfhelp.courts.ca.gov/es), o poniéndose en contacto con la corte o el colegio de abogados local.*

***EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 ó más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento County Superior Court
301 Bicentennial Circle
Sacramento, CA 95826

CASE NUMBER *(número de caso):*
26UD000734

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sid M. Rosenberg, Esq.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
LAW OFFICES OF SID M. ROSENBERG, INC.
(916) 447-8101

SUM-130

| PLAINTIFF *(Name):* Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust<br>DEFENDANT *(Name):* Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did **for compensation give advice or assistance with this form.** *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

Date: 02/05/2026 *(Fecha)* Kelly Sullivan, Court Executive Officer Clerk, by /s/ M. McVey *(Secretario)*, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
   [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
   [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
   [ ] CCP 415.46 (occupant). [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

UD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Sid M. Rosenberg, Esq. 129158
FIRM NAME: LAW OFFICES OF SID M. ROSENBERG, INC.
STREET ADDRESS: 725 30TH STREET, SUITE 107
CITY: SACRAMENTO STATE: CA ZIP CODE: 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750
EMAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR (name): Murray Weaver, et al.

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Sacramento
02/05/2026
M. McVey, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily
DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company
☒ DOES 1 TO 10

**COMPLAINT—UNLAWFUL DETAINER***
☒ COMPLAINT ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 26UD000734

**Jurisdiction** *(check all that apply):*
☒ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded ☐ does not exceed $10,000
☒ exceeds $10,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
☐ from unlawful detainer to general unlimited civil (possession not in issue).
☐ from limited to unlimited.
☐ from unlawful detainer to general limited civil (possession not in issue).
☐ from unlimited to limited.

1. *PLAINTIFF (name each):*
Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust

*alleges causes of action against DEFENDANT (name each):*
Studio On Sutter, LLC, a California Limited Liability Company

2. a. Plaintiff is (1) ☐ an individual over the age of 18 years. (4) ☐ a partnership.
(2) ☐ a public agency. (5) ☐ a corporation.
(3) ☒ other *(specify):* Trust

b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. The venue is the court named above because defendant named above is in possession of the premises located at *(street address, apartment number, city, zip code, and county):*
608 1/2 Sutter Street
Folsom, CA 95630
Sacramento County

b. The premises in 3a are *(check one)*
(1) ☐ within the city limits of *(name of city):*
(2) ☒ within the unincorporated area of *(name of county):* Sacramento County

c. The premises in 3a were constructed in *(approximate year):* 1958

4. Plaintiff's interest in the premises is ☒ as owner ☐ other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

***NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

6. a. On or about *(date)*: 9/1/2024
defendant *(name each)*:
Studio On Sutter, LLC, a California Limited Liablity Company

(1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify)*: 6 year lease
(2) agreed to pay rent of $ 6,500.00 payable ☒ monthly ☐ other *(specify frequency)*:
(3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify)*:

b. This ☒ written ☐ oral agreement was made with
(1) ☒ plaintiff. (3) ☐ plaintiff's predecessor in interest.
(2) ☐ plaintiff's agent. (4) ☐ Other *(specify)*:

c. ☒ The defendants not named in item 6a are
(1) ☒ subtenants.
(2) ☒ assignees.
(3) ☒ Other *(specify)*: alleged, on information and belief, to be unknown, yet residing at the premises without Plaintiff's permission or conse

d. ☐ The agreement was later changed as follows *(specify)*:

e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

f. ☐ *(For residential property)* A copy of the written agreement is not attached because *(specify reason)*:
(1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
(2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in item 6 *(check 7a or 7b)*

a. ☒ is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify)*: 1946.2 (a)

b. ☐ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

(1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $

(2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each)*:

c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each)*: Studio On Sutter, LLC, a California Limited Liablity Company

was served the following notice on the same date and in the same manner:

(1) ☐ 3-day notice to pay rent or quit
(2) ☐ 30-day notice to quit
(3) ☐ 60-day notice to quit
(4) ☐ 3-day notice to quit
(5) ☐ 30-day notice to vacate under the federal CARES Act (15 U.S.C. § 9058(c))
(6) ☐ 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
(7) ☐ 3-day notice to quit under Civil Code, § 1946.2(c). Prior required notice to perform covenants served *(date)*:
(8) ☒ Other *(specify)*: 30 Business Day Notice to Pay Rent or Quit

UD-100

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER: 26UD000734 |
|---|---|

9. b. (1) On *(date):* 2/2/2026 the period stated in the notice checked in 9a expired at the end of the day.
(2) Defendants failed to comply with the requirements of the notice by that date.
c. All facts stated in the notice are true.
d. [X] The notice included an election of forfeiture.
e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code section 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
(1) [ ] By personally handing a copy to defendant on *(date):*
(2) [ ] By leaving a copy with *(name or description):* ,
a person of suitable age and discretion, on *(date):* at defendant's
[ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence
on *(date):* because defendant cannot be found at defendant's residence or usual place of business.
(3) [X] By posting a copy on the premises on *(date):* 12/17/2025
[X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
on *(date):* 12/17/2025
(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
(b) [X] because no person of suitable age or discretion can be found there.
(4) [ ] *(Not for 3-day notice; see Civil Code section 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
(5) [ ] *(Not for residential tenancies; see Civil Code section 1953, before using)* In the manner specified in a written commercial lease between the parties
b. [ ] *(Name):*
was served on behalf of all defendants who signed a joint written rental agreement.
c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [X] **Statements regarding rental assistance** *(Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must complete items 11a–d and, if later seeking a default judgment, will also need to file* Verification Regarding Rental Assistance—Unlawful Detainer *(form UD-120).)*

a. Plaintiff [ ] has received [X] has not received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

b. Plaintiff [ ] has received [X] has not received rental assistance or other financial compensation from any other source for rent accruing *after* the date of the notice underlying the complaint.

c. Plaintiff [ ] has [X] does not have any pending applications for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint.

d. Plaintiff [ ] has [X] does not have any pending applications for rental assistance or other financial compensation from any other source for rent accruing *after* the date on the notice underlying the complaint.

12. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

13. [X] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 12,125.00

14. [X] The fair rental value of the premises is $ 216.67 per day.

15. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

UD-100

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

16. ☐ A written agreement between the parties provides for attorney fees.

17. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*: (Not applicable in Yolo, Placer or El Dorado Counties); City of Sacramento, Sacramento Tenant Protection and Relief Act, Sept. 12, 2019.

Plaintiff has met all applicable requirements of the ordinances.

18. ☒ Other allegations are stated in Attachment 17.

19. Plaintiff accepts the jurisdictional limit, if any, of the court.

20. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 12,125.00
   d. ☐ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.
   f. ☐ damages in the amount of waived rent or relocation assistance as stated in item 8: $
   g. ☒ damages at the rate stated in item 13 from *date:* 1/1/2026 for each day that defendants remain in possession through entry of judgment.
   h. ☐ statutory damages up to $600 for the conduct alleged in item 14.
   i. ☒ other *(specify)*: for such other and further relief as the court deems just and proper.

21. ☒ Pages attached *(specify number of pages)*:

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

22. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

Date: 2/3/2026

Sid M. Rosenberg ▶ [signature]

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily ▶ See Attached Verification

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

26UD000734

(Each Signator must sign in appropriate location)

**VERIFICATION UNDER PENALTY OF PERJURY-UNLAWFUL DETAINER**

**IF YOU ARE A PROPERTY MANAGER OR AUTHORIZED AGENT FOR THE OWNER/LANDLORD OF THE PROPERTY SIGN THIS TOP VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the property manager or authorized agent for the owner or landlord/lessor of the real property described in the Complaint for Unlawful Detainer and owned or leased by the Plaintiff/Owner/Landlord/Lessor of the premises, or
2. If the plaintiff is described in the complaint as a corporation, I declare that I am an officer of the Plaintiff Corporation, a corporation organized under the laws of the State of California, and I have been authorized to execute this verification on its behalf.
3. I am duly and expressly authorized to verify said Complaint on the Plaintiff's behalf. Said Complaint for Unlawful Detainer is attached hereto. I am verifying said complaint for Unlawful Detainer on behalf of the owner or the landlord/lessor because the facts stated therein are known by myself and may not be known to the owner or landlord/lessor.
4. I have read said Plaintiff's Mandatory Cover Sheet and Complaint for Unlawful Detainer and know the contents thereof.
5. I certify that the same is true of my own knowledge except as to those matters, which are stated therein upon my information and belief; and as to those matters, I believe them to be true.
6. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in__________________, California, on the below stated date.

DATED: ________________

____________________________ ____________________________

Print your name

Sign your name: Property Manager/Authorized Agent
Per C.R.C. Rule 2.305, A signature produced by fax transmission is deemed to be an original

**IF YOU ARE THE OWNER OR LANDLORD/LESSOR OF THE PROPERTY WHERE YOUR TENANT RESIDES: SIGN THIS BOTTOM VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the plaintiff in the above-entitled action, and owner or landlord/lessor of the real property described in the Complaint for Unlawful Detainer, which is attached hereto.
2. I have read said Plaintiff's Mandatory Cover Sheet and Complaint for Unlawful Detainer and know the contents thereof.
3. I certify that the same is true of my knowledge except as to those matters, which are stated therein upon my information and belief and as to those matters, I believe them to be true.
4. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in SAC70, California, on the below stated date.

DATED: 2/3/26

Murray Weaver

Print your name

[signature]

Sign your name: Plaintiff/Owner/Landlord/Lessor
Per C.R.C. Rule 2.305, A signature produced by fax transmission is deemed to be an original

26UD000734

# EXHIBIT 2

26UD000734

# THIRTY BUSINESS DAY NOTICE TO PAY RENT OR QUIT

**[C.C.P. § 1161 (2)]**

**TO: STUDIO ON SUTTER, LLC, a California Limited Liability Company.**
**AND ALL ADULT OCCUPANTS IN POSSESSION OF THE PREMISES LOCATED AT:**
**608 ½ Sutter Street, Folsom, CA 95630**
**which is the address of the Premises which is the subject of this notice.**

**Agent for Service of Process: Elizabeth M. Voss - 2377 Via Villaggio, Sacramento, CA 95864**

NOTICE IS HEREBY GIVEN that under the terms of that certain Commercial Lease Agreement, dated for reference purposes only, September 1, 2024, and any Addenda or Amendments thereto.

1. In accordance with that certain Commercial Lease Agreement, dated for reference purposes only, September 1, 2024, pursuant to which you hold possession of the premises located at 608 ½ Sutter Street, Folsom, CA 95630, entered into between Weaver Trust (as Landlord/Lessor) and Studio on Sutter, LLC, a California Limited Liability Company (as Tenant/Lessee); and

2. That certain Lease Addendum dated August 31, 2024, to that certain Commercial Lease Agreement, pursuant to which you hold possession of the premises located at 608 ½ Sutter Street, Folsom, CA 95630, entered into between entered into between Weaver Trust (as Landlord/Lessor) and Studio on Sutter, LLC, a California Limited Liability Company (as Tenant/Lessee) which was executed by Elizabeth Voss on or about August 31, 2025.

**THERE IS NOW DUE AND OWING** unpaid rent for said premises in the following sum, which is an estimate made pursuant to the provisions of California Code of Civil Procedure section 1161.1, of the rental obligations due and owing:

**AMOUNT OF RENT DUE & UNPAID: $12,125.00**

**$ 5,625.00 Base Rent from November 1, 2025, through November 30, 2025**

**$ 6,500.00 Base Rent from December 1, 2025, through December 31, 2025**

**$ 12,125.00 TOTAL UNPAID AMOUNT DUE (see page 2 for Payment Instructions)**

If you fail to pay all such rent or to surrender up possession of the premises within Thirty (30) business days after service of this Notice on you, the Landlord/Lessor will institute legal proceedings against you to recover possession of said premises, to declare such lease forfeited, to recover rents and damages for unlawful detention of the premises, and to recover attorneys' fees and court costs.

**PLEASE BE ADVISED:** This Notice was served on 12/17/2025. Calculating the time in which you have to respond or otherwise comply with this Notice, can be accomplished, as follows: 1) The day this Notice was served is not counted, 2) The first day counted is the next business day and not a Saturday, Sunday, or judicial holiday, and 3) Continue counting only business days (excluding Saturdays, Sundays, and judicial holidays) until the number of days set forth by this Notice is reached.

**- PAYMENT INSTRUCTIONS –**

**Payment must be made payable to and delivered to:**

Murry Weaver
614 Sutter Street
Folsom, CA 95630 Telephone Number: 916 662-1327

**Payments made in person may be delivered between the hours of 9:00am and 5:00pm on the following day of the week:**

☒ Monday ☒ Tuesday ☒ Wednesday ☒ Thursday ☒ Friday ☐ Saturday ☐ Sunday
☐ Other ______________________________________________

**Acceptable methods of payment:** ☒ Cashier's Check ☒ Certified Funds, ☒ Cash ☒ Business Check and ☐ EFT (*Pursuant to previously established or agreed upon "Electronic Funds Transfer" procedure*)

Please be advised that, pursuant to California Code of Civil Procedure section 1161.1 subdivision (c), you are herewith notified in advance that if the landlord accepts a partial payment of rent after filing a complaint for Unlawful Detainer, that the acceptance of said partial payment of rent does not constitute a waiver of any rights, including the right the landlord may have to recover possession of the premises. You are also notified in advance that if the Landlord/Lessor accepts a partial payment of rent, after serving of this notice, the landlord without any further notice to the tenant, may commence and pursue an action for eviction (unlawful detainer) to recover the difference between the amount demanded in this notice and the payment actually received and this shall be specified in the complaint for Unlawful Detainer.

In the event that your lease provides for damages pursuant to Civil Code section 1951.2, the Landlord/Lessor will also seek to recover such damages in accordance with Code of Civil Procedure section 1174.5, despite forfeiture of your lease.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

**NOTICE OF DEBT**

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

Dated: December 13 2025

Murray B. Weaver, Trustee of the Albert S & Emily Baker Weaver Jr. Trust, Landlord/Lessor

26UD000734

# EXHIBIT 3

26UD000734

# PROOF OF SERVICE

**PLAINTIFF:** MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S & EMILY BAKER WEAVER JR. TRUST, LANDLORD/LESSOR
**DEFENDANT:** STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; ALL UNNAMED OCCUPANTS

**CLIENT:** SID M. ROSENBERG LAW OFFICES
**REFERENCE:** 608 1/2

**DOCUMENTS SERVED:** THIRTY BUSINESS DAY NOTICE TO PAY RENT OR QUIT

**ADDRESS SERVED:** 608 1/2 SUTTER STREET, FOLSOM, CA 95630

I, the undersigned, being at least 18 years of age, declare, under penalty of perjury, (under the laws of the State of California) that I served a copy of the above document(s) in the manner indicated below.

**POST AND MAIL:** On the date and time specified below, I first attempted to knock and/or ring the doorbell. Finding no person of suitable age and discretion at any of the named occupant(s) known place of residence or business, I posted a copy of the document(s) for each named occupant(s) in a conspicuous place.

**PARTY TO SERVE:** STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; ALL UNNAMED OCCUPANTS
**DATE POSTED:** 12/17/2025, **TIME POSTED:** 9:13 am

**SERVICE OF MAIL:** On the date specified above, I caused a copy of the document(s) to be mailed to each of the named occupants via First Class, United States Mail, postage prepaid, in a sealed envelope to the address.

I declare under penalty of perjury (under the laws of the State of California) that the foregoing is true and correct.

[signature]

**ANTOLINO RODRIGUEZ**
2024-078 (Sacramento)
12/17/2025
**Date**

**United Legal**
**1128 E 6th Street**
**Suite 2**
**Corona, CA 92879**
**(855) 401-8834**

Our Job Serial Number: UTL-2025109925
Ref: 608 1/2
Service Fee: $57.00

26UD000734

Attachment 17a

(This is an attempt to collect a debt; any information obtained will be used for that purpose)

I

The defendants not named In Paragraph 6c are alleged on information and belief to be assignees and/or subtenants, or are unknown, yet residing at the premises without plaintiff's permission or consent.

II

It is alleged that the defendant(s) are willfully, deliberately and obstinately withholding possession of the premises against the plaintiff's will with knowledge that the tenancy has been terminated legally.

III

Plaintiff remits to the jurisdictional limit, if any, of the court, as well as the jurisdictional limits of monetary damages specified by the Code of Civil Procedure and local court rules.

IV

At all times mentioned, defendant(s) were acting as agents or employees of the other defendants and acting within the course and scope of such agency and employment with knowledge of all other defendant(s) and each of them.

V

There is no local rent control applicable to the County in which this action has been filed.

VI

Pursuant to California Code of Civil Procedure § 1173, plaintiff reserves the right to amend the complaint at trial of this matter, if any, to allege the service and expiration of any prior, subsequent and/or additional Notices to Quit that may in the legal opinion of the plaintiff be necessary and/or appropriate to enforce the legal rights of the plaintiff.

Service by the plaintiff or agents for the plaintiff of any additional and/or subsequent Notices to quit for existing or subsequent violation(s) of one or more covenants of a rental agreement with defendant(s) and each of them, or violation of California law, will not and does not constitute an intention o the part of the plaintiff to waive or otherwise cause to be invalidated the particular notices to quit that are already being used as the basis for this action for Unlawful Detainer.

VII

________If this line is checked, it is also alleged that a Notice of Termination of Tenancy was served concurrently with the notice(s) specified at Paragraph 9(a) of the Complaint. Pursuant to Code of Civil Procedure § 1173 plaintiff at the time of trial will request leave to amend to include the service and expiration of a Notice of Termination of Tenancy.

VIII

If paragraph 15 of the complaint is checked, there is a written agreement signed by the defendant(s) providing for attorneys fees.

26UD000734

Attachment 17b

## ADDITIONAL NOTICES TO DEFENDANT/TENANT

[This is an attempt to collect a debt; any information obtained will be used for that purpose.]

Contact with the Landlord or Property Manager

You may contact your landlord or your landlord's agent with whom you have been dealing or with whom your landlord has delegated the responsibility of handling your tenancy affairs. If you choose to contact your landlord or property manager, you should discuss possible resolution of this lawsuit without the necessity of proceeding forward with further litigation. Although you and the landlord or property manager may be negotiating resolution and/or settlement of this matter, you must nevertheless have any and all agreements and understandings reduced to writing and signed by all litigants and their attorneys prior to the time that you are required by law to file responsible pleadings with the court. If you have not accomplished formalizing a written agreement prior to the time to file a responsible pleading, you are advised that this office will file the appropriate default papers on the first available date.

Contact with the Law Offices of Sid M. Rosenberg

**DO NOT** contact this office to discuss this matter with any of our attorneys or staff. Any and all discussions should initially take place with your landlord or property manager. If your landlord wishes, s/he will instruct this office to engage in further settlement negotiations with you. Settlement discussions will not delay the rapid processing of this case.

No Suspension or Delay in Processing the Lawsuit

There will be no settlement resolution of this lawsuit without a **written** and **signed** agreement. Verbal agreements, verbal representations, verbal promises, verbal "anything" will not be and are not enforceable. This is a caution to you so that you are not somehow misled into thinking that by merely discussing this situation with your landlord, property manager, or this office, that the processing of this case will be delayed, suspended, or placed "on hold". This office has been given specific instructions by our landlords and managers not to slow down, delay or suspend the most rapid processing of this lawsuit unless agreements to the contrary are in writing and signed by all the parties.

Tender or Delivery of Money During the Pending Lawsuit

Any money subsequently delivered to or received by the landlord, property manager, or this office will **NOT** be accepted as a waiver of the landlord's right to proceed forward with this eviction. You may, if your landlord is in agreement, choose to pay your landlord for unpaid rent, attorneys fees and costs of suit to reduce or eliminate the amount of money judgment that will be entered against you; however, in the absence of a written agreement to the contrary, payment of any sums will **NOT** prevent the landlord from proceeding forward with this eviction - you will simply be given a credit toward any total sums that the court finds to be due and owing. Again, in the absence of a written agreement signed by all the parties, any money delivered will be applied and credited toward any sums due for rent, attorneys fees and court costs and you will still be required to vacate the premises.

Vacation or Abandonment of the Unit

In month to month tenancies you will be held financially responsible for the daily fair rental value of the premises (usually the contract rent divided by thirty) until such time as you actually vacate possession AND voluntarily transfer physical possession of the keys to the landlord or property manager, or until the Sheriff's Office formally requires you to vacate. If you elect to vacate prior to the Sheriff "lockout" you must *actually transfer physical possession of the keys* to the landlord or property manager - simply mailing the keys, or leaving them on a counter inside the unit will not be sufficient to terminate your financial responsibility.

Remaining Personal Belongings

We recommend that you remove ALL personal belongings when you vacate. Any property left behind is subject to being discarded by the landlord. Consequently, make every effort to have all your belongings removed. Also, do everything you can to have the unit cleaned and free from damages. This will allow as much of your security deposit, if any, to be applied to unpaid rent.

26UD000734

# Attachment 17c

THIS NOTICE AND ALL OF THE PLEADINGS AND PAPERWORK ATTACHED HERETO, AND TO BE RECEIVED BY YOU THROUGHOUT THE COURSE OF THIS LAWSUIT IS AN ATTEMPT TO COLLECT A DEBT IN THE NAME OF, AS WELL AS FOR AND ON BEHALF OF THE PLAINTIFF; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

## NOTICE OF DEBT

The attached pleadings and documents reflect a debt being collected in the name of the Plaintiff, as well as for and on behalf of the plaintiff whose name or identity is set forth on the first page of the Complaint for Unlawful Detainer. This debt is not being collected by an assignee of the debt.
This notice does not waive or relieve you of any tenancy -related duties or responsibilities, or any of your legal responsibilities pursuant to California law.
Nothing contained in this notice or any other documentation attached herewith is intended as legal advise for the defendant(s) from the plaintiff or the attorney for the plaintiff; no attorney-client relationship is established between this law firm and the defendant(s).

1. The amount and basis of the debt claimed on behalf of plaintiff is set forth on pages one and two of the verified Complaint for Unlawful Detainer that is attached hereto.

2. The name of the creditor to whom the debt is owned is identified on the Summons and complaint as the "Plaintiff".

3. Unless within thirty (30) days of receipt of this notice, regarding monetary amounts claimed to be owed to the plaintiff, you dispute in writing the validity of the debt specified at item one above, or any portion thereof, the debt will be assumed to be valid by the person or entity generating this form.

   This does not mean that you have thirty (30) days from the date you were served with the Summons and Complaint within in which to file a legally appropriate response to the Summons and Complaint. Pursuant to California law, the Summons with which you were served states as follows:

   *"You have 5 DAYS after this summons is served on you to file a typewritten response at this court (To calculate the five days, count Saturday and Sunday, but do not count other court holidays.) A letter or a phone call will not protect you. Your typewritten response must be in proper legal form if you want the court to hear your case. If you do not file your response on time, you may lose the case, you may be evicted, and your wages, money and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book)."*

4. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain and mail a copy of the verification of the debt to you. For purposes of "notifying this office in writing," the filing of a formal Motion, Answer or Response to the Complaint for Unlawful Detainer does not constitute a "written dispute of debt." A separate and independent written dispute of the debt must be sent or delivered to the Law Offices of Sid M. Rosenberg within the thirty day period. The allegations in the attached Summons and verified Complaint provide you with sufficient information to verify the claims set forth therein. Nevertheless, upon receipt of your separate written dispute within thirty days, we shall mail you an additional and different verification of the debt.

   This does not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

5. Upon your written request within the thirty (30) day period, this firm will provide you with the name and address of the original creditor, if different from the current creditor.

   This doe not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Sid M. Rosenberg, Esq. 129158
FIRM NAME: LAW OFFICES OF SID M. ROSENBERG, INC.
STREET ADDRESS: 725 30TH STREET, SUITE 107
CITY: SACRAMENTO STATE: CA ZIP CODE: 95816
TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750
EMAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR (name): Murray Weaver, et al.

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Sacramento
**02/05/2026**
M. McVey, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

CASE NAME: Murray Weaver, et al. v. Studio On Sutter, LLC, a California Limited Liability Company

**CIVIL CASE COVER SHEET**
[ ] Unlimited (Amount demanded exceeds $35,000)
[X] Limited (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26UD000734
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[X] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)



Weaver, Murray

26UD000734

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No
If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify)*: One (1) More

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/3/2026

Sid M. Rosenberg ▶ [signature]

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

26UD000734

CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication *(47)*
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition



CEB | Essential ceb.com | Forms

Weaver, Murray

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| SID ROSENBERG (129158)<br>SID M. ROSENBERG LAW OFFICES<br>725 30TH ST<br>STE 107<br>SACRAMENTO, CA 95816<br>TELEPHONE NO.: (916) 447-8101 FAX NO.: (916) 447-4750<br>EMAIL ADDRESS: sid@sidrosenberglaw.com<br>ATTORNEY FOR: Plaintiff | |
| **SACRAMENTO SUPERIOR COURT, COUNTY OF SACRAMENTO**<br>STREET ADDRESS: 301 BICENTENNIAL CIR<br>MAILING ADDRESS: 301 BICENTENNIAL CIR<br>CITY AND ZIP CODE: SACRAMENTO, 95826<br>BRANCH NAME: CAROL MILLER JUSTICE CENTER | |
| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>608 1/2 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [ ] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents):
   COMPLAINT (UNLAWFUL DETAINER); CIVIL CASE COVER SHEET; VERIFICATION
3. a. Party served *(specify name of party as shown on documents served):*
   STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
   JEN DOE AS AUTHORIZED TO ACCEPT/RECEPTIONIST
4. Address where the party was served:
   608 1/2 SUTTER STREET, FOLSOM, CA 95630
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. [X] **by substituted service.** On *(date):*2/14/2026 at *(time):*10:26 am I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
   JEN DOE AUTHORIZED TO ACCEPT/RECEPTIONIST
   Description: Age: 40-45, Sex: F, Race/Skin Color: WHITE, Height: 5'6-5'11, Weight: 140-145, Hair: BROWN, Glasses: N, Eyes: BROWN
   (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |
|---|---|

(4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):*2/14/2026 from *(city):*FOLSOM or [ ] a declaration of mailing is attached.

(5) [ ] I attached a **declaration of diligence** stating actions taken first to attempt personal service.

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) [ ] with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., 415.30.)

(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ ] as an individual defendant.

b. [ ] as the person sued under the fictitious name of *(specify):*

c. [ ] as occupant.

d. [X] On behalf of *(specify):* STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

under the following Code of Civil Procedure section:

[X] 416.10 (corporation)
[ ] 416.20 (defunct corporation)
[ ] 416.30 (joint stock company/association)
[ ] 416.40 (association or partnership)
[ ] 416.50 (public entity)
[ ] 415.95 (business organization, form unknown)
[ ] 416.60 (minor)
[ ] 416.70 (ward or conservatee)
[ ] 416.90 (authorized person)
[ ] 415.46 (occupant)
[ ] other:

7. **Person who served papers**

a. Name:ANTOLINO RODRIGUEZ
Firm:SID M. ROSENBERG LAW OFFICES

b. Address:725 30TH ST, STE 107, SACRAMENTO, CA 95816

c. Telephone number: (916) 447-8101

d. **The fee** for the service was: $

e. I am:

(1) [ ] not a registered California process server.

(2) [ ] exempt from registration under Business and Professions Code section 22350(b).

(3) [X] a registered California process server:

(i) [ ] owner [ ] employee [X] independent contractor.

(ii) Registration No.:2024-078 (Sacramento)

(iii) County:SACRAMENTO

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

| PLAINTIFF: MURRAY B. WEAVER, TRUSTEE OF THE ALBERT S. WEAVER JR. AND EMILY<br>DEFENDANT: STUDIO ON SUTTER, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; DOES 1 TO 10 | CASE NUMBER:<br>26UD000734 |
|---|---|

Date: 2/19/2026

ANTOLINO RODRIGUEZ

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

# EXHIBIT C

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER:<br>NAME: Elizabeth Voss (Authorized Representative, Studio On Sutter, LLC), In Pro Per<br>FIRM NAME: Studio On Sutter, LLC<br>STREET ADDRESS: 608 1/2 Sutter Street<br>CITY: Folsom STATE: CA ZIP CODE: 95630<br>TELEPHONE NO.: (916)500-4248 FAX NO.:<br>EMAIL ADDRESS: liz@studioonsutter.com<br>ATTORNEY FOR (name): Studio On Sutter, LLC (Defendant) | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sacramento<br>02/23/2026<br>By: B. Woods Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 301 Bicentennial Circle<br>MAILING ADDRESS: 301 Bicentennial Circle<br>CITY AND ZIP CODE: Sacramento, CA 95826<br>BRANCH NAME: Carol Miller Justice Center | |
| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | |
| **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER:<br>26UD000734 |

1. Defendant *(all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):*
Studio On Sutter, LLC, a California Limited Liability Company

answers the complaint as follows.

2. **DENIALS** ***(Check ONLY ONE of the next two boxes.)***
   a. ☐ **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
   Defendant generally denies each statement of the complaint.

   b. ☒ **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
   Defendant admits that all the statements of the complaint are true EXCEPT:

   **Denial of Allegations in Complaint (form UD-100 or other complaint for unlawful detainer)**

   (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
   ☒ Explanation is on form MC-025, titled as Attachment 2b(1).
   See Attachment 2b(1) (MC-025).

   (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
   ☒ Explanation is on form MC-025, titled as Attachment 2b(2).
   See Attachment 2b(2) (MC-025).

3. **DEFENSES AND OBJECTIONS** *(NOTE: For each box checked, you must state brief facts to support it in item 3t (on page 3) or, if more room is needed, on form MC-025. You can learn more about defenses and objections at* selfhelp.courts.ca.gov/eviction-tenant.*)*
   a. ☐ *(Nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(Nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☒ *(Nonpayment of rent only)* On *(date)*: before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ *(Nonpayment of rent only)* Plaintiff's demand for possession is based on nonpayment of rent due more than one year ago.
   e. ☒ Plaintiff waived, changed, or canceled the notice to quit.
   f. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus | CASE NUMBER: |
|---|---|
| DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | 26UD000734 |

3. g. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

h. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

*(Also, briefly state in item 3t the facts showing violation of the ordinance.)*

i. ☐ Plaintiff's demand for possession is subject to the Tenant Protection Act of 2019, Civil Code section 1946.2 or 1947.12, and is not in compliance with the act. *(Check all that apply and briefly state in item 3t the facts that support each.)*

(1) ☐ Plaintiff failed to state a just cause for termination of tenancy in the written notice to terminate.

(2) ☐ Plaintiff failed to provide an opportunity to cure any alleged violations of terms and conditions of the lease (other than payment of rent) as required under Civil Code section 1946.2(c).

(3) ☐ Plaintiff failed to comply with the relocation assistance requirements of Civil Code section 1946.2(d).

(4) ☐ Plaintiff has raised the rent more than the amount allowed under Civil Code section 1947.12, and the only unpaid rent is the unauthorized amount.

(5) ☐ Plaintiff violated the Tenant Protection Act in another manner that defeats the complaint.

j. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

k. ☐ Plaintiff seeks to evict defendant based on an act—against defendant, defendant's immediate family member, or a member of defendant's household—that constitutes domestic violence, sexual assault, stalking, human trafficking, abuse of an elder or a dependent adult, or a crime that caused bodily injury, involved a deadly weapon, or used force or threat of force. *(This defense requires one of the following, which may be included with this form: (1) **a temporary restraining order, protective order, or police report** that is not more than 180 days old; (2) **a signed statement from a qualified third party** (e.g., a doctor, domestic violence or sexual assault counselor, human trafficking caseworker, psychologist, or a victim of violent crime advocate concerning the injuries or abuse resulting from these acts); or (3) another form of documentation or evidence that verifies that the abuse or violence occurred.)*

(1) ☐ The abuse or violence was committed by a person who does not live in the dwelling unit.

(2) ☐ The abuse or violence was committed by a person who lives in the dwelling unit and defendant claims protection from eviction under Code of Civil Procedure section 1161.3(d)(2).

*l.* ☐ Plaintiff seeks to evict defendant based on defendant or another person calling the police or emergency assistance (e.g., ambulance) by or on behalf of a victim of abuse, a victim of crime, or an individual in an emergency when defendant or the other person believed that assistance was necessary.

m. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations and *(check all that apply)*

(1) ☐ plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source relating to the amount claimed in the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(2) ☐ plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source for rent accruing since the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(3) ☐ plaintiff's demand for possession is based only on late fees for defendant's failure to provide landlord payment within 15 days of receiving governmental rental assistance. (Health & Saf. Code, § 50897.1(e)(2)(B).)

n. ☐ Plaintiff violated a local COVID-19–related ordinance regarding evictions *(briefly state facts describing this in item 3t)*.

o. ☐ The property is covered by the federal CARES Act and the plaintiff did not provide 30 days' notice to vacate. *(Property covered by the CARES Act means property where the landlord*

- *is participating in a covered housing program as defined by the Violence Against Women Act (34 U.S.C. § 12491(a));*
- *is participating in the rural housing voucher program under section 542 of the Housing Act of 1949 (34 U.S.C. § 12491); or*
- *has a federally backed mortgage loan or a federally backed multifamily mortgage loan.)*

p. ☐ Before October 1, 2025, plaintiff improperly applied payments made by defendant in a tenancy that was in existence between March 1, 2020, and September 30, 2021 (Code Civ. Proc., § 1179.04.5), as follows *(check all that apply)*:

(1) ☐ Plaintiff applied a security deposit to rent, or other financial obligations due, without tenant's written agreement.

(2) ☐ Plaintiff applied a monthly rental payment to rent or other financial obligations that were due between March 1, 2020, and September 30, 2021, other than to the prospective month's rent, without tenant's written agreement.

UD-105

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus | CASE NUMBER: |
|---|---|
| DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | 26UD000734 |

3. q. ☐ Plaintiff refused to accept payment from a third party for rent due. (Civ. Code, § 1947.3; Gov. Code, § 12955.)

r. ☐ Defendant has a disability and plaintiff refused to provide a reasonable accommodation that was requested. (Cal. Code Regs., tit. 2, § 12176(c).)

s. ☒ Other defenses and objections are stated in item 3t.

t. *(Provide facts for each item checked above, either below or, if more room needed, on form MC-025):*
☒ Description of facts or defenses are on form MC-025, titled as Attachment 3t.
Facts are on Attachment 3t(a) and 3t(b) (MC-025).

4. OTHER STATEMENTS

a. ☐ Defendant vacated the premises on *(date):*

b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or, if more room needed, on form MC-025).*
☐ Explanation is on form MC-025, titled as Attachment 4b.

c. ☐ Other *(specify below or, if more room needed, on form MC-025):*
☐ Other statements are on form MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS

a. that plaintiff take nothing requested in the complaint.

b. costs incurred in this proceeding.

c. ☒ reasonable attorney fees.

d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

e. ☒ Other *(specify below or on form MC-025):*
☐ All other requests are stated on form MC-025, titled as Attachment 5e.
See Attachment 5e (MC-025).

6. ☒ Pages attached *(specify number of pages):* 5

UD-105

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trus<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [X] did not [ ] did for compensation give advice or assistance with this form. If defendant has received **any** help or advice for pay from an unlawful detainer assistant, state

a. assistant's name:

b. telephone number:

c. street address, city, and zip code:

d. county of registration:

e. registration number:

f. expiration date:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless defendant's attorney signs.)*

Elizabeth Voss, Authorized Rep., Studio On Sutter LLC
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 17, 2026

Elizabeth Voss
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DEFENDANT)

Date:

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DEFENDANT)

Date:

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DEFENDANT)

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 2b(1)

*(This Attachment may be used with any Judicial Council form.)*

Attachment 2b(1) — Denial of Allegations

Defendant denies each and every allegation of the Complaint to the extent it alleges that Plaintiff is entitled to possession, damages, costs, attorney's fees, forfeiture, or any relief. Defendant specifically denies that any rent is due and owing in the amount alleged and denies that Plaintiff has complied with all conditions precedent to the relief requested.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 2b(2)

*(This Attachment may be used with any Judicial Council form.)*

Attachment 2b(2) — Denial for Lack of Information

Defendant lacks sufficient information or belief to admit the truth of the remaining allegations of the Complaint and therefore denies them.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number)*: 3t(a)

*(This Attachment may be used with any Judicial Council form.)*

1. Improper and/or Incomplete Service.
The Summons and Complaint were served by substitute service on front desk personnel at Defendant's place of business. Such personnel are not authorized agents for service of process. Defendant is informed and believes that service may not have been completed in strict compliance with California Code of Civil Procedure section 415.20 and therefore reserves the right to challenge the sufficiency and completion of service. A posted notice at the premises states no person at that location is authorized to accept service, and Defendant has not received a mailed copy following substitute service.

2. Prior Material Breach by Plaintiff (Exterior/"Outside" Maintenance).
The written commercial lease assigns responsibility for "outside" maintenance, including roof and exterior structural components, to Plaintiff. Plaintiff failed to adequately maintain and repair the roof, exterior siding, and building envelope. These failures existed prior to and during the period for which Plaintiff claims unpaid rent and constitute a prior material breach of the lease.

3. Ongoing Water Intrusion and Unsafe Conditions.
As a direct result of Plaintiff's failure to repair, repeated water intrusion has occurred during rain events, including water entering through exterior panels and through the ceiling. Water intrusion has continued during the pendency of this action, including recent rain events. These conditions have created unsafe operating conditions and have resulted in cancellation of scheduled classes and disruption of business operations.

4. Structural Mitigation, Expenses Paid in Good Faith, and Setoff.
Due to ceiling instability and safety concerns caused by Plaintiff's failure to repair the roof and structural components, Defendant incurred approximately $3,000 in structural reinforcement costs to prevent further deterioration and potential collapse. In addition, Plaintiff utilized electrical service attributable to Defendant without reimbursement in the approximate amount of $1,000 during the tenancy (dates and amounts according to proof). Defendant is entitled to offset these amounts against any sums claimed due.

5. Promised Reimbursement; Reliance; Changed Position. Plaintiff represented by text message that Plaintiff would reimburse Defendant in cash for certain expenses Defendant paid in good faith on Plaintiff's behalf, rather than applying those amounts as rent credits. Defendant relied on that representation and paid out of pocket, causing financial strain and affecting funds needed for payroll and marketing. Plaintiff later changed position and asserted the amounts would be handled as rent credits instead. Plaintiff's shifting position and failure to reimburse as promised support Defendant's offsets/credits, render Plaintiff's rent demand overstated, and support defenses including waiver and equitable estoppel (according to proof).

6. Incorrect Rent Demand.
The amount demanded in the notice fails to properly account for offsets, credits, and reimbursement obligations owed by Plaintiff, rendering the demand overstated.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 3t(b)

7. Breach of Covenant of Quiet Enjoyment
Plaintiff's failure to maintain the premises and failure to timely satisfy property tax obligations resulted in the County posting notice of tax delinquency and pending auction at the premises. Such posting disrupted classes in progress and caused member concern and cancellations.

Combined with ongoing water intrusion and unsafe structural conditions, these failures have materially interfered with Defendant's beneficial use and quiet enjoyment of the premises.

8. Breach of Covenant of Good Faith and Fair Dealing
Every contract in California contains an implied covenant of good faith and fair dealing. Plaintiff has breached this covenant by seeking forfeiture of the lease while failing to perform maintenance obligations assigned under the lease and while receiving interest from prospective tenants at higher rental rates.

Plaintiff's conduct constitutes opportunistic enforcement of the lease while Plaintiff remains in material breach of its own obligations.

9. Unclean Hands
Plaintiff seeks equitable relief in the form of forfeiture and possession while failing to maintain structural and exterior components of the premises and while owing reimbursement obligations to Defendant. Plaintiff's own misconduct bars or limits the equitable relief sought.

10. Relief from Forfeiture (CCP §1179)
Any alleged default is monetary and curable. Defendant has made substantial improvements to the premises and has invested significant capital into the property. Defendant is willing and able to cure any lawful arrears as determined by the Court.

Forfeiture of the lease under these circumstances would be inequitable, particularly in light of Plaintiff's ongoing breaches and the material interference with Defendant's business operations.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weaver v. Studio On Sutter | 26UD000734 |

**ATTACHMENT** *(Number):* 5e

*(This Attachment may be used with any Judicial Council form.)*

Attachment 5e — Other Requests

Defendant requests relief from forfeiture pursuant to Code of Civil Procedure section 1179 and such other and further equitable relief as the Court deems just and proper. Defendant further requests an award of attorney's fees and costs to the extent permitted by the Lease and applicable law, and that Plaintiff's request for attorney's fees be denied unless Plaintiff is the prevailing party and otherwise entitled under the Lease and applicable law.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

# EXHIBIT D

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | FILED<br>Superior Court of California<br>County of Sacramento<br>03/25/2026<br>A. Parmley, Deputy |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studion On Sutter, LLC, a California Limited Liability Company | |
| **Notice of Time and Place of Court Trial** | CASE NUMBER:<br>26UD000734 |

Notice is hereby given that te above entitled action has been set for UD Court Trial on: April 8, 2026 at 8:15 AM in Department 88 of the Carol Miller Justice Center, located at 301 Bicentennial Circle, Sacramento, CA 95826.

Unlawful Detainer hearings at the Carol Miller Justice Center have been open for in-person and remote hearings since January 3, 2022. Effective Monday, May 1, 2023, parties wishing to appear remotely for evidentiary hearings must apply to the court for a remote appearance. For non-evidentiary hearings, parties may appear remotely with notice to the court. Any party wishing to appear remotely must serve all other parties and comply with Code of Civil Procedure 367.75 and the court retains discretion to require in person appearances for all types of hearings. Please visit https://www.saccourt.ca.gov/ud/ud.aspx for Unlawful Detainer process to Request or Oppose a Remote Appearance.

If you have questions concerning the notification, contact the clerk's office at 916-875-7746.

**ALL PARTIES MUST APPEAR EITHER IN-PERSON OR REMOTELY (IF APPROVED BY THE COURT) ON TIME FOR HEARING/TRIAL. FAILURE TO APPEAR ON TIME MAY RESULT IN THE CASE BEING HEARD IN YOUR ABSENCE AND AN ADVERSE JUDGMENT MAY BE ENTERED AGAINST YOU.**

NOTE: A court reporter is not available in the Unlawful Detainer Department at the Carol Miller Justice Center. Parties may privately arrange to have a certified Official Pro Tempore court reporter present for hearings. The court uses electronic recording equipment to make an official verbatim record. Copies of the recording are available upon request.

Kelly Sullivan, Court Executive Officer

Dated: 03/25/2026

By:

/s/ A. Parmley
A. Parmley, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studion On Sutter, LLC, a California Limited Liability Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26UD000734 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Time and Place of Court Trial upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Sid Mark Rosenberg
Sid M. Rosenberg, Inc.
725 30th St Ste 107
Sacramento, CA 95816

Studion On Sutter, LLC, a California
Limited Liability Company
608 1/2 Sutter Street
Folsom, CA 95630

Dated: 03/25/2026

By: /s/ A. Parmley
A. Parmley, Deputy Clerk

**CERTIFICATE OF MAILING**

# EXHIBIT E

UD-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name, state bar number, and address)*:
Sid M. Rosenberg, Esq. 129158
LAW OFFICES OF SID M. ROSENBERG, INC.
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
TELEPHONE NO.: (916) 447-8101 FAX NO. *(optional)*: (916) 447-4750
E-MAIL ADDRESS: sid@sidrosenberglaw.com
ATTORNEY FOR *(name)*: Murray B. Weaver, et al.

FOR COURT USE ONLY

FILED/ENDORSED
APR 8 2026
By M. Diaz Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 301 Bicentennial Circle
MAILING ADDRESS: 301 Bicentennial Circle
CITY AND ZIP CODE: Sacramento, CA 95826
BRANCH NAME: Carol Miller Justice Center

PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company

JUDGMENT—UNLAWFUL DETAINER
☐ By Clerk ☐ By Default ☒ After Court Trial
☒ By Court ☐ Possession Only ☐ Defendant Did Not Appear at Trial

CASE NUMBER: 26UD000734

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*: April 8, 2026 at 8:15 AM
      before *(name of judicial officer)*: Hon. Alin Cintean
   b. Appearances by:
      ☒ plaintiff *(name each)*:
      Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust
      ☒ plaintiff's attorney *(name each)*:
      (1) Sid M. Rosenberg, Esq.
      (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
      ☒ defendant *(name each)*:
      Studio On Sutter, LLC, a California Limited Liability Company
      ☐ defendant's attorney *(name each)*:
      (1)
      (2)
      ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☒ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☒ A statement of decision (Code Civ. Proc., § 632) ☒ was not ☐ was requested.

UD-110

| PLAINTIFF: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust<br>DEFENDANT: Studio On Sutter, LLC, a California Limited Liability Company | CASE NUMBER:<br>26UD000734 |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [X] THE COURT [ ] THE CLERK

3. **Parties.** Judgment is

a. [X] for plaintiff *(name each)*: Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker B. Weaver Trust

and against defendant *(name each)*: Studio On Sutter, LLC, a California Limited Liability Company

[ ] Continued on *Attachment* 3a (form MC-025).

b. [ ] for defendant *(name each)*:

4. The party entitled to possession of the premises located at *(street address, apartment, city, and county)*:
608 1/2 Sutter Street
Folsom, CA 95630, Sacramento County
is
[X] plaintiff named in item 3a [ ] defendant named in item 3b [ ] defendant listed on attached form UD-110P in item 8b1 (Code Civ. Proc., § 1174.27).

5. [X] Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. [X] **Amount and terms of judgment**

a. [X] Defendant named in item 3a above must pay plaintiff on the complaint:

| | | |
|---|---|---|
| (1) [X] Past-due rent | $ | 12,125.00 |
| (2) [X] Holdover damages | $ | 21,233.66 |
| (3) [ ] Attorney fees | $ | |
| (4) [X] Costs | $ | 385.00 |
| (5) [ ] Other *(specify)*: | $ | |
| (6) **TOTAL JUDGMENT** | $ | 33,743.66 |

b. [ ] Plaintiff is to receive nothing from defendant named in item 3b.
[ ] Defendant named in item 3b is to recover costs: $
[ ] and attorney fees: $

c. [X] The rental agreement is canceled. [X] The lease is forfeited.

7. [ ] **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Habitable Premises Attachment* (form UD-110H), which is attached.

8. [ ] **Judgment for partial eviction.** A partial eviction is issued as stated in *Judgment—Unlawful Detainer Partial Eviction Attachment* (form UD-110P), which is attached.

9. [ ] **Other** *(specify)*:

[ ] Continued on *Attachment 9* (form MC-025).

Date: 4/8/26 [ ] JUDICIAL OFFICER ALIN CINTEAN

Date: [ ] Clerk, by ______________________, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________, Deputy



CEB ceb.com Essential Forms

Weaver, Murray

# EXHIBIT F

| COURT: Superior Court of California, County of Sacramento<br>Unlawful Detainer Division<br>301 Bicentennial Circle<br>Sacramento, CA 95826-2701 - (916) 875-7746 | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Sacramento<br>04/22/2026<br>H. Alleyne, Deputy |
| --- | --- |
| CASE TITLE: MURRAY B. WEAVER, TRUSTEE O... vs STUDION ON SUTTER, LLC | |
| **JUDICIAL REVIEW AND ORDER ON** Ex Parte Application for Leave to Intervene | CASE NUMBER:<br>26UD000734 |

The Court, having reviewed the Ex Parte Application for Leave to Intervene

hereby orders:

[ ] The application is GRANTED.

[ ] The application shall be set for Hearing.

[ ] Clerk's office to schedule the hearing and notice the parties.

[✓] The application is DENIED on the merits of the papers presented to the Court.

[ ] The application is DENIED without prejudice to its resubmission for the following reason(s).

[✓] Other orders:

The ~~Motion to Intervene is denied for the following reasons:~~
1. The motion was filed untimely, after the entry of judgment, and claimant has shown no good cause for the delay.
2. C~~laimant has failed to demonstrate a personal legal interest in the property separate and distinct from the in~~terest of the named LLC defendant.

Date: 04/22/2026

Superior Court of California, County of Sacramento,
Unlawful Detainer Division

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Carol Miller Justice Center<br>301 Bicentennial Circle, Sacramento, CA 95826 | |
| PLAINTIFF/PETITIONER:<br>Murray B. Weaver, Trustee of the Albert S. Weaver Jr. and Emily Baker Weaver Trust Baker Weaver Trust | |
| DEFENDANT/RESPONDENT:<br>Studio On Sutter, LLC, a California Limited Liability Company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26UD000734 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

ELIZABETH M. VOSS
608 1/2 SUTTER STREET
FolsomFOLSOM, CA 95630

Dated: 04/23/2026

By: /s/ H. Alleyne
H. Alleyne, Deputy Clerk

# Sacramento Superior Court

Journal Technologies

Home | My Case Activity Notifications | Court Reservations | Searches | Civil Trial Readiness | Return to SacCourt Homepage | My Account | Logout

**26CV011361** VOSS vs ROSENBERG, et al.
**Unlimited Civil** (Other Non-Personal Injury/Pro...) Tani G. Cantil-Sakauye Courth... / DEPT 16C - HON. Christopher E. Krueger
Filed: 05/11/2026 Next Hearing: 10/01/2026 Hearing on Motion for Leave to File Second Amended Complaint

Back

Case Summary

Documents | Register of Actions | Case Participants | Hearings

Hearings

Search

| Name | Date/Time | Status | Department |
|---|---|---|---|
| Hearing on Demurrer | 06/15/2027 09:00 AM | Reserved | Dept 16C / Tani G. Cantil-Sakauye |
| Initial Case Management Conference | 05/12/2027 09:00 AM | Scheduled | Dept 16C / Tani G. Cantil-Sakauye |
| Hearing on Motion for Summary Judgment | 03/16/2027 09:00 AM | Reserved | Dept 16C / Tani G. Cantil-Sakauye |
| Hearing on Special Motion to Strike under CCP Section 425.16 (Anti-SLAPP motion) | 11/10/2026 09:00 AM | Scheduled | Dept 16C / Tani G. Cantil-Sakauye |
| Hearing on Motion for Leave to File Second Amended Complaint | 10/01/2026 09:00 AM | Scheduled | Dept 16C / Tani G. Cantil-Sakauye |
| Hearing on Motion - Other Advance Hearing Date on Special Motion to Strike | 09/22/2026 09:00 AM | Reserved | Dept 16C / Tani G. Cantil-Sakauye |