No. 26-6247

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**ELIZABETH M. VOSS,**
Plaintiff–Appellant,
v.
**SACRAMENTO SUPERIOR COURT,**
Defendant–Appellee.

# EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR RECONSIDERATION OR CLARIFICATION UNDER CIRCUIT RULE 27-10

September 30, 2026 order, Dkt. 5
FRAP 8(a)(2) and Circuit Rule 27-10(a)(2)–(3)

**INITIAL RELIEF REQUESTED BEFORE**
**OCTOBER 6, 2026 AT 9:00 A.M. PACIFIC TIME**

Appeal from the United States District Court
for the Eastern District of California
No. 2:26-cv-01949-DC-JDP (PS)
Hon. Dena M. Coggins, United States District Judge

Elizabeth M. Voss
2733 Via Villaggio, Sacramento, California 95864
(310) 625-8880 • vossbaf@gmail.com
Appellant, pro se

## CIRCUIT RULE 27-3 CERTIFICATE

Elizabeth M. Voss, Appellant pro se, certifies:

### 1 PARTIES AND CONTACT INFORMATION

My contact information appears on the caption. The appellate caption identifies Sacramento Superior Court; the operative FAC names Hassan Alleyne and Does 1–25. ECF No. 16 at 1, ¶¶ 14–16. Alleyne's known business address is Carol Miller Justice Center, 301 Bicentennial Circle, Sacramento, CA 95826; direct telephone unknown. Notice email: hassanalleyne@yahoo.com. No defense counsel was known at filing of Dkt. 4. The Does' contacts remain unknown. Updates:

### 2 EMERGENCY AND REQUESTED TIMING

I request initial preservation and filing-access protection before October 6, 2026, at 9:00 a.m. Pacific Time, when I have an ex parte proceeding to seek shortened time in No. 26CV011361. The accompanying declaration updates the timetable. Continuing constitutional access injury, defensive use of the affected record, and threatened business extinction make ordinary briefing insufficient to prevent the asserted injury.

### 3 WHY THIS MOTION COULD NOT HAVE BEEN FILED EARLIER

This motion seeks reconsideration of the September 30 order and supplies the updated October 6 timetable. Reconsideration could not precede entry of that order.

### 4 RELIEF SOUGHT BELOW

I sought preservation, filing-access protection, and restoration below. ECF Nos. 17, 17-1. ECF No. 25 dismissed the action and denied renewed Rule 65 relief. Preservation was renewed in ECF No. 27. Dkt. 5 denied Dkt. 4.

## 5 NOTICE AND SERVICE

Notice of this revised motion and its requested deadline: October 6, 2026 Actual service is stated in the separate certificate. Any response is governed by Rule 27-10(b).

Dated: September 30, 2026
Signature: ____________________
Elizabeth M. Voss, Appellant pro se

## MOTION FOR RECONSIDERATION

Pursuant to Ninth Circuit Rule 27-10(a)(2)–(3), Appellant Elizabeth M. Voss moves for reconsideration of the September 30, 2026 order (Dkt. 5) denying emergency interim relief under FRAP 8(a)(2) and Circuit Rule 27-3. Docket 5 states no substantive reason for denial and cites no case law. Voss seeks prompt protection against an active, ongoing First and Fourteenth Amendment court-access blockade, which the Eastern District mischaracterized as ordinary clerical *"docketing."* Along with 12 other combined legal and administrative errors.

The Eastern District Magistrate Judge fabricated a materially errored narrative by labeling an illegal, unconstitutional, court-access blockade as ordinary "docketing" while a 28 U.S.C. § 455(a) recusal motion remained pending on the docket.

The District Judge violated **28 U.S.C. § 636(b)(1)(C)** by applying a *presumption of correctness* to the magistrate judge's legally and administratively flawed Findings and Recommendations instead of independently determining the disputed factual and functional premises identified in Voss's **Rule 72 objections**. The court carried those contested premises into final judgment through the legal conclusion of "immunity," denied the Rule 65 application for relief, and dismissed as moot the § 455(a) motion to disqualify the magistrate judge, filed following a formal judicial-conduct complaint to the Ninth Circuit.

The lower court stopped its analysis at **"immunity,"** treating the challenged antecedent substantive eligibility determinations as ordinary "clerical" activity without resolving the specific objections to that characterization. Its conflicting terminology gives the appearance of recycled reasoning carrying unexamined clerical labels into final judgment. Meanwhile, the **active First and Fourteenth Amendment court-access blockade, defensive filing weaponization of the affected public record, ongoing and consequential constitutional injury, and irreparable harm continue to compound**. The domiciled businesses remain displaced from their home, and the remaining business enterprise faces **imminent extinction**. Closing the case on a presumed functional premise did not resolve those constitutional claims or stop the injuries.

Under *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989) and *Orand v. United States*, 602 F.2d 207, 208–09 (9th Cir. 1979), a district judge is strictly prohibited from presuming that contested findings are correct when specific objections are filed. Employing this incorrect, deferential framework is a fatal error of law that invalidates the screening dismissal under *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 34 F.4th 801, 807–10 (9th Cir. 2022). Furthermore, rushing to judgment while ignoring a preserved appearance-of-impartiality challenge under § 455(a) destroys the objective integrity of the record under *United States v.*

*Holland*, 519 F.3d 909, 912–14 (9th Cir. 2008), requiring immediate vacatur and reassignment under 28 U.S.C. § 2106.

The overlooked distinction concerns the actual function challenged, the specifically contested premises carried into judgment, and the distinct requests for preservation and judicial access. The supplemental declaration updates the October 6 ex parte timetable. Voss requests initial protection before October 6, 2026, at 9:00 a.m. Pacific Time.

## GROUNDS FOR RECONSIDERATION

### A. Governing Rule and Procedural Posture

Pursuant to Ninth Circuit Rule 27-10(a)(2), Appellant demonstrates that the motions panel's two-sentence order entered on September 30, 2026, at 10:56 AM, completely misunderstood the baseline nature of the requested emergency protection, resulting in an ungrounded summary denial that overlooked both controlling law and active, record-supported constitutional prejudice.

The district court dismissed the action and denied renewed Rule 65 relief on September 18, 2026. ECF Nos. 25–26. Appellant filed a notice of appeal on September 21. ECF Nos. 28–29. Her emergency motion sought evidence preservation, protection against allegedly continuing clerk-imposed filing restrictions, and broader mandatory operational restoration. Dkt. 4; ECF Nos. 17, 17-1. The requests carried different burdens and factual predicates. Appellant seeks

reconsideration of the narrower measures on the precise basis identified below. The denial of interim relief does not dispose of the merits appeal.

B. **The overlooked premise and record conflict**

The panel's order states: *"The emergency motion (Docket Entry No. 4) is denied. The existing briefing schedule remains in effect."* By failing to provide any analysis, the panel treated Appellant's filing as a standard, deferrable merits issue that could safely await standard appellate timelines. In doing so, the panel completely overlooked the explicit record warning on Page 7 of the Emergency Motion Packet establishing that delay equals forced appellate mootness: "The Court also possesses authority to issue appropriate protective orders in aid of its appellate jurisdiction where delay threatens to make effective relief impossible. 28 U.S.C. § 1651(a); *FTC v. Dean Foods Co*., 384 U.S. 597, 603–05 (1966)." (Emergency Motion, Page 7).

**C. The overlooked controlling law**

Leaving Appellant on the “existing briefing schedule” while her court-access window remains actively blocked provides no immediate protection against the challenged lawless gatekeeping, compounding constitutional injury, or further irreparable destruction. Appellant submits that the panel overlooked the distinction recognized in *Moore v. Urquhart*, 899 F.3d 1094, 1104–05 (9th Cir. 2018): common-law judicial immunity from damages does not itself bar declaratory or

prospective injunctive relief. The separate statutory restriction under § 1983 requires determining whether the challenged conduct was undertaken by a judicial officer acting in a judicial capacity and whether a statutory exception applies.

Here, Appellant challenges antecedent, i**dentity-based substantive determinations of her legal eligibility to invoke judicial procedures, imposed by intake personnel and enforced through rejection, withholding, delay, or refusal to route otherwise compliant individual filings to a judge.** Those prospective claims require a separate functional and statutory analysis. A presumed "clerical" label and a damages-immunity conclusion **cannot** substitute for that inquiry while the constitutional blockade continues.

## I. THE CHALLENGED FUNCTION IS ANTECEDENT SUBSTANTIVE ELIGIBILITY GATEKEEPING

**Challenged conduct:** Defendants, under color of state law, allegedly exercised an antecedent, identity-based, substantive, judicial-type function by independently determining Voss's legal eligibility to invoke legally available intervention, emergency, and appellate procedures. Staff barred intervention because Voss was not already a party, rejected attempted appellate review on that basis, imposed police-report and public-health or safety prerequisites for emergency routing, and withheld counsel's papers based on Voss's identity as courier. ECF No. 16 ¶¶ 10–55; Dkt. 4 at 21–25.

**Non-challenged conduct:** Defendants then used or directed ancillary administrative mechanisms to enforce that determination through rejection, withholding, delay, or refusal to route the filing to a judge. Voss identifies those mechanisms as enforcement evidence; they do not substitute for the antecedent substantive function requiring analysis.

**Active and current consequences of conduct:**

a. Immediate Legal Prejudice in Related Actions
b. Compounding Lower-Court Record Distortion
c. Forced Appellate Mootness
d. Imminent, Permanent Mootness Prejudice
e. Forced Liquidation of Personal Assets and Complete Financial Ruin, Irreversible Loss of Goodwill and Trust
f. Imminent threat of collapse of complete business architecture needing intervention immediately
g. The Unchecked Forced Homelessness of Multiple Domiciled Businesses
h. Aided and Abetted Property Deprivation
i. The Spoliation and Loss of Crucial Electronic Evidence
j. Severe Procedural and Evidentiary Prejudice

k. Active Fourth Amendment Violations (Unlawful Seizure and Extrinsic Fraud

l. Fourteenth Amendment Substantive and Procedural Due Process Violation

The resulting constitutional injury obstructed judicial consideration of Voss's individual claims, including her Fourth Amendment property-seizure challenge. The incomplete record continues to be weaponized defensively as though Voss failed to pursue rights she repeatedly attempted to place before a judge. Defendants' own words, identified audio recordings, rejection notices, emails, and documentation support the allegations. ECF No. 16 ¶¶ 4–5, 10–55; ECF No. 17-3 ¶¶ 9–18, 23; Dkt. 4 at 9–11, 21–25, Updated Voss Declaration ¶¶ 5, 7–8.

Under *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432, 435–36 (1993), immunity must be justified for the particular function. *Phillips v. Goldman (In re Gilman)*, No. 24-2249, slip op. at 14–18 (9th Cir. May 7, 2026) (en banc), reinforces that functional inquiry in the bankruptcy-trustee context. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), protects qualifying filing functions despite legal error or alleged malice. **Voss's distinction is functional:** unilateral creation of a continuing personal exclusion rule that prevents judicial consideration, followed by clerical enforcement.

**California Code of Civil Procedure § 387(c)–(d)** allows a nonparty to seek intervention for judicial determination. *Voit v. Superior Court*, 201 Cal. App. 4th 1285, 1287–88 (2011), condemned clerk-imposed merits gatekeeping that prevented judicial consideration. *Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260, 263 (2018), recognizes appeal from denial of intervention.

Prospective relief requires separate consideration of the function and § 1983's restriction for judicial officers acting in a judicial capacity. *Moore v. Urquhart*, 899 F.3d 1094, 1104–05 (9th Cir. 2018). Voss contends these independently imposed personal restrictions were administrative exclusion rules outside that statutory protection.

Under the *All Writs Act,* 28 U.S.C. § 1651(a) and *FTC v. Dean Foods Co*., 384 U.S. 597 (1966), this Court has an explicit jurisdictional duty to intervene when an ongoing crisis threatens to permanently moot its own appellate authority before standard briefing concludes. Because an active constitutional court-access blockade inflicts immediate irreparable harm as a matter of law under *Baird v. Bonta*, 81 F.4th 1036 (9th Cir. 2023), and blocks the definitive right of non-parties to petition for entry into a case under *Hernandez v. Restoration Hardware, Inc*., 4 Cal. 5th 260 (2018), this Court's failure to act directly facilitates the imminent extinction of a multi-tier business architecture. Also see *hiQ Labs, Inc. v. LinkedIn Corp.,* 31 F.4th 1180, 1188–90 (9th Cir. 2022).

## II THE DISPUTED FUNCTIONAL PREMISE REQUIRED INDEPENDENT DE NOVO DETERMINATION

Voss filed **thirteen** specific Rule 72 objections identifying legal, factual, functional, and administrative errors, including the mischaracterization of the challenged conduct. ECF No. 22 at 2–15. The adoption order stated that it considered immunity objections and reviewed the file, but also stated that it *"presumes that any findings of fact are correct."* ECF No. 25 at 2. That presumption reached the factual and functional premise Voss expressly contested. ECF No. 22 at 2–8.

**Section 636(b)(1)(C) and Rule 72(b)(3)** require independent determination of properly objected-to portions. *Orand v. United States*, 602 F.2d 207, 208–09 (9th Cir. 1979); *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989). The stated deferential standard, applied to the contested premise, is the error. See *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 34 F.4th 801, 807–10 (9th Cir. 2022). The § 455(a) motion was filed after the F&R and before adoption, then denied as moot. ECF Nos. 24–25. Voss preserves review and reassignment requests for the appeal; interim protection addresses injury before that review.

As established in the updated record, this court-access blockade has now matured into an immediate consequential civil rights injury: the incomplete, clerk-distorted public record is actively being **weaponized** by state-court defendants to defeat Appellant's claims in parallel litigation. Because the district court applied an

*incorrect legal framework at the screening stage*—presuming disputed facts to be true and failing to conduct an independent de novo review—this Court cannot delay off this unexaggerated application. The initial panel's summary denial permits an active, illegal, and compounding constitutional blockade to continue unchecked. When nonjudicial court personnel seize the judicial authority to act as gatekeepers—blocking a citizen's physical access to a judge—**federal courts have an immediate, non-discretionary duty to intervene.** Delay is a choice to allow the permanent destruction of valid civil rights.

The District Court's presumption of correctness in an F&R that contained 13 legal and administration errors including the misuse or wrong text to define lawless gatekeeping as "docketing" directly violates **28 U.S.C. § 636(b)(1)(C)**. Under *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989) and *Orand v. United States*, 602 F.2d 207, 208–09 (9th Cir. 1979), a district judge is strictly prohibited from presuming the correctness of a magistrate's findings when specific objections are filed. Employing an incorrectly deferential review standard constitutes a fatal error of law that completely invalidates the judgment under *CPC Patent Technologies Pty Ltd. v. Apple Inc.*, 34 F.4th 801, 807–10 (9th Cir. 2022).

Furthermore, these rogue administrative actors have zero legal authority to evaluate personal eligibility or standing; under ***Voit v. Superior Court***, 201 Cal. App. 4th 1285, 1287–88 (2011) and ***Hernandez v. Restoration Hardware, Inc.***, 4

Cal. 5th 260, 263 (2018), clerks have an absolute ministerial obligation to accept and route papers, especially when legally allowed and paved by the rules of court, leaving all substantive determinations exclusively to a robe-wearing judge.

## III THE OCTOBER 6 PROCEEDING AND CONTINUING INJURY REQUIRE PROMPT CONSIDERATION

Voss now has an October 6, 2026 ex parte proceeding to seek an order shortening time in *Voss v. Rosenberg*, No. 26CV011361. Supplemental Declaration ¶ 2. The defensive filing weaponization remains the same: the opposing parties' September 17 judicial-notice request invokes the unlawful-detainer judgment and April 22 intervention denial. Dkt. 4, Updated Voss Declaration ¶ 5.

The September 30 tentative ruling proposes denial of leave to amend without prejudice for Rule 3.1324 defects, states the judicial-notice documents were not material to its determination, and permits a new motion and an ex parte request for shortened notice. Supplemental Declaration ¶ 4. Voss's asserted continuing access injury and defensive use of the affected record remain distinct from the procedural basis of that tentative ruling.

*Baird v. Bonta*, 81 F.4th 1036, 1040–42 (9th Cir. 2023), requires constitutional merits analysis because likely success affects irreparable harm, equities, and public interest. Once the required injunction showing is made, courts must enforce constitutional rights despite administrative consequences. The pending-appeal standard is substantially similar. *Feldman v. Arizona Secretary of*

*State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc). The functional and review errors above support that merits showing.

The declarations document the loss of an **established, growing business with proven operating methods** and a dependent expansion that failed before opening because of the constitutional injury. *Before* that injury, trial sales demonstrated success, projections were strong, and thousands of ratings and reviews reflected overwhelmingly five-star performance, with fewer than 0.02% below five stars. **Current business revenue is now zero.** Hundreds of thousands of dollars in investment face complete loss; resources are depleted; personal property is being sold to sustain remaining operations. The owner works daily to contest a materially distorted record and prevent the surviving business architecture's extinction. ECF No. 17-3 ¶¶ 4–6, 20–23, 35–39; Dkt. 4, Updated Voss Declaration ¶¶ 4–5.

**Appellant does not seek damages through this motion. She seeks mandatory restoration in extraordinary circumstances:** unconstitutional conduct under color of state law has permanently displaced the business enterprise from its home, destroyed the prior status quo, and left the surviving business architecture facing imminent extinction while the constitutional injury continues. The sworn record overwhelmingly supports the requested relief, the balance of equities weighs heavily in Appellant's favor, and the facts and controlling Ninth

Circuit law clearly favor mandatory intervention to stop the ongoing constitutional injury and prevent further destruction.

If the Court treated this request solely as compensation for completed losses, Appellant requests reconsideration addressing the ongoing injury and whether narrower measures could prevent further destruction. Restoring a home for the business enterprise and ordering the unconstitutional gatekeeping to stop would restore operations, stop the bleeding, and prevent additional injury. Immediate evidence preservation and court-access protection remain necessary while mandatory restoration is separately evaluated. A supported threat of business extinction can be irreparable. *hiQ Labs, Inc. v. LinkedIn Corp.,* 31 F.4th 1180, 1188–90 (9th Cir. 2022). That principle does not by itself establish entitlement to a particular injunction or payment order.

An *active, unconstitutional blockade* forcing a multi-tier business architecture into total extinction triggers an immediate, non-discretionary duty to act. *Ongoing constitutional deprivations* inherently establish irreparable harm as a matter of law under *Baird v. Bonta,* 81 F.4th 1036 (9th Cir. 2023). Furthermore, under *hiQ Labs, Inc. v. LinkedIn Corp*., 31 F.4th 1180 (9th Cir. 2022), and *American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470 (9th Cir. 1985), the imminent collapse and permanent liquidation of an interconnected corporate ecosystem cannot be remedied by future damages. Delayed intervention

is an explicit choice to permit the permanent destruction of valid civil rights and force appellate mootness.

## IV REQUESTED DISPOSITION

Voss requests that this Court **reconsider Dkt. 5, grant emergency relief before October 6, 2026, at 9:00 a.m. Pacific Time, and expedite determination of the appeal's merits**. She requests substantive review of the pleadings, thirteen specific objections, and supporting evidence—including **Defendants' own words, audio recordings, and documentation**—and application of the governing constitutional and equitable standards to the actual challenged conduct.

**(1) Preserve the evidence immediately.** Preserve the submissions, rejection and routing histories, audit logs, metadata, flags, supervisory instructions, and communications identified in Dkt. 4 at 32–34. Suspend deletion and routine overwriting while preserving existing records and their history.

**(2) Stop the unconstitutional court-access blockade.** Suspend the challenged **antecedent, identity-based, substantive determinations of Voss's legal eligibility** and their enforcement through rejection, withholding, delay, or refusal to route filings to a judge. Receive otherwise compliant individual submissions, preserve accurate intake dates, and route contested substantive eligibility questions to an authorized judicial officer through lawful procedures.

**(3) Grant mandatory operational restoration.** Grant the restoration

requested in Dkt. 4 at 34–36 through staged, documented measures restoring a **home for the business enterprise and the infrastructure necessary to prevent the surviving business architecture's extinction**, supported by verified current costs and findings connecting each obligation to the challenged conduct and injury prevented.

**(4) Accelerate merits adjudication.** Shorten the remaining briefing deadlines and expedite submission and disposition under Circuit Rule 27-12. Require any Court-requested response to this reconsideration motion on an abbreviated schedule. The continuing constitutional blockade and threatened business extinction supply good cause for expedition.

**These are extraordinary circumstances requiring effective relief while meaningful relief remains possible.** The former business home and operating platform are permanently lost. Voss seeks prospective restoration to stop the bleeding and prevent further destruction. She submits that the sworn record satisfies the injunction requirements, including *Garcia*'s heightened requirement that the facts and law clearly favor mandatory relief. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Once the applicable requirements are met, courts must enforce constitutional rights despite administrative consequences. *Baird v. Bonta*, 81 F.4th 1036, 1040–42 (9th Cir. 2023).

The obligations should bind persons properly subject to the Court's jurisdiction upon the required notice. **Grant preservation and access protection immediately.** If restoration requires additional findings, order prompt remand proceedings on the renewed Rule 65 application. If relief is denied, identify the dispositive deficiency and permit prompt correction. Voss requests the same timely enforcement of constitutional rights available to any litigant facing ongoing constitutional injury and imminent irreparable loss.

Dated: September 30, 2026
Signature: ____________________
Elizabeth M. Voss, Appellant pro se

## SUPPLEMENTAL DECLARATION OF ELIZABETH M. VOSS

I, Elizabeth M. Voss, declare:

1. I am the appellant. This supplements my September 26 declaration in Dkt. 4.

2. I have an October 6, 2026 ex parte proceeding at 9:00 a.m. Pacific Time to seek shortened time in *Voss v. Rosenberg*, No. 26CV011361.

3. The defensive use of the affected record continues as described in Dkt. 4, Updated Voss Declaration ¶ 5. The judicial-notice request was dated September 17.

4. The September 30 tentative ruling proposes denial without prejudice for Rule 3.1324 defects, finds the judicial-notice documents immaterial, and permits a new motion and ex parte shortened-notice request.

5. I continue seeking protection of access, evidence, and surviving operations. I do not control the internal records or know their retention schedules or a destruction date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2026, at Sacramento, California.

Elizabeth M. Voss

## CERTIFICATE OF COMPLIANCE

This computer-produced motion contains 3,092 words, excluding the caption, signature blocks, certificates, accompanying declaration, and attachment. It complies with FRAP 27(d)(2)(A). It uses 14-point Times New Roman, double-spaced motion text, one-inch margins, and letter-size pages, consistent with FRAP 27(d)(1) and 32(a)(5)–(6).

Dated: September 30, 2026
Signature: ____________________
Elizabeth M. Voss, Appellant pro se

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2026, I served this corrected motion, Circuit Rule 27-3 certificate, supplemental declaration, and reproduced Dkt. 5 text order by First-Class United States Mail, postage prepaid, on:

Hassan Alleyne, Defendant-Appellee
12541 Wheat Ridge Dr.
Rancho Cordova, CA 95742

Sacramento Superior Court Clerk's Office / Department 88 Administration
Carol Miller Justice Center
301 Bicentennial Circle
Sacramento, CA 95826

Additional expedited notice by email to hassanalleyne@yahoo.com and dept88@saccourts.ca.gov, and any additional court-administration notice: September 30, 2026 via fax to Sacramento Superior Court Executive Officer.

Mail service is pursuant to FRAP 25(c)(1)(B). The identified electronic communications provide expedited notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2026 at Sacramento, California.

Elizabeth M. Voss

## ATTACHMENT A

**September 30 2026 Ninth Circuit text order at Dkt 5**

No. 26-6247
Elizabeth M. Voss v. Sacramento Superior Court

Docket text reproduced from the supplied docket entry. No separate PDF order was available in the supplied materials.

**09/30/2026 — ORDER FILED.**
**Andrew D. HURWITZ, Lawrence VANDYKE**

"The emergency motion (Docket Entry No. 4) is denied. The existing briefing schedule remains in effect."

[Entered: 09/30/2026 10:56 AM]